IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05-10420 MLW

R & P SEAFOOD/SHELLFISH, INC., and,
FOUR SEAS, INC.

    Plaintiffs,

v.

KENNEBUNK SAVINGS BANK,

    Defendant.

COMPLAINT

CIVIL ACTION NO. _____

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 3/7/05

**PARTIES**

1. Plaintiff, R & P Seafood/Shellfish, Inc. ("R & P") is a corporation organized and existing under the laws of the State of Massachusetts with a principal place of business located at 8 Seafood Way, Units 5-6, Boston, Massachusetts.

2. Plaintiff, Four Seas, Inc. ("Four Seas") is a corporation organized and existing under the laws of the State of Massachusetts with a principal place of business located at 8 Seafood Way, Unit 8, Boston, Massachusetts.

3. Defendant, Kennebunk Savings Bank (the "Defendant") is a corporation duly organized and existing under the laws of the State of Maine, engaged generally in the business of a banking institution with a principal place of business located at 104 Main Street, P.O. Box 28, Kennebunk, Maine.

1

## JURISDICTION AND VENUE

4. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact is wholly between citizens of different states.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332.

6. This Court has personal jurisdiction over Plaintiffs because Plaintiffs are organized and existing under the laws of the State of Massachusetts and Plaintiffs conduct business within the State of Massachusetts.

7. This Court has personal jurisdiction over Defendant pursuant to Massachusetts G.L. c. 223A, Section 3(c) (the "Massachusetts Long-Arm Statute").

8. Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(2) as the tortious act complained of was committed in Massachusetts.

## FACTS

9. Plaintiffs are engaged in the wholesale sale of seafood (the "Product") to third-party vendors.

10. Plaintiffs each entered into distinct relationships whereby Plaintiffs each sold Product to a company named Robert J. Preble & Sons, Inc. ("Preble") of 43 Old Alewive Road, Kennebunk, Maine.

11. Plaintiffs and Preble agreed that after the delivery of Product by Plaintiffs to Preble, Preble would pay for the Product.

12. By September, 2004, Plaintiffs were concerned with the ability of Preble to pay the amounts outstanding for Product.

13. Based on Preble's failure to significantly reduce the amounts due on their outstanding accounts, Plaintiffs communicated to Preble that they intended to discontinue the delivery of Product to Preble.

14. At all relevant times, Preble had a banking relationship with Defendant.

15. The banking relationship between the Defendant and Preble included the establishment of deposit accounts by Preble with the Defendant, a term lending relationship between the Defendant and Preble whereby Preble borrowed certain amounts from Defendant for repayment over time, and a line of credit between Preble and the Defendant.

16. On or about October 8, 2004, Preble provided Plaintiffs with letters addressed specifically to each Plaintiff and written by Defendant on Defendant's stationary. By the letters, the Defendant represented to Plaintiffs that Preble was in good financial standing with the Defendant and that Defendant was contemplating a "refinancing package" with Preble (the "October 8th Letters"). True and correct copies of the October 8th Letters are attached hereto as **Exhibit A** and are incorporated herein by reference.

17. Specifically, the October 8th Letters provide:

> Robert J. Preble & Sons located in Kennebunk, Maine has been our customer since October 2000. Recent deposit balances are in the moderate six-figure range. A lending relationship exists within the medium six-figure range. A line of credit commitment exists within the medium six-figure range with a moderate six-figure range currently outstanding. All accounts are handled in a satisfactory manner. The bank is presently considering a refinancing package for the company which contemplates resolution in November 2004.

18. Upon information and belief, Defendant's intent and purpose in drafting and allowing the distribution and reliance on the October 8th Letters was to induce

3

Plaintiffs to further extend credit to Preble and to discourage Plaintiffs from collection activity against Preble.

19. Relying on the information set forth in the October 8th Letters, Plaintiffs, to their detriment, changed their positions, and began new and increased sales of Product to Preble and did not take further actions to enforce their rights to collect all of the amounts outstanding.

20. Despite the representations made in the October 8th Letters, Preble and Defendant never entered into any refinancing package.

21. On January 26, 2004, Preble filed for protection under Chapter 11 of the Federal Bankruptcy Code in the United States Bankruptcy Court for the District of Maine.

22. As of the date of Preble's bankruptcy filing, Preble owed Plaintiff R & P the total sum of $80,189.25 and Plaintiff Four Seas the total sum of $60,273.

## COUNT I
### (Intentional Misrepresentation)

23. Plaintiffs repeat and re-allege herein the allegations contained in ¶¶ 1-22 as if fully set forth herein.

24. Defendant knowingly, or with reckless disregard for the truth or falsity of the same, made factual representations in the October 8th Letters addressed to Plaintiffs concerning the financial stability of Preble and Defendant's willingness to refinance Preble's business operations.

25. In its October 8th Letters, Defendant represented and stated, inter alia, to Plaintiffs that Preble's accounts were handled in a "satisfactory manner."

4

26. Defendant's statements in its October 8th Letters were false and untrue. In truth and in fact, Preble was in breach of its loan covenants.

27. Defendant's statements in its October 8th Letters were known to be false when Defendant made them.

28. Plaintiffs believed the Defendant's statements in its October 8th Letters to be true and relied upon them, and were induced to further extend credit and forego collection activity.

29. Such representations of Defendant were material because Plaintiffs had already communicated their unwillingness to continue to deliver Product to Preble on credit and facts concerning the financial stability of Preble were material to Plaintiffs' decisions to continue extending credit to Preble and to refrain from taking any more collection actions.

30. On information and belief, the purpose of Defendant's false statement of material fact was to induce Plaintiffs to continue to deliver product to Preble on credit in order to increase Preble's inventory assets, and to enable Preble to continue to operate its business, thereby enabling Preble to pay down the credit line between Preble and Defendant.

31. Plaintiffs justifiably and detrimentally relied on the false misrepresentations of material fact and continued to deliver Product to Preble based on the false representations made by Defendant.

32. The intentional misrepresentations made by Defendant to Plaintiffs caused damages to Plaintiffs.

5

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of Plaintiffs and award damages, in an amount that is just and proper, with costs and reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Negligent Misrepresentation)

33. Plaintiffs repeat and re-allege herein the allegations contained in ¶¶ 1-32 as if fully set forth herein.

34. Defendant, in the course of its business, supplied false information for the guidance of Plaintiffs regarding Preble.

35. At the time Defendant made factual representations in the October 8th Letters addressed to Plaintiffs concerning the financial stability of Preble and Defendant's willingness to refinance Preble's business operations, Defendant had no reasonable ground to believe their representations to be true.

36. The aforementioned representations were made by Defendant in a reckless and negligent manner not warranted by the information that Defendant then had concerning the subject matter of the representations and without regard to whether or not they were true.

37. As a direct and proximate result of the misrepresentations described above, the Plaintiffs, in reliance on Defendant's misrepresentations, suffered loss and damage by continuing to extend credit to Preble and refraining from taking collection actions.

38. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information contained in its October 8th Letters.

6

39. Defendant is liable for the damages caused by Defendant to Plaintiffs by Plaintiffs' justifiable reliance on the information provided to Plaintiffs by Defendant because Defendant failed to exercise reasonable care or competence in obtaining or communicating the information.

WHEREFORE, Plaintiffs requests that this Court enter judgment in favor of Plaintiffs and award damages in an amount that is just and proper, with costs and reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT III
**(Unjust Enrichment)**

39. Plaintiffs repeat and re-allege herein the allegations contained in ¶¶ 1-38 as if fully set forth herein.

40. Plaintiffs' continued delivery of Product to Preble conferred a benefit to Defendant, in that, without limitation, the continued delivery of Product to Preble enhanced Preble's inventory and accounts receivable assets, which were collateral for Defendant's loans to Preble, and such delivery of Product enabled Preble to remain in business and service its loans from Defendant.

41. By virtue of the October 8th Letters, Defendant encouraged Plaintiffs to provide Product to Preble that would, in turn, confer a benefit on Defendant.

42. After the October 8th Letters, Defendant did not make any communication with Plaintiffs that indicated that Preble was not financially sound or that Defendant did not intend to provide the refinancing referred to in the October 8th Letters.

43. The acceptance and retention of the benefit conferred upon Defendant make it inequitable for Defendant to retain the benefit without payment to Plaintiffs for the value of the benefit conferred.

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of the Plaintiffs and award damages in an amount that is just and proper, with costs and reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT IV
### (Breach of Covenant of Good Faith and Fair Dealing)

44. Plaintiffs repeat and re-allege herein the allegations contained in ¶¶ 1-43 above with the same force and effect as if fully set forth herein.

45. Implied in the relationships between the Plaintiffs and the Defendant is the obligation on the part of the Defendant to act in good faith and deal fairly with the Plaintiffs.

46. Defendant's conduct in misrepresenting to the Plaintiffs the financial stability of Preble constituted a breach of the implied covenant of good faith and fair dealing.

47. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiffs suffered actual damages in an amount to be determined by the Court.

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of the Plaintiffs and award damages in an amount that is just and proper, with costs and

8

reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

### COUNT V
### (Massachusetts General Law C. 93A, § 11)

48. Plaintiffs repeat and re-allege herein the allegations contained in ¶¶ 1-47 above with the same force and effect as if fully set forth herein.

49. Plaintiffs and Defendant are each persons engaged in the conduct of trade and commerce within the meaning of G.L. c. 93A.

50. Defendant's misrepresentations, as described in the preceding paragraphs, concerned information for which the truth was readily ascertainable by Defendant.

51. Defendant's acts and conduct, as described in the preceding paragraphs, constitute unfair and deceptive acts and practices in the conduct of trade or commerce in violation of G.L. c. 93A, §§ 2 and 11. The Defendant's wrongful acts occurred primarily and substantially within the Commonwealth and were conducted intentionally, knowingly and willfully.

52. As a consequence of the Defendant's wrongful acts and conduct, Plaintiffs have suffered the loss of both money and property, and the Defendant has been unjustly enriched.

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of Plaintiffs and award double or treble the amount of actual damages, in an amount that is just and proper, with costs and reasonable attorneys' fees pursuant to G.L. c. 93A, § 11, and such other and further relief as the Court deems just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL OF THE FOREGOING COUNTS

Signed at Boston, Massachusetts this 7th day of March, 2005.

_____
Marc D. Kornitsky, Esq.
Antico, Barrett, Burke & Kornitsky LLP
One Essex Green Drive
Peabody, MA 01960
(978) 532-5140
mkornitsky@abblegal.com

Attorney for Plaintiffs
Bar No. 564552

# EXHIBIT "A"



October 8, 2004

R & P Shellfish
Attn: Credit Department
8 Seafood Way Unit 5-6
Boston, MA 02210

RE: Robert J. Preble & Sons

To Whom It May Concern:

Robert J. Preble & Sons located in Kennebunk, Maine has been our customer since October 2000. Recent deposit balances are in the moderate six-figure range. A lending relationship exists within the medium six-figure range. A line of credit commitment exists within the medium six-figure range with a moderate six-figure range currently outstanding. All accounts are handled in a satisfactory manner. The bank is presently considering a refinancing package for the company which contemplates resolution in November 2004.

If I can be of any further service, please feel free to contact me at (207) 985-4903.

Sincerely,

Eric A. Andrews
Vice President

EAA/jk


# Kennebunk
# Savings Bank
Member FDIC

FILED
CLERK'S OFFICE

2005 MAR -7  P 12: 37

U.S. DISTRICT COURT
DISTRICT OF MASS.

October 8, 2004

Four Sea's, Inc.
Attn: Credit Department
Unit 8 Seafood Way
Boston, MA 02210

RE: Robert J. Preble & Sons

To Whom It May Concern:

Robert J. Preble & Sons located in Kennebunk, Maine has been our customer since October 2000. Recent deposit balances are in the moderate six-figure range. A lending relationship exists within the medium six-figure range. A line of credit commitment exists within the medium six-figure range with a moderate six-figure range currently outstanding. All accounts are handled in a satisfactory manner. The bank is presently considering a refinancing package for the company which contemplates resolution in November 2004.

If I can be of any further service, please feel free to contact me at (207) 985-4903.

Sincerely,

Eric A. Andrews
Vice President

EAA/jk

Main Office: 104 Main Street, PO Box 28, Kennebunk, ME 04043-0028
207-985-4903 • 800-339-6573 • Fax: 207-985-6034
OTHER BANKING OFFICES: BERWICK • ELIOT • KENNEBUNK: LOWER VILLAGE & SHOPPERS VILLAGE • KITTERY • NORTH BERWICK • OGUNQUIT • SANFORD • WELLS • YORK

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
R&P Seafood/Shellfish, Inc. and Four Seas, Inc.

(b) County of Residence of First Listed Plaintiff: **Suffolk, Mass**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Antico, Barrett, Burke & Kornitsky LLP
One Essex Green Drive, Peabody, MA 01960
(978) 532-5140  Attn: Marc D. Kornitsky, Esq.

## DEFENDANTS
Kennebunk Savings Bank

County of Residence of First Listed Defendant: **York, Maine**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED IN CLERK'S OFFICE
2005 MAR -7 P 12:34
U.S. DISTRICT COURT
DISTRICT OF MASS

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [X] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
Lender liability based on misrepresentation (diversity jurisdiction)

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 200
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) R&P Seafood/Shellfish, Inc. v. Kennebunk Savings Bank

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   X     III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___   IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___   V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES     NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   (YES)   NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Marc D. Kornitsky, Esq.
ADDRESS  One Essex Green Drive, Peabody, MA 01960
TELEPHONE NO.  (978) 532-5140

(Cover sheet local.wpd - 11/27/00)