AO 399 (Rev. 10/85)

# WAIVER OF SERVICE OF SUMMONS

FILED
IN CLERKS OFFICE

TO:    Marc D. Kornitsky, Esq.

2005 APR 22  P 12: 04
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

U.S. DISTRICT COURT
DISTRICT OF MASS

I,    Kennebunk Savings Bank    , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of    R&P, et al v. Kennebunk Savings Bank    ,
(CAPTION OF ACTION)

which is case number    1:05-CV-10420-MLW    in the United States District Court
(DOCKET NUMBER)

for the    Eastern    District of    Massachusetts at Boston    .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after    March 17, 2005    ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

04/12/05
(DATE)

_Lisa F Bendetson_  BBO# 567069
(SIGNATURE)

Printed/Typed Name:    Lisa F. Bendetson

As    Attorney    of    Kennebunk Savings Bank
(TITLE)                                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.