

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

R&P SEAFOOD/SHELLFISH, INC. &          )
FOUR SEAS, INC.                        )
                                       )
        Plaintiffs                     )
                                       )
v.                                     )    Case No. 05-cv-10420-MLW
                                       )
KENNEBUNK SAVINGS BANK,                )
                                       )
        Defendant                      )

### DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION, OR, IN THE ALTERNATIVE, MOTION FOR CHANGE OF VENUE AND INCORPORATED MEMORANDUM OF LAW

NOW COMES Defendant, Kennebunk Savings Bank, and pursuant to F.R.Civ.P.

12(b)(2) & 12(b)(3) hereby moves to dismiss Plaintiffs' claims in their entirety for lack of

jurisdiction, or in the alternative, for a change of venue to the United States District Court for the

District of Maine, as follows.[1]

### BACKGROUND

Plaintiffs R&P Seafood/Shellfish, Inc. ("R&P") and Four Seas, Inc. ("Four Seas) are two

Massachusetts companies engaged in the wholesale sale of seafood to third-party vendors. *See*

Exhibit 1, Plaintiffs' Complaint, at pp. 1-2, ¶¶ 1-2 & 9.

In 2004 R&P and Four Seas each supplied seafood to a Maine company, Robert J. Preble

& Son's Inc. (hereafter, "Preble Fish" or "Preble").  In September 2004 R&P and Four Seas

---

[1] Defense counsel certify that prior to filing this motion counsel attempted in good faith to resolve this matter and discussed the issues of lack of personal jurisdiction of this court and venue and the already pending litigation in Maine with Plaintiffs' counsel. However, Plaintiffs' counsel declined to voluntarily dismiss the case and file it in Maine. L.R.D.Mass. 7.1(A)(2).

became concerned about Preble's ability to pay its bills for their product and communicated this

concern to Preble.  *Id.* at pp. 2-3 ¶¶ 9-13.

        Thereafter, on or about October 8, 2004, Preble provided R&P and Four Seas with letters

written on Kennebunk Savings Bank ("KSB") stationery which described that Preble had a

banking relationship with KSB; the text of the letters were as follows:

> Re:  Robert J. Preble & Sons
>
> To Whom It May Concern:
>
> Robert J. Preble & Sons located in Kennebunk, Maine has been our customer
> since October 2000.  Recent deposit balances are in the moderate six-figure range.
> A lending relationship exists within the medium six-figure range.  A line of credit
> commitment exists within the medium six-figure range with a moderate six-figure
> range currently outstanding.  All accounts are handled in a satisfactory manner.
> The bank is presently considering a refinancing package for the company which
> contemplates resolution in November 2004.
>
> If I can be of any further service, please feel free to contact me at (207) 985-4903.
>
> Sincerely,
>
> /s/
>
> Eric A. Andrews
> Vice President

*Id.* at p. 3, ¶¶ 16-17 and at Exhibit A attached to Plaintiffs' Complaint ("the letter").  R&P and

Four Seas allege that by drafting and allowing the distribution of the October 8th letters, KSB

intended to induce R&P and Four Seas to extend further credit to Preble and to discourage R&P

and Four Seas from pursuing collection efforts against Preble Fish.  *Id.*  at pp. 3-4, ¶ 18.  R&P

and Four Seas allege that they relied on information in the October 8, 2004 letter to their

detriment, that they began new and increased sale of product to Preble and did not take action to

collect monies outstanding.  *Id.* at p. 4, ¶ 19.

This litigation arises from the fact that <u>Preble Fish</u> did not pay money that it owed to R&P and Four Seas. However, Preble Fish is <u>not</u> a named party in this litigation. See, id., passim. In January 2005, Preble filed for bankruptcy protection in the United States Bankruptcy Court for the District of Maine which proceedings are ongoing. Id. at p. 4, ¶ 21[2]. Both R&P and Four Seas are unsecured creditors holding non-priority claims in the bankruptcy proceedings which are still ongoing. *See* Exhibit 3 (excerpt from Docket Entry No. 1 of Maine Bankruptcy Action, bankruptcy petition at list of unsecured creditors).

R&P and Four Seas are looking to KSB—which only had a banking relationship with Preble, its customer, not with either Plaintiff—to pay them the money Preble owed them as of the date of Preble's bankruptcy filing. R&P asserts that Preble owed it $80,189.25 and Four Seas asserts that Preble owed it $60,273.00. *See* Exhibit 1, Complaint at p. 4, ¶ 22. The letter on KSB stationery which Preble, not KSB, provided to R&P and Four Seas is the <u>only</u> connection between KSB and R&P and Four Seas of any kind asserted in the complaint. *See id, passim.*

This litigation by R&P and Four Seas was initiated in this Court on or about March 7, 2005. *See* Docket Sheet at Entry No. 1 (filing of complaint). However, another action had already been commenced in Maine, addressing virtually the identical matter. A Maine company, Portland Shellfish, was also provided a copy of the October 8, 2004 letter by Preble and initiated suit against KSB in Maine State Superior Court, Cumberland County not long after Preble filed for bankruptcy in January 2005, asserting claims parallel to those advanced by R&P and Four

---

[2] On January 26, 2005, Robert J. Preble & Sons, Inc., d/b/a Preble Fish Company, and Preble Properties, LLC filed individually voluntary petitions with the United States Bankruptcy Court, District of Maine under Chapter 11 of the United States Bankruptcy Code. (Docket No. 2-05-bk-20111-JBH). By Order dated March 7, 2005 the court ordered that the Chapter 11 cases be converted to cases under Chapter 7 of the Code. (Docket No. 2-05-bk-20112, jointly administered with 02-05-bk-20111-JBH). *See* Exhibit 2, Docket Sheets, United States Bankruptcy Court, District of Maine, at Docket Entries Nos. 1 & 82. Federal courts may take judicial notice of proceedings in other courts. *See, e.g.,* E.I. DuPont de Nemours & Co. v. Cullen, 791 F.2d 5, 7 (1st Cir. 1986) (collecting cites).

3

Seas in this case. *See* Exhibit 4, Affidavit of Susan F. Hoctor, at ¶¶ 4-5. Another business, a

Delaware Corporation, American Seafood Processing, LLC, that received the October 8 letter

has threatened to likewise file suit against KSB. *See id.* at ¶ 7.

Although R&P asserts that Preble owed it $80,189.25 and Four Seas asserts that Preble

owed it $60,273.00, *see supra*, those sums include debts incurred <u>prior</u> to the date of the October

8, 2004 letter by KSB—which debts are not includable in the claims R&P and Four Seas have

advanced against KSB. *See* Complaint, *passim* (all conduct complained of by KSB relates to the

October 8, 2004 letter). As discussed further below, when the portion of the debts incurred prior

to October 8, 2004 are deducted from the claims asserted by R&P and Four Seas, it is plain that

this Court will not have jurisdiction over the controversy, as the amounts claimed by both

Plaintiffs are each substantially less than $75,000.00 and, thus, there is no basis for the exercise

of diversity jurisdiction.

## ARGUMENT

### I.    The Court Lacks Personal Jurisdiction Over Kennebunk Savings Bank.

R&P and Four Seas have asserted that the Court has personal jurisdiction over KSB

pursuant to section 3(c) of the Massachusetts Long-Arm Statute. *See* Exhibit 1, Complaint at p.

2, ¶ 7 (citing M.G.L.A. 223A § 3(c) ("causing tortious injury by an act or omission in this

commonwealth")). Thus, plaintiffs have claimed that the Court has specific personal jurisdiction

over KSB, based on the conduct by KSB addressed in this litigation—the October 8, 2004 letter.

In order to establish specific personal jurisdiction over KSB, it is Plaintiffs' burden to

establish both that the Massachusetts Long-Arm Statute grants jurisdiction and, if it does, that the

exercise of jurisdiction will not violate the Bank's rights pursuant to the due process clause of the

federal Constitution. *See, e.g., Northern Laminate Sales, Inc. v. Davis,* ___ F.3d ___, 2005 WL

740829 *6 (1st Cir. April 1, 2005). It is Plaintiffs' burden to persuade the Court that personal

jurisdiction exists. *See, e.g., McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189

(1936); *Jet Wine & Spirits, Inc. v. Bacardi & Co. Ltd.,* 298 F.3d 1, 7 (1st Cir. 2002).

### A.    Jurisdiction is not Established Under the Massachusetts Long Arm Statute, M.G.L.A. 223A § 3(c).

Plaintiffs did not plead that KSB provided them with the October 8, 2004 letter

(hereafter, "the letter"). The allegations are that Preble provided the letter to them. *See*

Complaint at p. 3, ¶¶ 16-17 & Exhibit A attached thereto. Plaintiffs assert that KSB acted

wrongfully by "drafting and allowing the distribution and reliance on the October 8th letters". *Id.*

at p. 3, ¶ 18. Plaintiffs indicate that they assumed to their detriment that KSB would enter a

refinancing package with Preble based on "representations" to this effect in the October 8th

letters, and therefore they increased their sales to Preble and did not pursue collection efforts in

reliance on the letter. Id. at p. 4, ¶¶ 19-20.

Note that the letter Plaintiffs quote in the Complaint does not state that KSB is entering a

refinancing agreement with Preble; rather, the letter states that the bank was evaluating it and

anticipated having a decision the next month—in November 2004: "The bank is presently

considering a refinancing package for the company which contemplates resolution in November

2004." *See* Complaint at p. 3, ¶ 17 and at Exhibit A. These allegations do not show that KSB

caused a tortious injury by some conduct in the Commonwealth, sufficient to satisfy the long-

arm statute. Simply because a lender is considering extending financing, does not mean that a

financing agreement will be entered. There was nothing inaccurate in the letter. If anything, the

letter should have caused a reasonably prudent person who intended to use the letter for any

purpose to consider requesting more information on the matter in November 2004.

Since Preble initiated bankruptcy proceedings, R&P and Four Seas cannot hale Preble

into this Court. However, it is entirely unreasonable to attempt to drag KSB into litigation in

another state simply because its account-holder did not pay monies it owed to Plaintiffs. R&P

and Four Seas' grievances lie with Preble, not KSB. The facts asserted are much too vague and

attenuated to establish long-arm jurisdiction over KSB in this Court. Plaintiffs have not satisfied

the Massachusetts long-arm statute. M.G.L.A. 223A § 3(c).

### B.    The Court Lacks Jurisdiction Pursuant to the Due Process Clause.

The issue of whether Plaintiffs could satisfy the Long-Arm Statute becomes moot, since

subjecting KSB to the personal jurisdiction of Massachusetts courts violates KSB's rights

pursuant to the Due Process Clause. "The Due Process Clause prohibits a court from imposing

its will on persons whose actions do not place them in a position where they reasonably can

foresee that they might be called to account in that jurisdiction." *Phillips Exeter Academy v.*

*Howard Phillips Fund, Inc.,* 196 F.3d 284, 287-88 (1st Cir. 1999) (citing *World-Wide*

*Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)). Plainly, the October 8 letter cannot

meet the federal constitutional standards sufficient to satisfy jurisdiction.

The First Circuit conducts a "tripartite analysis" when evaluating the issue of specific

personal jurisdiction in conjunction with the due process clause of the federal constitution,

requiring Plaintiffs to establish: 1) that their claims directly relate to or arise out of KSB's

contacts with Massachusetts, 2) that those contacts constitute purposeful availment of the

benefits and protections afforded by Massachusetts law, and 3) that the exercise of jurisdiction is

reasonable in light of a number of factors that touch upon the fundamental fairness of the

exercise of jurisdiction (the "Gestalt factors"). *See, e.g., Phillips Exeter,* 196 F.3d at 288.

### 1.    Plaintiffs Claims do not Directly Relate to or Arise out of KSB's Contacts with Massachusetts.

The first step of the inquiry involves assessing the causal nexus between KSB's contacts with Massachusetts and the plaintiffs' cause of action. *Id.* at 289 (citing *Nowak v. Tak How Invs., Ltd.,* 94 F.3d 708, 715-16 (1st Cir. 1996); *Sawtelle v. Farrell,* 70 F.3d 1381, 1390 (1st Cir. 1995)). When assessing tort claims the First Circuit has stated that it "customarily look[s] to whether the plaintiff has established "cause in fact (i.e., the injury would not have occurred 'but for' the defendant's forum-state activity) and legal cause (i.e., the defendant's in-state conduct gave birth to the cause of action)." *Massachusetts School of Law at Andover Inc. v. American Bar Ass'n,* 142 F.3d 26, 35 (1st Cir. 1998) (quoting *United Elec. Radio & Mach. Workers v. 163 Pleasant Street Corp.,* 960 F.2d 1080, 1089 (1st Cir. 1982), *Ticketmaster-New York, Inc. v. Alioto,* 26 F.3d 201, 207 (1st Cir. 1994) (noting that the relatedness inquiry is intended in part to "ensure[ ] that the element of causation remains in the forefront of the due process investigation")). The First Circuit "steadfastly reject[s] the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect." *See United Elec.,* 960 F.2d at 1089 (citing *Donatelli v. National Hockey League,* 893 F.2d 459, 463 (1st Cir. 1990)). The conduct complained of in this case is exactly that—attenuated and indirect.

At best Plaintiffs could contend that their receipt of the letter constituted an in-forum effect of some extra-forum activity regarding the letter which would be inadequate to support a finding of relatedness for any of the claims Plaintiffs have asserted. *See, e.g., Phillips Exeter,* 196 F.3d at 291 (citing *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 142 F.3d 26, 36 (1st Cir. 1998), *Sawtelle v. Farrelle,* 70 F.3d 1381, 1390-91 (1st Cir. 1995) (contacts did not cause tort) and *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)

7

("reiterating that the foreseeability of causing injury in another state, without more, is not a sufficient benchmark for exercising personal jurisdiction in that state")). Additional and intervening criteria—such as Plaintiffs' own decision-making and business relationships with Preble—are necessary to even attempt to establish causation regarding any in-forum effects of the October 8 letter. The letter in and of itself was innocuous, not tortious.

This Court found in *Christopher v. Mount Snow Ltd.*, 1996 WL 590738 (D.Mass. Sept. 24, 1996) that plaintiff had failed to satisfy the relatedness prong for establishing specific personal jurisdiction. Mount Snow, a Vermont ski resort, had advertised in Massachusetts. Christopher, a Massachusetts' resident, was injured at the ski resort and brought suit in Massachusetts. As the Court explained, the advertisements in Massachusetts were not the proximate cause of Christopher's injury at the ski resort in Vermont. Christopher, at *6. Similarly here, the October 8th form letter provided to the Maine litigant—Maine Shellfish, the Massachusetts claimants—Plaintiffs R&P and Four Seas, and the Delaware company threatening suit-- American Seafood Processing, LLC, *see supra,* was not the proximate cause of Plaintiffs' injuries. Plaintiffs' injuries were that they failed to receive payment from Preble Fish. Preble's non-payment was the proximate cause of Plaintiffs' harm.

### 2.    The October 8, 2004 Letter Does Not Establish that KSB Purposely Availed itself of the Benefits and Protections Afforded by Massachusetts Law.

It is unreasonable to conclude that if a bank responds to its customer's request to state the status of its banking relationship with the customer to a third-party that the Bank intends to subject itself to suit wherever the customer happens to do business with the third-party. KSB did not purposely avail itself of the benefits and protections afforded by Massachusetts law. Preble had business relationships with R&P and Four Seas; KSB did not. "The cornerstones upon

8

which the concept of purposeful availment rest[s] are voluntariness and forseeability." *Sawtelle,*
70 F.3d at 1391 (citing *Ticketmaster,* 26 F.3d at 207). KSB did not choose where Preble's
customers were located. Likewise, KSB could not be imputed with foreseeing how businesses
with which it had no relationship at all would utilize information about Preble or that it would be
subjecting itself to suit in Massachusetts courts. The First Circuit has found that "the function of
the purposeful availment requirement is to assure that jurisdiction is not premised solely upon a
defendant's random, isolated, or fortuitous contacts with the state." *See, e.g., Callahan v.
Harvest Board Int'l, Inc.,* 138 F.Supp.2d 147, 160 (D.Mass. 2001) (quoting *Sawtelle v. Farrell,*
70 F.3d 1381, 1391 (1st Cir. 1995) (citations and internal quotations omitted)). The October 8
2004 letter was just that—random, isolated, or fortuitous contact with Massachusetts. The
purposeful availment standard is not satisfied.

### 3.    It is not Reasonable to Subject KSB to Jurisdiction in the Massachusetts Courts.

"[T]he jurisdictional inquiry is not a mechanical exercise. The Court has long insisted
that concepts of reasonableness must inform a properly performed minimum contacts analysis."
*Ticketmaster-New York, Inc. v. Alioto,* 26 F.3d 201, 209 (1st Cir. 1994) (citing *World-Wide
Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292 (1980), *International Shoe Co. v. State of
Washington,* 326 U.S. 310, 320 (1945)). The First Circuit has held that the due process clause
bars a court from asserting jurisdiction over a defendant if doing so would be fundamentally
unfair. *Ticketmaster,* 26 F.3d at 210. It is indeed fundamentally unfair to subject KSB to
jurisdiction in Massachusetts.

The Supreme Court has identified five factors for consideration when evaluating
reasonableness: 1) the defendant's burden of appearing, 2) the forum state's interest in
adjudicating the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief, 4)

the judicial system's interest in obtaining the most effective resolution of the controversy, and 5) the common interests of all sovereigns in promoting substantive social policies. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). The First Circuit has labeled these considerations the "gestalt factors." *See, e.g., Donatelli v. National Hockey League*, 893 F.2d 459, 465 (1st Cir. 1990).

### i.    The burden of appearance.

The burden of appearance is substantial in this case. KSB, a small, local, community bank based in Kennebunk, Maine, is already in litigation in Maine Superior Court, Cumberland County, regarding a Maine company's receipt of the October 8th letter. *See supra*. The Maine Court has taken action in the case and already issued a scheduling order. *See* Exhibit 5, Bendetson Affidavit, at ¶ 5. Early participation is Alternative Dispute Resolution is required in Maine and will be set by May 16, 2005 in accordance with the Maine court's scheduling order. *See id.* and at Exhibit B attached thereto at § 4 (ADR notification within 60 days of court's 3/17/05 Order).

KSB has received correspondence dated April 14, 2005 from an attorney representing a Delaware corporation, American Seafood Processing, LLC, threatening to bring suit regarding its receipt of a letter on KSB stationery dated October 8, 2004 regarding Robert J. Preble & Sons. *See* Exhibit 4, Hoctor Affidavit, at ¶ 7.

The bulk of the witnesses and evidence germane to the litigation are located in Maine. The various claimants all attack KSB--KSB's only offices and all their employees are located in Maine. *See id.,* at ¶ 3. The claimants all base their claims upon their relationships with Preble Fish—a Maine company which is currently subject to the United States Bankruptcy Court, District of Maine. *See* Background section, *supra*.

10

In light of these factors and in light of the fundamental unfairness of having multiple lawsuits arising from the same letter pending in three or more states, it would be a substantial burden upon KSB to require it to defend this litigation in Massachusetts. *See, e.g., Christopher v. Mount Snow Ltd.*, 1996 WL 590738 at *8 (D.Mass. Sept. 24, 1996) (where almost all relevant evidence and witnesses are in Vermont requiring defendant to bring lawyers, agents and witnesses to Massachusetts was a meaningful burden).

Moreover, the First Circuit has noted that it is "firmly settled" that plaintiffs "may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Ticketmaster*, 26 F.3d at 211 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Although suit was already pending in Maine which Plaintiffs could have joined, they chose to file duplicative litigation in another state; this has caused KSB to incur additional expense in addressing this litigation. Requiring KSB to litigate this case in Massachusetts does constitute a substantial burden.

### ii. The Forum State's Interest in the Litigation.

Beyond the fact that R&P and Four Seas are Massachusetts-based corporations, Massachusetts has no particular interest in the litigation. R&P and Four Seas would not bear an undue burden in litigating this action in Portland, Maine—a two hour drive from Boston. *Cf. Christopher v. Mount Snow Ltd.*, 1996 WL 590738 at *8 (D.Mass. Sept. 24, 1996); *see also Sawtelle v. Farrell*, 70 F.3d 1381, 1395 (1st Cir. 1995) (finding the forum state lacked interest in the litigation where "the acts comprising the defendants' alleged negligence occurred almost entirely outside of New Hampshire) (citing *Donatelli v. National Hockey League*, 893 F.2d 459, 472 (1st Cir. 1990) ("[A]part from a generalized concern for the rights of its own domiciliaries,

the [forum] state has no real interest in adjudicating the controversy")).

### iii.    Plaintiffs' Interests in Obtaining Convenient & Effective Relief.

Typically, a court generally gives deference to the plaintiff's choice of forum in weighing the factor of the convenience of the plaintiff. *See, e.g., Sawtelle v. Farrell,* 70 F.3d 1381, 1395 (1st Cir. 1995). However, in this case witnesses and evidence necessary to address Plaintiffs' case are plainly based in Maine, not Massachusetts. Both KSB and Preble are in Maine and Preble is still subject to the jurisdiction of the United States Bankruptcy Court for the District of Maine. The better location for suit is plainly Maine.

### iv.    The Judicial System's Interest in Obtaining the Most Effective Resolution of the Controversy.

The fourth factor—the judicial system's interest in obtaining the most effective resolution of the controversy--undoubtedly weighs against the grant of jurisdiction in Massachusetts. Piecemeal litigation is contrary to the notion of judicial economy and effective use of resources, in addition to the strain, burden, and expense upon the litigants. The First Circuit has found that preventing piecemeal litigation is a factor that can favor one jurisdiction over another. *See, e.g., Nowak v. Tak How Investments, Ltd.,* 94 F.3d 708, 718 (1st Cir. 1996) (citing *Pritzker v. Yari,* 42 F.3d 53, 64 (1st Cir. 1994)).

In this litigation, the equities weigh against the exercise of jurisdiction in Massachusetts. If KSB is subject to nearly identical suits in different jurisdictions, with different procedural rules, discovery practices, and scheduling systems, the burden upon KSB would certainly not contribute to the most efficient resolution of the matter. As noted above, in addition to the litigation that is already pending in Maine, a Delaware company has also threatened suit based on the October 8th letter. *See supra* (citing Hoctor Affidavit at ¶ 7). The potential for suits in Maine, Massachusetts, and Delaware involving the same form letter weighs against the exercise

12

of jurisdiction in this matter.  Again, since KSB and Preble are located in Maine, almost all of the relevant evidence and witnesses are likely to be located in Maine.  *See Christopher v. Mount Snow Ltd.*, 1996 WL 590738 at *8 (D.Mass. Sept. 24, 1996) (most effective resolution in Vermont where almost all relevant evidence and witnesses likely to be located in Vermont).  The matter should be heard in Maine.

### v.    Common Interests of all Sovereigns in Promoting Substantive Social Policies.

Without Preble Fish, R&P and Four Seas would have no debts to talk about.  Preble Fish is based in Maine.  Preble Fish did not pay its debts.  Preble Fish ended up in bankruptcy court in Maine.  The United States Bankruptcy Court for the District of Maine is considering the claims of secured and unsecured creditors of Preble.  R&P and Four Seas are two such creditors. Another disappointed creditor has already sued KSB in Maine state court regarding the same conduct complained of by R&P and Four Seas, as discussed herein.  A serious policy consideration at issue is whether disappointed creditors should be able to side-step the bankruptcy courts and seek to blame the debtors' bank for their losses, by initiating separate civil suits.  The potential for collusion between the debtor—who has shielded itself with the cloak of bankruptcy—and the disappointed creditors is evident.  Maine has the greatest interest in examining such social policy considerations since KSB is a Maine bank, Preble is a Maine company, and the bankruptcy matter is pending in Maine.  This factor plainly weighs against the exercise of jurisdiction in Massachusetts—Maine has the greater stake in the social policy issues implicated by the litigation.

Given all the above-stated considerations, Defendant respectfully asserts that it is plain that requiring KSB to litigate this case in Massachusetts would violate its constitutional rights.

## II.    THE COURT LACKS DIVERSITY JURISDICTION.

In addition to the lack of specific personal jurisdiction in this litigation, the case is also improperly before the Court, because there is no diversity jurisdiction. 28 U.S.C.A. § 1332(a) ($75,000.00 is minimum damage claim for diversity jurisdiction).

R&P alleged in the Complaint that it was owed $80,189.25 as of the date of Preble's bankruptcy filing on January 26, 2005.[3] 5and Four Seas asserted that Preble owed it $60,273.00 as of that date. *See* Exhibit 1, Complaint, at p. 4, ¶¶ 21-22. However, Plaintiffs also pled that they were already owed money by Preble as of October 8, 2004: they claim that in September 2004 they were concerned about Preble's ability to pay amounts already owed to Plaintiffs and communicated this concern to Preble and then they claim that they made new and increased sales after October 8 relying on information in the letter from KSB. *Id.* at ¶¶ 12-13 & 19. Based on these allegations, it is plain that only debt incurred <u>after</u> October 8, 2004 could be part of Plaintiffs' damages claims.

Although R&P cites that Preble owed it $80,189.25 as of the date of the bankruptcy filing, Preble's payable records reflect that $41,893.75 was debt incurred prior to October 8, 2004. *See* Exhibit 5, Bendetson Affidavit at ¶ 4 and at Exhibit A attached thereto. Deducting this amount from the figure cited in the Complaint leaves R&P with a claim of $38,295.50 of unpaid debt incurred after the date of the KSB letter--$36,704.50 short of the $75,000.00 minimum necessary for federal diversity jurisdiction.

Four Seas did not state the required minimum amount in controversy for diversity to begin with—Four Seas claimed Preble owed it $60,273.00. Preble's payable records reflect that $$26,826.50 was debt incurred prior to October 8, 2004. *See id.* Deducting this amount from the

---

[3] Although the complaint lists the date as January 26, 200<u>4</u>, this is an obvious typographical error, as is evident from both the complaint itself and review of the docket of the bankruptcy proceedings—the correct date is 200<u>5</u>.

figure cited in the Complaint leaves $33,446.50--$41,553.50 short of the $75,000.00 minimum necessary for federal diversity jurisdiction.

Plaintiffs demonstrated awareness that $75,000.00 minimum threshold for federal diversity jurisdiction in their Complaint, *see* Exhibit 1, Complaint, at p. 2, ¶ 4 ("This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact is wholly between citizens of different states."). Thus, it appears that Plaintiffs incorrectly aggregated their claims when stating that the minimum threshold was satisfied. Separate and distinct claims of two or more Plaintiffs cannot be aggregated to satisfy the jurisdictional amount in controversy requirement. *See, e.g., Zahn v. International Paper Co.,* 414 U.S. 291, 294-95 (1973) (the rule is longstanding and is applied to avoid the exercise of jurisdiction where none of multiple claimants satisfy the jurisdictional amount in controversy). Plaintiffs have not satisfied the minimum amount in controversy sufficient for the Court to exercise jurisdiction based on diversity jurisdiction.

### III.    IF JURISDICTION EXISTS, VENUE SHOULD LIE WITH THE UNITED STATES DISTRICT COURT IN MAINE.

Even if Plaintiffs could establish that the Court has jurisdiction to decide this matter, for the reasons set forth in the due process analysis set forth above, a change of venue is appropriate in this case. The court has the discretion to transfer the case pursuant to the doctrine of forum non conveniens, codified at 28 U.S.C. § 1404(a) which states in relevant part "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

In this instance, the case could plainly have been brought in the United States District Court for the District of Maine, given that KSB is a resident of Maine. 28 U.S.C.A. §1391(a).

*See* Exhibit 1, Complaint, p. 1, ¶ 3.  Thus, the case can be transferred.  Generally, there is a

presumption in favor of a plaintiff's choice of forum and it is the defendant's burden to

demonstrate why a court should exercise its discretion to transfer a case.  *See, e.g., Princess*

*House Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D.Mass. 1991).  "The weight accorded to plaintiff's

choice depends upon the circumstances of the case".  *Id.*  As mentioned above in the discussion

on the burden of appearance gestalt factor in the due process analysis, the First Circuit has noted

that it is "firmly settled" that plaintiffs "may not, by choice of an inconvenient forum, 'vex,'

'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to

his own right to pursue his remedy." *Ticketmaster*, 26 F.3d at 211 (citing *Gulf Oil Corp. v.*

*Gilbert*, 330 U.S. 501, 508 (1947)).  Given that a suit was already pending in Maine which

Plaintiffs could have joined, but chose to file duplicative litigation in another state instead,

plaintiffs knowingly caused KSB to incur additional expense in addressing this litigation.

"Vexatious suits" are "dismissed under the doctrine of forum non conveniens. . .".  *Id.*

  Other factors considered by the court include: "the convenience of the parties and the

witnesses, the availability of documents, the possibilities of consolidation and coordination, and

the interests of justice." *Id.*

  Defendant has already discussed above that key witnesses and evidence will be located in

Maine.  Moreover, an added complication is Preble's bankruptcy status.  It is not a given that the

parties would automatically be able to secure former Preble employees' attendance in

proceedings in Massachusetts.

  As discussed above, KSB has received the threat of suit from a Delaware corporation.

Given the possibility that another claimant(s) outside the State of Maine may come forward and

file suit against KSB, it makes a great deal of sense to transfer this action to the United States

District Court in Maine now. Then, should another federal court case surface outside Maine, KSB can promptly request a change of venue so that the matter is heard in consolidated litigation in one federal court. If jurisdiction is retained in the federal court in Massachusetts, the possibility for piecemeal litigation increases. This Court specifically addressed in *Princess House* that "the possibility of coordination or consolidation is a factor to consider in analyzing a motion to transfer." *Id.* at 21 (citing *Sea Hunt Corp. v. O.S. DeBraak, Ltd.,* 1986 WL 15476 (D.Mass. Dec. 23, 1986) (granting motion to transfer case)).

For all the reasons set forth above, if this Court finds that it does have jurisdiction over Defendant, then the Court should exercise its discretion to transfer venue of the case to the United States District Court, District of Maine.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendant prays that its motion be GRANTED and that the Court enter an Order DISMISSING this litigation, finding that the Massachusetts courts lack personal jurisdiction over KSB, or, in the alternative TRANSFERRING this matter to the United States District Court, for the District of Maine.

## REQUEST FOR ORAL ARGUMENT

Defendant does request oral argument on this motion. L.R.D.Mass. 7.1(D).

## RESERVATION OF RULE 12(b) DEFENSES.

Defendants hereby specifically confirm that they reserve all Rule 12(b) defenses, with the exception of insufficiency of process/service of process. F.R.Civ.P. 12(b) (Rule 12(b) defenses are waived if they are not preserved in first responsive pleading).

17

Dated at Portland, Maine this ___ day of May, 2005.

*Lisa F. Bendetson*

Lisa F. Bendetson, Esq. (BBO#567069)
Attorney for Defendant, Kennebunk Savings Bank

*James M. Bowie*

James M. Bowie, Esq.[4]
Attorney for Defendant, Kennebunk Savings Bank

**THOMPSON & BOWIE, LLP**
Three Canal Plaza; P.O. Box 4630
Portland, ME  04112
(207) 774-2500

## CERTIFICATE OF SERVICE

I, Lisa F. Bendetson, attorney for Defendant, Kennebunk Savings Bank, hereby certify

that I made service of the foregoing document titled:  "Defendant's Motion to Dismiss for Lack

of Jurisdiction, or, in the Alternative, Motion for Change of Venue and Incorporated

Memorandum of Law" via depositing a true copy of same, on this date, in the U.S. Mail, postage

pre-paid, to: Marc D. Kornitsky, Esq., Antico, Barrett, Burke & Kornitsky, LLP, One Essex

Green Drive, Peabody, MA  01960.

Dated at Portland, Maine, this ___ day of May, 2005.

*Lisa F. Bendetson*

Lisa F. Bendetson, Esq. (BBO#567069)
Attorney for Defendant, Kennebunk Savings Bank

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
(207) 774-2500

---

[4] A rule 83.5.3(b) application is pending which was filed simultaneously on this date, seeking leave of the Court for Attorney Bowie to appear and practice in this Court in this case.  L.R.D.Mass. 83.5.3(b).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

R & P SEAFOOD/SHELLFISH, INC., and
FOUR SEAS, INC.
       Plaintiffs,

v.

KENNEBUNK SAVINGS BANK,

       Defendant.

COMPLAINT

CIVIL ACTION NO. _____

## PARTIES

1.  Plaintiff, R & P Seafood/Shellfish, Inc. ("R & P") is a corporation organized and existing under the laws of the State of Massachusetts with a principal place of business located at 8 Seafood Way, Units 5-6, Boston, Massachusetts.

2.  Plaintiff, Four Seas, Inc. ("Four Seas") is a corporation organized and existing under the laws of the State of Massachusetts with a principal place of business located at 8 Seafood Way, Unit 8, Boston, Massachusetts.

3.  Defendant, Kennebunk Savings Bank (the "Defendant") is a corporation duly organized and existing under the laws of the State of Maine, engaged generally in the business of a banking institution with a principal place of business located at 104 Main Street, P.O. Box 28, Kennebunk, Maine.

1

EXHIBIT
1
PENGAD 800-631-6989

## JURISDICTION AND VENUE

4.    This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact is wholly between citizens of different states.

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332.

6.    This Court has personal jurisdiction over Plaintiffs because Plaintiffs are organized and existing under the laws of the State of Massachusetts and Plaintiffs conduct business within the State of Massachusetts.

7.    This Court has personal jurisdiction over Defendant pursuant to Massachusetts G.L. c. 223A, Section 3(c) (the "Massachusetts Long-Arm Statute").

8.    Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(2) as the tortious act complained of was committed in Massachusetts.

## FACTS

9.    Plaintiffs are engaged in the wholesale sale of seafood (the "Product") to third-party vendors.

10.    Plaintiffs each entered into distinct relationships whereby Plaintiffs each sold Product to a company named Robert J. Preble & Sons, Inc. ("Preble") of 43 Old Alewive Road, Kennebunk, Maine.

11.    Plaintiffs and Preble agreed that after the delivery of Product by Plaintiffs to Preble, Preble would pay for the Product.

12.    By September, 2004, Plaintiffs were concerned with the ability of Preble to pay the amounts outstanding for Product.

2

13.    Based on Preble's failure to significantly reduce the amounts due on their outstanding accounts, Plaintiffs communicated to Preble that they intended to discontinue the delivery of Product to Preble.

14.    At all relevant times, Preble had a banking relationship with Defendant.

15.    The banking relationship between the Defendant and Preble included the establishment of deposit accounts by Preble with the Defendant, a term lending relationship between the Defendant and Preble whereby Preble borrowed certain amounts from Defendant for repayment over time, and a line of credit between Preble and the Defendant.

16.    On or about October 8, 2004, Preble provided Plaintiffs with letters addressed specifically to each Plaintiff and written by Defendant on Defendant's stationary. By the letters, the Defendant represented to Plaintiffs that Preble was in good financial standing with the Defendant and that Defendant was contemplating a "refinancing package" with Preble (the "October 8th Letters"). True and correct copies of the October 8th Letters are attached hereto as **Exhibit A** and are incorporated herein by reference.

17.    Specifically, the October 8th Letters provide:

Robert J Preble & Sons located in Kennebunk, Maine has been our customer since October 2000. Recent deposit balances are in the moderate six-figure range. A lending relationship exists within the medium six-figure range. A line of credit commitment exists within the medium six-figure range with a moderate six-figure range currently outstanding. All accounts are handled in a satisfactory manner. The bank is presently considering a refinancing package for the company which contemplates resolution in November 2004.

18.    Upon information and belief, Defendant's intent and purpose in drafting and allowing the distribution and reliance on the October 8th Letters was to induce

Plaintiffs to further extend credit to Preble and to discourage Plaintiffs from collection activity against Preble.

19.    Relying on the information set forth in the October 8th Letters, Plaintiffs, to their detriment, changed their positions, and began new and increased sales of Product to Preble and did not take further actions to enforce their rights to collect all of the amounts outstanding.

20.    Despite the representations made in the October 8th Letters, Preble and Defendant never entered into any refinancing package.

21.    On January 26, 2004, Preble filed for protection under Chapter 11 of the Federal Bankruptcy Code in the United States Bankruptcy Court for the District of Maine.

22.    As of the date of Preble's bankruptcy filing, Preble owed Plaintiff R & P the total sum of $80,189.25 and Plaintiff Four Seas the total sum of $60,273.

<u>COUNT I</u>
(Intentional Misrepresentation)

23.    Plaintiffs repeat and re-allege herein the allegations contained in ¶¶ 1-22 as if fully set forth herein.

24.    Defendant knowingly, or with reckless disregard for the truth or falsity of the same, made factual representations in the October 8th Letters addressed to Plaintiffs concerning the financial stability of Preble and Defendant's willingness to refinance Preble's business operations.

25.    In its October 8th Letters, Defendant represented and stated, inter alia, to Plaintiffs that Preble's accounts were handled in a "satisfactory manner."

4

26.    Defendant's statements in its October 8th Letters were false and untrue.  In truth and in fact, Preble was in breach of its loan covenants.

27.    Defendant's statements in its October 8th Letters were known to be false when Defendant made them.

28.    Plaintiffs believed the Defendant's statements in its October 8th Letters to be true and relied upon them, and were induced to further extend credit and forego collection activity.

29.    Such representations of Defendant were material because Plaintiffs had already communicated their unwillingness to continue to deliver Product to Preble on credit and facts concerning the financial stability of Preble were material to Plaintiffs' decisions to continue extending credit to Preble and to refrain from taking any more collection actions.

30.    On information and belief, the purpose of Defendant's false statement of material fact was to induce Plaintiffs to continue to deliver product to Preble on credit in order to increase Preble's inventory assets, and to enable Preble to continue to operate its business, thereby enabling Preble to pay down the credit line between Preble and Defendant.

31.    Plaintiffs justifiably and detrimentally relied on the false misrepresentations of material fact and continued to deliver Product to Preble based on the false representations made by Defendant.

32.    The intentional misrepresentations made by Defendant to Plaintiffs caused damages to Plaintiffs.

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of Plaintiffs and award damages, in an amount that is just and proper, with costs and reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Negligent Misrepresentation)

33.    Plaintiffs repeat and re-allege herein the allegations contained in ¶¶ 1-32 as if fully set forth herein.

34.    Defendant, in the course of its business, supplied false information for the guidance of Plaintiffs regarding Preble.

35.    At the time Defendant made factual representations in the October 8th Letters addressed to Plaintiffs concerning the financial stability of Preble and Defendant's willingness to refinance Preble's business operations, Defendant had no reasonable ground to believe their representations to be true.

36.    The aforementioned representations were made by Defendant in a reckless and negligent manner not warranted by the information that Defendant then had concerning the subject matter of the representations and without regard to whether or not they were true.

37.    As a direct and proximate result of the misrepresentations described above, the Plaintiffs, in reliance on Defendant's misrepresentations, suffered loss and damage by continuing to extend credit to Preble and refraining from taking collection actions.

38.    Defendant failed to exercise reasonable care or competence in obtaining or communicating the information contained in its October 8th Letters.

6

39.     Defendant is liable for the damages caused by Defendant to Plaintiffs by Plaintiffs' justifiable reliance on the information provided to Plaintiffs by Defendant because Defendant failed to exercise reasonable care or competence in obtaining or communicating the information.

WHEREFORE, Plaintiffs requests that this Court enter judgment in favor of Plaintiffs and award damages in an amount that is just and proper, with costs and reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Unjust Enrichment)

39.     Plaintiffs repeat and re-allege herein the allegations contained in ¶¶ 1-38 as if fully set forth herein.

40.     Plaintiffs' continued delivery of Product to Preble conferred a benefit to Defendant, in that, without limitation, the continued delivery of Product to Preble enhanced Preble's inventory and accounts receivable assets, which were collateral for Defendant's loans to Preble, and such delivery of Product enabled Preble to remain in business and service its loans from Defendant.

41.     By virtue of the October 8th Letters, Defendant encouraged Plaintiffs to provide Product to Preble that would, in turn, confer a benefit on Defendant.

42.     After the October 8th Letters, Defendant did not make any communication with Plaintiffs that indicated that Preble was not financially sound or that Defendant did not intend to provide the refinancing referred to in the October 8th Letters.

7

43.    The acceptance and retention of the benefit conferred upon Defendant make it inequitable or Defendant to retain the benefit without payment to Plaintiffs for the value of the benefit conferred.

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of the Plaintiffs and award damages in an amount that is just and proper, with costs and reasonable attorney' fees, and such other and further relief as the Court deems just and proper.

## COUNT IV
### (Breach of Covenant of Good Faith and Fair Dealing)

44.    Plaintiffs repeat and re-allege herein the allegations contained in ¶¶ 1-43 above with the same force and effect as if fully set forth herein.

45.    Implied in the relationships between the Plaintiffs and the Defendant is the obligation on the part of the Defendant to act in good faith and deal fairly with the Plaintiffs.

46.    Defendant's conduct in misrepresenting to the Plaintiffs the financial stability of Preble constituted a breach of the implied covenant of good faith and fair dealing.

47.    As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiffs suffered actual damages in an amount to be determined by the Court.

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of the Plaintiffs and award damages in an amount that is just and proper, with costs and

8

reasonable attorney: ' fees, and such other and further relief as the Court deems just and proper.

## COUNT V
### (Massachusetts General Law C. 93A, § 11)

48.    Plaintiffs repeat and re-allege herein the allegations contained in ¶¶ 1-47 above with the same force and effect as if fully set forth herein.

49.    Plaintiffs and Defendant are each persons engaged in the conduct of trade and commerce within the meaning of G.L. c. 93A.

50.    Defendant's misrepresentations, as described in the preceding paragraphs, concerned information for which the truth was readily ascertainable by Defendant.

51.    Defendant's acts and conduct, as described in the preceding paragraphs, constitute unfair and deceptive acts and practices in the conduct of trade or commerce in violation of G.L. c. 93A, §§ 2 and 11. The Defendant's wrongful acts occurred primarily and substantially within the Commonwealth and were conducted intentionally, knowingly and willfully.

52. As a consequence of the Defendant's wrongful acts and conduct, Plaintiffs have suffered the loss of both money and property, and the Defendant has been unjustly enriched.

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of Plaintiffs and award double or treble the amount of actual damages, in an amount that is just and proper, with costs and reasonable attorneys' fees pursuant to G.L. c. 93A, § 11, and such other and further relief as the Court deems just and proper.

9

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL OF THE FOREGOING COUNTS

Signed at Boston, Massachusetts this 7th day of March , 2005.

Marc D. Kornitsky, Esq.
Antico, Barrett, Burke & Kornitsky LLP
One Essex Green Drive
Peabody, MA 01960
(978) 532-5140
mkornitsky@abblegal.com

Attorney for Plaintiffs
Bar No. 564552

10

# EXHIBIT "A"



October 8, 2004

R & P Shellfish
Attn: Credit Department
8 Seafood Way Unit 5-6
Boston, MA 02210

RE: Robert J. Preble & Sons

To Whom It May Concern:

Robert J. Preble & Sons located in Kennebunk, Maine has been our customer since October 2000. Recent deposit balances are in the moderate six-figure range. A lending relationship exists within the medium six-figure range. A line of credit commitment exists within the medium six-figure range with a moderate six-figure range currently outstanding. All accounts are handled in a satisfactory manner. The bank is presently considering a refinancing package for the company which contemplates resolution in November 2004.

If I can be of any further service, please feel free to contact me at (207) 985-4903.

Sincerely,

Eric A. Andrews
Vice President

EAA/jk

Main Office: 104 Main Street, PO Box 28, Kennebunk, ME 04043-0028
207-985-4900 • 800-339-6573 • Fax: 207-985-6054

OTHER BANKING OFFICES:  BERWICK • ELIOT • KENNEBUNK; LOWER VILLAGE & KENNEBUNK VILLAGE • KITTERY • NORTH BERWICK • OGUNQUIT • SANFORD • WELLS • YORK


Kennebunk
Savings Bank
Member FDIC

October 8, 2004

Four Sea's, Inc.
Attn: Credit Department
Unit 8 Seafood Way
Boston, MA 02210

RE: Robert J. Preble & Sons

To Whom It May Concern:

Robert J. Preble & Sons located in Kennebunk, Maine has been our customer
since October 2000. Recent deposit balances are in the moderate six-figure range.
A lending relationship exists within the medium six-figure range. A line of credit
commitment exists within the medium six-figure range with a moderate six-figure
range currently outstanding. All accounts are handled in a satisfactory manner.
The bank is presently considering a refinancing package for the company which
contemplates resolution in November 2004.

If I can be of any further service, please feel free to contact me at (207) 985-4903.

Sincerely,

Eric A. Andrews
Vice President

EAA/jk

DsclsDue, NTCAPR, JNTADMN, CONVERTE

## U.S. Bankruptcy Court
## Maine (Portland)
## Bankruptcy Petition #: 05-20111

*Assigned to:* Judge James B. Haines Jr.
Chapter 7
Previous chapter 11
Voluntary
Asset

*Date Filed:* 01/26/2005
*Date Converted:* 03/07/2005

**Robert J. Preble & Sons, Inc.**
43 Old Alewive Road
Kennebunk, ME 04043
207-985-2569
Tax id: 01-0324637
*Debtor*
*aka*
**Preble Fish Company**

represented by **Verrill & Dana, LLP**

**Jonathan R. Doolittle, Esq.**
Verrill & Dana
One Portland Square
P.O. Box 586 DTS
Portland, ME 04112
(207) 774-4000
Email: Jdoolittle@verrilldana.com

**John C. Turner**
J.C. Turner & Associates
P.O. Box 1897
Auburn, ME 04211-1897
(207)514-7371
*Trustee*

represented by **Fred W. Bopp, III,, Esq.**
Perkins, Thompson, Hinckley & Keddy
One Canal Plaza
P O Box 426
Portland, ME 04112-0426
(207) 774-2635
Fax : (207) 871-8026
Email: fbopp@perkinsthompson.com

**Randy J. Creswell**
Perkins Thompson Hinckley & Keddy, P.
One Canal Plaza
P.O. Box 426
Portland, ME 04112-0426
(207) 774-2635
Fax : (207) 871-8026
Email: rcreswell@perkinsthompson.com

**Office of U.S. Trustee**
537 Congress Street, Room 302
Portland, ME 04101
*U.S. Trustee*

| Filing Date | # | Docket Text | |
|---|---|---|---|
| | | | EXHIBIT 2 |

h     ecf   eb    c      g    cg  b

| 01/26/2005 | 1 | Chapter 11 Voluntary Petition *Corporate Authority, List of Creditors Holding 20 Largest Unsecured Claims and Matrix*.Receipt # cc. Fee Amount, Filed by Robert J Preble & Sons, Inc.. Chapter 11 Plan due by 5/26/2005. Disclosure Statement due b 5/26/2005. Schedules and Statements due 2/10/2005. Incomplete Filings due by 2/10/2005. (Doolittle, Jonathan) (Entered: 01/26/2005) |
|---|---|---|
| 01/26/2005 | 2 | Debtor's Motion for Emergency Hearing *on Certain Pending Motions* Filed by Robert J. Preble & Sons, Inc. (related document(s):1 Voluntary Petition (Chapter 11), Voluntary Petition (Chapter 11) filed by Debtor Robert J. Preble & Sons, Inc.). Hearing scheduled for 1/26/2005 at 01:00 PM at Bankruptcy Courtroom, Portland. (Attachments: # 1 Proposed Order) (Doolittle, Jonathan) Modified on 1/27/2005 (rmr, ). (Entered: 01/26/2005) |
| 01/26/2005 | 3 | Debtor's Motion for Joint Administration *of Debtors' Chapter 11 Cases* Filed by Robert J. Preble & Sons, Inc.. Hearing scheduled for 1/27/2005 at 01:00 PM at Bankruptcy Courtroom, Portland. (Attachments: # 1 Proposed Order) (Doolittle, Jonathan) (Entered: 01/26/2005) |
| 01/26/2005 | 4 | Motion to Use Cash Collateral *(Emergency Motion) for Authority to (1) enter Into Post-Petition Financing; and (2) Use Cash Collateral in the Ordinary Course of Business* Filed by Robert J. Preble & Sons, Inc.. Hearing scheduled for 1/27/2005 at 01:00 PM at Bankruptcy Courtroom, Portland. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Proposed Order) (Doolittle, Jonathan) (Entered: 01/26/2005) |
| 01/26/2005 | 5 | Notice of Hearing Filed by Robert J. Preble & Sons, Inc. (related document(s):2 Motion for Emergency Hearing, filed by Debtor Robert J. Preble & Sons, Inc., 3 Motion for Joint Administration, filed by Debtor Robert J. Preble & Sons, Inc., 4 Motion to Use Cash Collateral, filed by Debtor Robert J. Preble & Sons, Inc.). (Doolittle, Jonathan) (Entered: 01/26/2005) |
| 01/27/2005 | 6 | Order to Comply and Notice to Dismiss Case. Deficiency Requested: Schedules and Statements; Disclosure of Attorney Compensation; List of debtor's equity security holders.. (rmr, ) (Entered: 01/27/2005) |
| 01/27/2005 | 7 | Amended *Exhibit B* Filed by Robert J. Preble & Sons, Inc. (related document(s):4 Motion to Use Cash Collateral, filed by Debtor Robert J. Preble & Sons, Inc.). (Doolittle, Jonathan) (Entered: 01/27/2005) |
| 01/27/2005 | 8 | Proposed Order Filed by Robert J. Preble & Sons, Inc. (related document(s):4 Motion to Use Cash Collateral, filed by Debtor Robert J. Preble & Sons, Inc.). (Doolittle, Jonathan) (Entered: 01/27/2005) |
| 01/27/2005 | 9 | Notice of Appearance and Request for Notice by Benjamin E. Marcus Esq. Filed by on behalf of Robert M Bradway. (Attachments: # 1 Certificate of Service) (Marcus, Benjamin) (Entered: 01/27/2005) |
| 01/27/2005 | | Receipt Number 41078, Fee Amount $ 839.00 (related document(s):1 Voluntary |

| | | |
|---|---|---|
| | | Petition (Chapter 11), Voluntary Petition (Chapter 11) filed by Debtor Robert J. Preble & Sons, Inc.). (kls, ) (Entered: 01/27/2005) |
| 01/27/2005 | 10 | Certificate of Service (related document(s):2 Motion for Emergency Hearing, filed by Debtor Robert J. Preble & Sons, Inc., 3 Motion for Joint Administration, filed by Debtor Robert J. Preble & Sons, Inc., 4 Motion to Use Cash Collateral, filed by Debtor Robert J. Preble & Sons, Inc., 5 Hearing (Bk), Hearing (Bk) filed by Debtor Robert J. Preble & Sons, Inc.). (Doolittle, Jonathan) (Entered: 01/27/2005) |
| 01/27/2005 | 11 | Notice of Appearance and Request for Notice by F. Bruce Sleeper Esq. Filed by on behalf of Kennebunk Savings Bank. (Sleeper, F. Bruce) (Entered: 01/27/2005) |
| 01/27/2005 | 12 | Hearing Held re: (related document(s):2 Motion for Emergency Hearing, on Certain Pending Motions filed by Debtor Robert J. Preble & Sons, Inc.). Relief granted. Order signed. (rmr, ) (Entered: 01/27/2005) |
| 01/27/2005 | 13 | Hearing Held re: (related document(s):3 Motion for Joint Administration, filed by Debtor Robert J. Preble & Sons, Inc.). Relief granted. Order signed. (rmr, ) (Entered 01/27/2005) |
| 01/27/2005 | 14 | Order Granting Motion for Emergency Hearing on Certain Pending Motions. (Related Doc # 2) (rmr, ) (Entered: 01/27/2005) |
| 01/27/2005 | 15 | Order Granting Motion For Joint Administration (Related Doc # 3). Lead Case is 05 20111. (rmr, ) (Entered: 01/27/2005) |
| 01/27/2005 | 16 | Proposed Order Filed by Robert J. Preble & Sons, Inc. (related document(s):4 Motion to Use Cash Collateral, filed by Debtor Robert J. Preble & Sons, Inc.). (Doolittle, Jonathan) (Entered: 01/27/2005) |
| 01/27/2005 | 17 | Hearing Held re: (related document(s):4 Motion to Use Cash Collateral, filed by Debtor Robert J. Preble & Sons, Inc.). Outcome: parties have reached agreement. interim order to be filed by debtor authorizing advances pursuant to the DIP loan of up to $45,000. Continued interim hearing set for February 3, 2005 at 2:00 p.m. in Portland. Order to be submitted by debtor. (jcw, ) (Entered: 01/28/2005) |
| 01/27/2005 | 18 | Notice of Hearing. Hearing Set On (related document(s):4 Motion to Use Cash Collateral, filed by Debtor Robert J. Preble & Sons, Inc.). Continued interim hearing scheduled for 2/3/2005 at 02:00 PM at Bankruptcy Courtroom, Portland. Docketed to appear on court calendar. (jcw, ) (Entered: 01/28/2005) |
| 01/28/2005 | 19 | First Interim Order authorizing debtors to obtain post-petition financing and grantin senior liens and mortgages to secure such post-petition financing.(related document (s):4 filed by Debtor Robert J. Preble & Sons, Inc.). (jcw, ) (Entered: 01/28/2005) |
| 01/28/2005 | 20 | Creditor's Notice of Appearance and Request for Notice by Marshall J. Tinkle Esq. Filed by on behalf of Coastal Enterprise, Inc.. (Attachments: # 1 Supplement |

| | | Certificate of Service) (Tinkle, Marshall) (Entered: 01/28/2005) |
|---|---|---|
| 01/28/2005 | 21 | Meeting of Creditors. 341(a) meeting to be held on 2/22/2005 at 10:00 AM at U.S. Trustee's Room 302, Portland. Governmental units have 180 days from date of filin of the case to file a proof of claim. Proofs of Claims for all other creditors are due b 5/23/2005. (rmr, ) (Entered: 01/28/2005) |
| 01/28/2005 | 22 | Debtor's Motion to Sell *Debtors' Assets Subject to Higher and Better Offers; (2) Establishing Date for Submission of Competing Bids; (3) Authorizing Bid Procedures and Termination Fee I n Connection with Such Sale; (4) Approving the Form of Notice of Sale; and (5) Setting Hearing Date for Final Sale Approval (With Incorporated Memorandum of Law)* Filed by Robert J. Preble & Sons, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Proposed Order) (Doolittle, Jonathan) Modified on 2/23/2005 (mes, ). (Entered: 01/28/2005) |
| 01/28/2005 | 23 | Debtor's Motion to Expedite Hearing *on Certain Aspects of Sale Motion* Filed by Robert J. Preble & Sons, Inc. (related document(s):22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc.). (Attachments: # 1 Proposed Order) (Doolittle Jonathan) (Entered: 01/28/2005) |
| 01/28/2005 | 24 | Notice of Hearing Filed by Robert J. Preble & Sons, Inc. (related document(s):22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc., 23 Motion to Expedit Hearing, filed by Debtor Robert J. Preble & Sons, Inc.). Hearing scheduled for 2/3/2005 at 02:00 PM at Portland. Objections due by 2/3/2005. (Doolittle, Jonathan (Entered: 01/28/2005) |
| 01/28/2005 | 25 | Certificate of Service (related document(s):22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc., 23 Motion to Expedite Hearing, filed by Debtor Robert J. Preble & Sons, Inc., 24 Hearing (Bk), Hearing (Bk) filed by Debtor Rober J. Preble & Sons, Inc.). (Doolittle, Jonathan) (Entered: 01/28/2005) |
| 01/29/2005 | 26 | BNC Certificate of Mailing - PDF Document (related document(s):14 Order on Motion for Emergency Hearing). Service Date 01/29/2005. (Admin.) (Entered: 01/30/2005) |
| 01/29/2005 | 27 | BNC Certificate of Mailing - PDF Document (related document(s):15 Order on Motion For Joint Administration). Service Date 01/29/2005. (Admin.) (Entered: 01/30/2005) |
| 01/29/2005 | 28 | BNC Certificate of Mailing - PDF Document (related document(s):6 Order to Comply). Service Date 01/29/2005. (Admin.) (Entered: 01/30/2005) |
| 01/30/2005 | 29 | BNC Certificate of Mailing - Meeting of Creditors (related document(s):21 Meeting of Creditors Chapter 11 (no discharge), Meeting of Creditors Chapter 11 (no discharge)). Service Date 01/30/2005. (Admin.) (Entered: 01/31/2005) |
| 01/30/2005 | 30 | BNC Certificate of Mailing - PDF Document (related document(s):18 Notice of |

| | | Hearing, ). Service Date 01/30/2005. (Admin.) (Entered: 01/31/2005) |
|---|---|---|
| 01/30/2005 | 31 | BNC Certificate of Mailing - PDF Document (related document(s):19 Order on Document). Service Date 01/30/2005. (Admin.) (Entered: 01/31/2005) |
| 02/02/2005 | 32 | Objection Filed by Office of U.S. Trustee (related document(s):22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc.). (Checkoway, Robert) (Entered: 02/02/2005) |
| 02/02/2005 | 33 | Motion to Appear pro hac vice Filed by Bernstein, Shur, Sawyer & Nelson. (Attachments: # 1 Supplement Certificate of Visiting Attorney - D. Ethan Jeffrey# 2 Supplement Certificate of Visiting Attorney - Robert E. Richards# 3 Proposed Order) (Keach, Robert) (Entered: 02/02/2005) |
| 02/03/2005 | 34 | Notice of Appearance and Request for Notice *of Creditor, David J. Klenda d/b/a Klenda Seafood* by James F. Molleur Esq. Filed by on behalf of David J. Klenda. (Molleur, James) (Entered: 02/03/2005) |
| 02/03/2005 | 35 | Creditor's Response Filed by David J. Klenda (related document(s):22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc.). (Molleur, James) (Entered: 02/03/2005) |
| 02/03/2005 | 36 | Affidavit. Filed by Robert J. Preble & Sons, Inc. (related document(s):22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc.). (Attachments: # 1 Certificate o Service) (Doolittle, Jonathan) (Entered: 02/03/2005) |
| 02/03/2005 | 37 | Hearing held on Motion to Use Cash Collateral (Emergency Motion) for Authority to (1) enter Into Post-Petition Financing; and (2) Use Cash Collateral in the Ordinar Course of Business Filed by Robert J. Preble & Sons, Inc.. (related document(s):4). Outcome: Borrowing authorized on a continued interim basis. Continued Hearing se for 2/14/2005 at 01:00 PM at Bankruptcy Courtroom, Portland. Order to be submitted by Mr. Doolittle. (jcw, ) Additional attachment(s) added on 2/22/2005 (jcw, ). (Entered: 02/04/2005) |
| 02/03/2005 | 38 | Hearing Held re: (related document(s):23). Motion to Expedite Hearing, filed by Debtor Robert J. Preble & Sons, Inc.. Outcome: relief granted. Order signed by Court. (jcw, ) (Entered: 02/04/2005) |
| 02/03/2005 | 39 | Hearing held re: Debtor's Motion to Sell Debtors' Assets Subject to Higher and Better Offers; (2) Establishing Date for Submission of Competing Bids; (3) Authorizing Bid Procedures and Termination Fee I n Connection with Such Sale; (4 Approving the Form of Notice of Sale; and (5) Setting Hearing Date for Final Sale Approval (With Incorporated Memorandum of Law) Filed by Robert J. Preble & Sons, Inc..(related document(s):22 ). Outcome: Objections to sale due February 18, 2005. Competing bids due February 22, 2005. Sale Hearing is scheduled for February 23, 2005 at 1:00 p.m. in at Bankruptcy Courtroom, Portland. Order to be submitted by Mr. Doolittle. (jcw, ) (Entered: 02/04/2005) |

| 02/03/2005 | 40 | Order Granting Debtor's Motion to Expedite Hearing on Certain Aspects of Sale Motion Filed by Robert J. Preble & Sons, Inc. (Related Doc # 23) (jcw, ) (Entered: 02/04/2005) |
| 02/04/2005 | | Deadlines (BK) (related document(s):22 Motion to Sell, filed by Debtor Robert J. Preble & Sons, Inc.). OBJECTIONS TO SALE DUE by 2/18/2005. (jcw, ) (Entered 02/04/2005) |
| 02/04/2005 | | Deadlines (BK) (related document(s):22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc.). COMPETING BIDS DUE BY 2/22/2005. (jcw, ) (Entered: 02/04/2005) |
| 02/04/2005 | | Deadlines: (related document(s):22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc., 4 Motion to Use Cash Collateral, filed by Debtor Robert J. Preble & Sons, Inc.). Proposed Revised Forms of Order due to Court by this date - 2/13/2005 (jcw, ) (Entered: 02/04/2005) |
| 02/04/2005 | 41 | Proposed Order Filed by Robert J. Preble & Sons, Inc. (related document(s):4 Motion to Use Cash Collateral, filed by Debtor Robert J. Preble & Sons, Inc.). (Doolittle, Jonathan) (Entered: 02/04/2005) |
| 02/04/2005 | 42 | Debtor's Application to Employ Verrill Dana LLP as Attorney for Debtors Filed by Robert J. Preble & Sons, Inc.. (Attachments: # 1 Proposed Order # 2 Verified Statement of Attorney# 3 Certificate of Service) (Doolittle, Jonathan) (Entered: 02/04/2005) |
| 02/06/2005 | 43 | BNC Certificate of Mailing - PDF Document (related document(s):40 Order on Motion to Expedite Hearing). Service Date 02/06/2005. (Admin.) (Entered: 02/07/2005) |
| 02/07/2005 | | Change of Address for creditor Robert M. Bradway, 4 River Oaks Drive, Kennebunk, ME 04043 as specified on returned envelope Filed by Robert M Bradway. (Doolittle, Jonathan) (Entered: 02/07/2005) |
| 02/07/2005 | 44 | Schedules and Statements Filed by Robert J. Preble & Sons, Inc.. (Attachments: # 1 Schedule Schedules F, G, H, Business Income and Expenses Schedule, Summary of Schedules and Declaration# 2 Schedule Statement of Financial Affairs, Equity Holders and Attorney Disclosure) (Doolittle, Jonathan) (Entered: 02/07/2005) |
| 02/08/2005 | 45 | Order Granting Debtor's Application to Employ Verrill Dana LLP as Attorney for Debtors Filed by Robert J. Preble & Sons, Inc.. (Related Doc # 42). The terms of th order shall become final ten (10) days from the date of entry of this order if no party sooner files an objection and request for hearing. (jcw, ) Modified on 2/8/2005 (rmr, ). (Entered: 02/08/2005) |
| 02/08/2005 | 46 | Second Interim Order Authorizing Debtors to Obtain Post-petition Financing pursuant to 11 U.S.C. &&105, 361, 362, 363, 364(c)(1), 364(c)(3) and 364(d)(1); |

| | | |
|---|---|---|
| | | and (II) Granting Senior Liens and Mortgages to Secure such Post-petition Financing. (Related Doc # 4). This Order shall enter as an interim order only. This Order, to the extent inconsistent with the terms of this Court's first interim order approving borrowing of up to $45,000.00 dated January 27, 2005, shall be deemed t modify the terms of the January 27, 2005, order. A final hearing shall be conducted on February 14, 2005, at 1:00 p.m.. (jcw, ) Modified on 2/8/2005 (rmr, ). (Entered: 02/08/2005) |
| 02/08/2005 | | Final Hearing Set On (related document(s):4) Motion to Use Cash Collateral Filed by Robert J. Preble & Sons, Inc.. filed by Debtor Robert J. Preble & Sons, Inc.). Hearing scheduled for 2/14/2005 at 01:00 PM at Bankruptcy Courtroom, Portland. Docketed for the purpose of setting date on court calendar. (jcw, ) (Entered: 02/08/2005) |
| 02/09/2005 | 47 | Notice to Sell *Substantially All of the Debtors' Assets and Business Free and Clear of All Liens, Claims, Interests and Encumbrances (reference to Exhibit C filed unde Debtor's Motion docketed at No. 22)* Hearing on Objections Only Filed by Robert J Preble & Sons, Inc.. Hearing scheduled for 2/23/2005 at 01:00 PM at Bankruptcy Courtroom, Portland. Objections due by 2/18/2005. (Attachments: # 1 Proposed Order) (Doolittle, Jonathan) (Entered: 02/09/2005) |
| 02/09/2005 | 48 | Creditor's Objection *with Small Business Administration* Filed by Coastal Enterprise Inc. (related document(s):22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc.). (Attachments: # 1 Supplement Sale Notice) (Tinkle, Marshall) (Entered 02/09/2005) |
| 02/09/2005 | 49 | Hearing Held re: Creditor's Objection with Small Business Administration Filed by Coastal Enterprise, Inc. (related document(s):22 filed by Debtor Robert J. Preble & Sons, Inc.(related document(s):48). Outcome: objections to notice of sale resolved a stated on the record. Attorney Doolittle to file amended notice of sale/form of order (jcw, ) (Entered: 02/09/2005) |
| 02/09/2005 | | Change of Address for creditor Kennebunk Savings Bank, Attn: Richard Maina, P O Box 28, Kennebunk, ME 04043 as specified on returned envelope Filed by Robert J Preble & Sons, Inc.. (Doolittle, Jonathan) (Entered: 02/09/2005) |
| 02/10/2005 | 50 | Notice to Sell *Substantially All of the Debtors' Assets and Business Free and Clear of All Liens, Claims, Interests and Encumbrances (reference to Exhibit C originally filed with Debtor's Motion to Sell on 1/28/05)* Hearing on Objections Only Filed by Robert J. Preble & Sons, Inc.. Hearing scheduled for 2/23/2005 at 01:00 PM at Bankruptcy Courtroom, Portland. Objections due by 2/18/2005. (Doolittle, Jonathan (Entered: 02/10/2005) |
| 02/10/2005 | 51 | Proposed Order Filed by Robert J. Preble & Sons, Inc. (related document(s):50 Notice to Sell, filed by Debtor Robert J. Preble & Sons, Inc.,, 22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc.). (Attachments: # 1 Exhibit A - Notice of Intent to Sell) (Doolittle, Jonathan) (Entered: 02/10/2005) |
| | | |

| 02/10/2005 | 52 | Exhibit *A and B to Notice of Intent to Sell* Filed by Robert J. Preble & Sons, Inc. (related document(s):50 Notice to Sell, filed by Debtor Robert J. Preble & Sons, Inc.). (Attachments: # 1 Exhibit B) (Doolittle, Jonathan) (Entered: 02/10/2005) |
|---|---|---|
| 02/10/2005 | 53 | Order Approving (1) Authorizing Bidding Procedures for Sale of Debtors' Assets Subject to Higher and Better Offers and Related Termination Fee (2)the Form of Notice of Sale; and (5) Setting Deadlines for Submission of Competing Bids and the Sale Hearing. (related document(s):22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc.). Final hearing on the Sale Motion has been set for 2/23/05 at 1:00 p.m. in Portland. Objections to the sale motion shall be filed on or before 2/18/05. (rmr, ) (Entered: 02/10/2005) |
| 02/10/2005 | 54 | Certificate of Service (related document(s):50 Notice to Sell, filed by Debtor Rober J. Preble & Sons, Inc., 52 Exhibit filed by Debtor Robert J. Preble & Sons, Inc.). (Doolittle, Jonathan) (Entered: 02/10/2005) |
| 02/10/2005 | 55 | BNC Certificate of Mailing - PDF Document (related document(s):46 Order on Motion to Use Cash Collateral, , ). Service Date 02/10/2005. (Admin.) (Entered: 02/11/2005) |
| 02/10/2005 | 56 | BNC Certificate of Mailing - PDF Document (related document(s):45 Order on Application to Employ, ). Service Date 02/10/2005. (Admin.) (Entered: 02/11/2005 |
| 02/11/2005 | 57 | BNC Certificate of Mailing - PDF Document (related document(s):47 Notice to Sel filed by Debtor Robert J. Preble & Sons, Inc.). Service Date 02/11/2005. (Admin.) (Entered: 02/12/2005) |
| 02/12/2005 | 58 | BNC Certificate of Mailing - PDF Document (related document(s):53 Order on Document, , ). Service Date 02/12/2005. (Admin.) (Entered: 02/13/2005) |
| 02/14/2005 | 59 | *Affidavit of Robert M. Bradway in Support of Motion for Authority to (1) Enter into Post-Petition Financing; and (2) Use Cash Collateral in the Ordinary Course of Business (Document No. 4 on the Docket)* Filed by Robert J. Preble & Sons, Inc.. (Attachments: # 1 Certificate of Service) (Doolittle, Jonathan) (Entered: 02/14/2005 |
| 02/14/2005 | 60 | Notice of Appearance and Request for Notice by Jeffrey T. Piampiano Esq. Filed by on behalf of Robert M Bradway. (Attachments: # 1 Certificate of Service) (Piampiano, Jeffrey) (Entered: 02/14/2005) |
| 02/14/2005 | 61 | Final Hearing Held re: (related document(s):4 Motion to Use Cash Collateral, filed by Debtor Robert J. Preble & Sons, Inc., Notice of Hearing, ). Relief granted. Proposed Order from debtor's counsel due by 2/24/2005. (rmr, ) (Entered: 02/14/2005) |
| 02/14/2005 | 62 | Amended Schedules 3-A Filed by Robert J. Preble & Sons, Inc.. (Doolittle, Jonathan) (Entered: 02/14/2005) |

| 02/14/2005 | 63 | Notice of Appearance and Request for Notice for Spinney Creek Shellfish, Inc. by Attorney Lori A. Howell. (rmr, ) (Entered: 02/15/2005) |
|---|---|---|
| 02/15/2005 | 64 | *Proposed order (I) Authorizing Debtors to Obtain Post-Petition FInancing Pursuan to 11 U. S. C. sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3) and 364 (d)(1); and (II) Granting Senior Liens and Mortgages to Secure Such Post-Petition Financing (in reference to Motion for Authority to Use Cash Collateral entered under Document No. 4 on 1/26/05)* Filed by Robert J. Preble & Sons, Inc.. (Attachments: # 1 Certificate of Service) (Doolittle, Jonathan) Modified on 2/16/2005 (kaf, ). (Entered: 02/15/2005) |
| 02/15/2005 | 65 | Notice of Appearance and Request for Notice by Robert J. Keach Esq. Filed by on behalf of Bernstein, Shur, Sawyer & Nelson. (Keach, Robert) (Entered: 02/15/2005 |
| 02/16/2005 | 66 | FINAL Order Authorizing Debtors to Obtain Post-Petition FInancing Pursuant to 11 U. S. C. sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d)(1); and (II) Granting Senior Liens and Mortgages to Secure Such Post-Petition Financing (in reference to Motion for Authority to Use Cash Collateral entered unde Document No. 4 on 1/26/05) Filed by Robert J. Preble & Sons, Inc.. (related document(s):4 ).(jcw, ) (Entered: 02/16/2005) |
| 02/16/2005 | 67 | BNC Certificate of Mailing - PDF Document (related document(s):50 Notice to Sel filed by Debtor Robert J. Preble & Sons, Inc.). Service Date 02/16/2005. (Admin.) (Entered: 02/17/2005) |
| 02/18/2005 | 68 | Creditor's Objection *With Small Business Administration* Filed by Coastal Enterprise, Inc. (related document(s):22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc.). (Attachments: # 1 Exhibit Appraisal# 2 Exhibit Appraisal Cover Page# 3 Exhibit Appraisal 2nd Part# 4 Exhibit Appraisal 3rd Part) (Tinkle, Marshall) (Entered: 02/18/2005) |
| 02/18/2005 | 69 | BNC Certificate of Mailing - PDF Document (related document(s):66 Order on Document, ). Service Date 02/18/2005. (Admin.) (Entered: 02/19/2005) |
| 02/23/2005 | 70 | Supplemental document *Debtors' Supplemental Memorandum in Further Support for Debtors' Motion for Orders: (1) Approving Sale of Debtors' Assets Subject to HIgher and Better Offers; (2) Establishing Date for Submission of Competing Bids; (3) Authorizing Bid Procedures and Termination Fee in Connection with Such Sale; (4) Approving the Form of Notice of Sale; and, (5) Setting Hearing Date for Final Sale Approval* Filed by Robert J. Preble & Sons, Inc. (related document(s):22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc.). (Attachments: # 1 Exhibit 1 - 8# 2 Exhibit 9# 3 Certificate of Service) (Doolittle, Jonathan) (Entered: 02/23/2005) |
| 02/23/2005 | 71 | Response Filed by A. C. Inc (related document(s):22 Motion to Sell,, filed by Debto Robert J. Preble & Sons, Inc.). (Doolittle, Jonathan) (Entered: 02/23/2005) |

| 02/23/2005 | 72 | Proposed Order Filed by Robert J. Preble & Sons, Inc. (related document(s):22 Motion to Sell,, filed by Debtor Robert J. Preble & Sons, Inc.). (Attachments: # 1 Exhibit Part 1# 2 Exhibit Part 2) (Doolittle, Jonathan) (Entered: 02/23/2005) |
| 02/23/2005 | 73 | Hearing Held re: (related document(s):50 Notice to Sell filed by Debtor Robert J. Preble & Sons, Inc., 22 Motion to Sell filed by Debtor Robert J. Preble & Sons, Inc.). Consenual sale presented to the Court, read into record and approved. Proposed Order due by 2/23/2005. (mes) (Entered: 02/23/2005) |
| 02/23/2005 | 74 | Order Approving Debtors' Motion for Orders: (1) Approving Sale of Debtors' Asset Subject to Higher and Better Offers; (2) Establishing Date for Submission of Competing Bids; (3) Authorizing Bid Procedures and Termination Fee in Connection with Such Sale; (4) Approving the Form of Notice of Sale; and (5) Setting Hearing Date for Final Sale Approval (Related Doc # 22) (mes). (Entered: 02/23/2005) |
| 02/23/2005 |  | Order Approving Debtors' Motion for Orders: (1) Approving Sale of Debtors' Asset Subject to Higher and Better Offers; (2) Establishing Date for Submission of Competing Bids; (3) Authorizing Bid Procedures and Termination Fee in Connection with Such Sale; (4) Approving the Form of Notice of Sale; and (5) Setting Hearing Date for Final Sale Approval (Related Doc # 22) (mes, ) (Entered: 02/23/2005) |
| 02/23/2005 | 75 | Order Approving Debtors' Motion for Orders: (1) Approving Sale of Debtors' Asset Subject to Higher and Better Offers; (2) Establishing Date for Submission of Competing Bids; (3) Authorizing Bid Procedures and Termination Fee in Connection with Such Sale; (4) Approving the Form of Notice of Sale; and (5) Setting Hearing Date for Final Sale ApprovalMotion To Sell (Related Doc # 22) (mes) Modified on 2/24/2005 (mes). Modified on 2/24/2005 (mes). Order redockete for mailing purposes. (Entered: 02/24/2005) |
| 02/23/2005 | 76 | Attachments to Order Approving Debtors' Motion for Orders: (1) Approving Sale o Debtors' Assets Subject to Higher and Better Offers; (2) Establishing Date for Submission of Competing Bids; (3) Authorizing Bid Procedures and Termination Fee in Connection with Such Sale; (4) Approving the Form of Notice of Sale; and (5) Setting Hearing Date for Final Sale ApprovalMotion To Sell (related document (s):75 Order on Motion To Sell). (mes) (Entered: 02/24/2005) |
| 02/25/2005 | 77 | BNC Certificate of Mailing - PDF Document (related document(s): Order on Motio To Sell, ). Service Date 02/25/2005. (Admin.) (Entered: 02/26/2005) |
| 02/26/2005 | 78 | BNC Certificate of Mailing - PDF Document (related document(s):76 Order on Document, ). Service Date 02/26/2005. (Admin.) (Entered: 02/27/2005) |
| 02/26/2005 | 79 | BNC Certificate of Mailing - PDF Document (related document(s):75 Order on Motion To Sell, ). Service Date 02/26/2005. (Admin.) (Entered: 02/27/2005) |
|  |  |  |

| 03/02/2005 | | Change of Address for creditor Maine Motor Transport Assoc., Inc., P O Box 857, Augusta, ME 04332 as specified on returned envelope Filed by Robert J. Preble & Sons, Inc.. (Doolittle, Jonathan) (Entered: 03/02/2005) |
|---|---|---|
| 03/02/2005 | 80 | BNC Certificate of Mailing - PDF Document (related document(s):74 Order on Motion To Sell, ). Service Date 03/02/2005. (Admin.) (Entered: 03/03/2005) |
| 03/04/2005 | 81 | Debtor's Motion to Convert Case to Chapter 7. Receipt Number cc, Fee Amount $ 15. Filed by Robert J. Preble & Sons, Inc.. (Attachments: # 1 Proposed Order # 2 Notice of Filing of Motion# 3 Certificate of Service) (Doolittle, Jonathan) (Entered: 03/04/2005) |
| 03/07/2005 | | Receipt Number 41293, Fee Amount $ 15.00 (related document(s):81 Motion to Convert Case to Chapter 7 filed by Debtor Robert J. Preble & Sons, Inc.). (rmr, ) (Entered: 03/07/2005) |
| 03/07/2005 | 82 | Order Converting Case to Chapter 7. Trustee John C. Turner added to the case.. (rmr, ) (Entered: 03/08/2005) |
| 03/08/2005 | 83 | Meeting of Creditors. 341(a) meeting to be held on 4/13/2005 at 09:00 AM at U.S. Trustee's Room 302, Portland. (rmr, ) Modified on 3/24/2005 (rmr, ). (Entered: 03/08/2005) |
| 03/08/2005 | 84 | Amended Meeting of Creditors (related document(s):83 Meeting of Creditors Chapter 07 No Asset). 341(a) meeting to be held on 4/13/2005 at 09:00 AM at U.S. Trustee's Room 302, Portland. (rmr, ) Modified on 3/24/2005 (rmr, ). (Entered: 03/08/2005) |
| 03/09/2005 | 85 | Order Granting Motion To Appear pro hac vice for Ethan D. Jeffrey and Robert E. Richards, on behalf of Maine Shellfish, Inc. (Related Doc # 33) (rmr, ) (Entered: 03/10/2005) |
| 03/10/2005 | 86 | BNC Certificate of Mailing - Meeting of Creditors (related document(s):84 Meeting of Creditors Chapter 07 No Asset, ). Service Date 03/10/2005. (Admin.) (Entered: 03/11/2005) |
| 03/10/2005 | 87 | BNC Certificate of Mailing - PDF Document (related document(s):82 Order Converting Case to Chapter 7). Service Date 03/10/2005. (Admin.) (Entered: 03/11/2005) |
| 03/12/2005 | 88 | BNC Certificate of Mailing - PDF Document (related document(s):85 Order on Motion to Appear pro hac vice). Service Date 03/12/2005. (Admin.) (Entered: 03/13/2005) |
| 03/25/2005 | | Trustee's Notification of Asset Recovery in Case and Request to set Proof of Claim Deadline. Filed by John C. Turner. (Turner, John) (Entered: 03/25/2005) |

| 03/25/2005 | 89 | Application to Employ Fred W. Bopp III and Perkins, Thompson, Hinckley & Keddy, P.A. as Attorneys to Chapter 7 Trustee Filed by John C. Turner. (Attachments: # 1 Declaration of Fred W. Bopp III) (Creswell, Randy) (Entered: 03/25/2005) |
|---|---|---|
| 03/25/2005 | 90 | Proposed Order Filed by John C. Turner (related document(s):89 Application to Employ filed by Trustee John C. Turner). (Creswell, Randy) (Entered: 03/25/2005) |
| 03/28/2005 | | Hearing Set (related document(s):89 Application to Employ Perkins, Thompson, Hinkley & Keddy, as counsel to the trustee, filed by Trustee John C. Turner). Hearing scheduled for 3/30/2005 at 10:30 AM at Bankruptcy Courtroom, Portland. (rmr, ) (Entered: 03/28/2005) |
| 03/28/2005 | 91 | Trustee's Notice of Assets & Request for Notice to Creditors Filed by John C. Turner. Governmental units have 180 days from date of filing of the case or 92 days from the date of this notice, whichever is later, to file a Proof of Claim. Proof of Claims for all other creditors are due by 6/28/2005. (jcw, ) (Entered: 03/28/2005) |
| 03/29/2005 | 92 | First Application for Compensation *of Verrill Dana LLP for Allowance and Paymen of Compensation and Reimbursement of Expenses* for Jonathan R. Doolittle Esq., Debtor's Attorney, period: 1/19/2005 to 3/15/2005, fee: $34,602.46, expenses: $4,317.92. Filed by Jonathan R. Doolittle Esq.. (Attachments: # 1 Exhibit A# 2 Exhibit B - Part 1# 3 Exhibit B Part 2# 4 Exhibit C - D# 5 Proposed Order # 6 Certificate of Service) (Doolittle, Jonathan) (Entered: 03/29/2005) |
| 03/30/2005 | 93 | Withdrawal of Claim: # 35 Filed by Lewis and Earlene Clough. (Creswell, Randy) (Entered: 03/30/2005) |
| 03/30/2005 | 94 | Withdrawal of Claim: # 36 Filed by Arthur LeBlanc. (Creswell, Randy) (Entered: 03/30/2005) |
| 03/30/2005 | 95 | Proposed Order Filed by John C. Turner (related document(s):89 Application to Employ filed by Trustee John C. Turner). (Bopp, III,, Fred) (Entered: 03/30/2005) |
| 03/30/2005 | 96 | Hearing Held re: (related document(s):89 Application to Employ filed by Trustee John C. Turner). Outcome: relief granted. Order to be submitted by movant within 10 days. (jcw, ) (Entered: 03/30/2005) |
| 03/30/2005 | 97 | BNC Certificate of Mailing - PDF Document (related document(s):91 Trustee's Notice of Assets, filed by Trustee John C. Turner). Service Date 03/30/2005. (Admin.) (Entered: 03/31/2005) |
| 03/31/2005 | 98 | Order Granting Application to Employ Fred W. Bopp III and Perkins, Thompson, Hinckley & Keddy, P.A. as Attorneys to Chapter 7 Trustee Filed by John C. Turner (Related Doc # 89) (jcw, ) (Entered: 03/31/2005) |
| 03/31/2005 | 99 | Notice of Hearing. Hearing Set On First Application for Compensation of Verrill |

| | | Dana LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for Jonathan R. Doolittle Esq., Debtor's Attorney, period: 1/19/2005 to 3/15/2005, fee: $34,602.46, expenses: $4,317.92. Filed by Jonathan R. Doolittle Esq.. (related document(s):92 ). Hearing scheduled for 5/4/2005 at 10:30 AM at Bankruptcy Courtroom, Portland. Objections due by 4/21/2005. (jcw, ) (Entered: 03/31/2005) |
|---|---|---|
| 04/02/2005 | 100 | BNC Certificate of Mailing - PDF Document (related document(s):99 Notice of Hearing, ). Service Date 04/02/2005. (Admin.) (Entered: 04/03/2005) |
| 04/02/2005 | 101 | BNC Certificate of Mailing - PDF Document (related document(s):98 Order on Application to Employ). Service Date 04/02/2005. (Admin.) (Entered: 04/03/2005) |
| 04/05/2005 | 102 | Amended Schedules Schedule F. Receipt Number CC, Fee Amount $ 26. Filed by Robert J. Preble & Sons, Inc.. (Attachments: # 1 Certificate of Service) (Doolittle, Jonathan) (Entered: 04/05/2005) |
| 04/06/2005 | | Receipt Number 41536, Fee Amount $ 26. (related document(s):102 Amended Schedules (Fee) filed by Debtor Robert J. Preble & Sons, Inc.). (sau) (Entered: 04/06/2005) |
| 04/14/2005 | | First Meeting Held and Adjourned (Turner, John) (Entered: 04/14/2005) |
| 04/21/2005 | 103 | Proposed Order Filed by Jonathan R. Doolittle Esq. (related document(s):92 Application for Compensation, filed by Debtor Robert J. Preble & Sons, Inc.). (Doolittle, Jonathan) (Entered: 04/21/2005) |
| 04/25/2005 | 104 | Order Granting First Interim Application for Compensation of Verrill Dana LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for Jonathan R. Doolittle Esq., Debtor's Attorney, period: 1/19/2005 to 3/15/2005, fee: $34,602.46, expenses: $4,317.92. Filed by Jonathan R. Doolittle Esq.. (Related Doc # 92) (jcw, ) (Entered: 04/25/2005) |
| 04/27/2005 | 105 | BNC Certificate of Mailing - PDF Document (related document(s):104 Order on Application for Compensation, ). Service Date 04/27/2005. (Admin.) (Entered: 04/28/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/04/2005 12:43:31 | | | |
| PACER Login: | tb0120 | Client Code: | 501.19093 |

| Description: | Docket Report | Search Criteria: | 05-20111 Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Links: n Format: HTMLfmt |
|---|---|---|---|
| Billable Pages: | 9 | Cost: | 0.72 |

NTCAPR, JNTADMN, CONVERTE

## U.S. Bankruptcy Court
## Maine (Portland)
## Bankruptcy Petition #: 05-20112

*Assigned to:* Judge James B. Haines Jr.
Chapter 7
Previous chapter 11
Voluntary
No asset

*Date Filed:* 01/26/2005
*Date Converted:* 03/07/2005

**Preble Properties LLC**
43 Old Alewive Road
Kennebunk, ME 04043
207-985-2569
Tax id: 01-0538001
*Debtor*

represented by **Jonathan R. Doolittle, Esq.**
Verrill & Dana
One Portland Square
P.O. Box 586 DTS
Portland, ME 04112
(207) 774-4000
Email: Jdoolittle@verrilldana.co

**John C. Turner**
J.C. Turner & Associates
P.O. Box 1897
Auburn, ME 04211-1897
(207)514-7371
*Trustee*

**Office of U.S. Trustee**
537 Congress Street, Room 302
Portland, ME 04101
*U.S. Trustee*

| Filing Date | # | Docket Text |
|---|---|---|
| 01/26/2005 | 1 | Chapter 11 Voluntary Petition , *Company Authority, List of Creditors Holding 20 Largest Unsecured Claims and Matrix.*Receipt # cc. Fee Amount, Filed by Preble Properties LLC. Chapter 11 Plan due by 5/26/2005. Disclosure Statement due by 5/26/2005. Schedules and Statements due 2/10/2005. Incomplete Filings due by 2/10/2005. (Doolittle, Jonathan) (Entered: 01/26/2005) |
| 01/26/2005 | 2 | Debtor's Motion for Joint Administration *of Debtors' Chapter 11 Cases* Filed by Preble Properties LLC. Hearing scheduled for 1/27/2005 at 01:00 PM at Bankruptcy Courtroom, Portland. (Attachments: # 1 Proposed Order) (Doolittle, Jonathan) (Entered: 01/26/2005) |
| 01/27/2005 | 3 | Notice of Appearance and Request for Notice by Benjamin E. Marcus Esq. Filed by |

| | | |
|---|---|---|
| | | on behalf of Robert M Bradway. (Attachments: # 1 Certificate of Service) (Marcus, Benjamin) (Entered: 01/27/2005) |
| 01/27/2005 | | Receipt Number 41078, Fee Amount $ 839.00 (related document(s):1 Voluntary Petition (Chapter 11), Voluntary Petition (Chapter 11) filed by Debtor Preble Properties LLC). (kls, ) (Entered: 01/27/2005) |
| 01/27/2005 | 4 | Certificate of Service (related document(s):2 Motion for Joint Administration, filed by Debtor Preble Properties LLC). (Doolittle, Jonathan) (Entered: 01/27/2005) |
| 01/27/2005 | 5 | Notice of Appearance and Request for Notice by F. Bruce Sleeper Esq. Filed by on behalf of Kennebunk Savings Bank. (Sleeper, F. Bruce) (Entered: 01/27/2005) |
| 01/27/2005 | 6 | Hearing Held re: (related document(s):2 Motion for Joint Administration, filed by Debtor Preble Properties LLC). Relief granted. Order signed. (rmr, ) (Entered: 01/27/2005) |
| 01/27/2005 | 7 | Order Granting Motion For Joint Administration (Related Doc # 2). Lead Case shall be 05-20111, Robert J. Preble & Sons, Inc. (rmr, ) (Entered: 01/27/2005) |
| 01/28/2005 | 8 | Meeting of Creditors. 341(a) meeting to be held on 2/22/2005 at 10:00 AM at U.S. Trustee's Room 302, Portland. Governmental units have 180 days from date of filin of the case to file a proof of claim. Proofs of Claims for all other creditors are due b 5/23/2005. (rmr, ) (Entered: 01/28/2005) |
| 01/29/2005 | 9 | BNC Certificate of Mailing - PDF Document (related document(s):7 Order on Motion For Joint Administration). Service Date 01/29/2005. (Admin.) (Entered: 01/30/2005) |
| 01/30/2005 | 10 | BNC Certificate of Mailing - Meeting of Creditors (related document(s):8 Meeting of Creditors Chapter 11 (no discharge), Meeting of Creditors Chapter 11 (no discharge)). Service Date 01/30/2005. (Admin.) (Entered: 01/31/2005) |
| 02/07/2005 | | Change of Address for creditor Robert M. Bradway, 4 River Oaks Drive, Kennebunk, ME 04043 as specified on returned envelope Filed by Robert M Bradway. (Doolittle, Jonathan) (Entered: 02/07/2005) |
| 02/07/2005 | 11 | Schedules and Statements Filed by Preble Properties LLC. (Doolittle, Jonathan) (Entered: 02/07/2005) |
| 03/07/2005 | 12 | Order Converting Case to Chapter 7. Trustee John C. Turner added to the case.. (rmr, ) (Entered: 03/24/2005) |
| 03/24/2005 | 13 | Meeting of Creditors. 341(a) meeting to be held on 4/13/2005 at 09:00 AM at U.S. Trustee's Room 302, Portland. (rmr, ) (Entered: 03/24/2005) |
| | | |

| 03/26/2005 | 14 | BNC Certificate of Mailing - Meeting of Creditors (related document(s):13 Meeting of Creditors Chapter 07 No Asset). Service Date 03/26/2005. (Admin.) (Entered: 03/27/2005) |
|---|---|---|
| 03/26/2005 | 15 | BNC Certificate of Mailing - PDF Document (related document(s):12 Order Converting Case to Chapter 7). Service Date 03/26/2005. (Admin.) (Entered: 03/27/2005) |
| 04/14/2005 |  | First Meeting Held and Adjourned (Turner, John) (Entered: 04/14/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/04/2005 12:44:08 | | | |
| PACER Login: | tb0120 | Client Code: | 501.19093 |
| Description: | Docket Report | Search Criteria: | 05-20112 Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Links: n Format: HTML.fmt |
| Billable Pages: | 2 | Cost: | 0.16 |

'Official Form 4
11/92

# United States Bankruptcy Court
## District of Maine

In re __Robert J. Preble & Sons, Inc.__      Case No. _____

          Debtor      Chapter __11__

# List Of Creditors Holding 20 Largest Unsecured Claims

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Kennebunk Savings Bank<br>104 Main Street<br>Kennebunk, ME 04043 | 207-985-4803<br>Kennebunk Savings Bank<br>104 Main Street<br>Kennebunk, ME 04043 | | CONTINGENT | $521,160.85 |
| Small Business Administration<br>c/o Coastal Enterprises<br>2 Portland Fish Pier, Ste. 201<br>Portland, ME 04101 | Irene Grondin<br>207-772-5356,ex.122<br>Small Business Administration<br>c/o Coastal Enterprises<br>2 Portland Fish Pier, Ste. 201<br>Portland, ME 04101 | | CONTINGENT | $362,758.37 |
| Luverne Preble<br>172 Mills Road<br>Kennebunkport, ME 04046 | 207-967-3362<br>Luverne Preble<br>172 Mills Road<br>Kennebunkport, ME 04046 | | | $211,436.65 |
| Ryder Transportation Services<br>P O Box 98723<br>Chicago, IL 60693 | 207-774-4363<br>Ryder Transportation Services<br>P O Box 98723<br>Chicago, IL 60693 | | | $195,040.63 |
| Euler Hermes ACI<br>As assignee of SeaTrade International<br>800 Red Brook Blvd.<br>Owings Mills, MD 21117 | Shelly Swigert-Baldwin<br>410-753-0702<br>Euler Hermes ACI<br>As assignee of SeaTrade International<br>800 Red Brook Blvd.<br>Owings Mills, MD 21117 | | | $132,625.50 |

EXHIBIT
3

Official Form 4
11/92

In re  Robert J. Preble & Sons, Inc.

                       Debtor

Case No. _____

Chapter  11

# List  Of Creditors Holding 20 Largest Unsecured Claims

| (1)<br><br>Name of creditor and complete mailing address including zip code | (2)<br><br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br><br>Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Lewis & Earline Clough<br>147 Wilde District<br>Kennebunkport, ME 04046 | 207-967-4488<br>Lewis & Earline Clough<br>147 Wilde District<br>Kennebunkport, ME 04046 | | | $123,582.40 |
| Arthur LeBlanc<br>851 Alewive Road<br>Kennebunk, ME 04043 | 207-985-3425<br>Arthur LeBlanc<br>851 Alewive Road<br>Kennebunk, ME 04043 | | | $90,425.70 |
| R&P Shellfish<br>8 Seafood Way, Unit 5<br>Boston, ME 02210 | 617-946-9260<br>R&P Shellfish<br>8 Seafood Way, Unit 5<br>Boston, ME 02210 | | | $77,764.05 |
| Portland Shellfish Inc.<br>110 Dartmouth Street<br>South Portland, ME 04106 | 207-799-5290<br>Portland Shellfish Inc.<br>110 Dartmouth Street<br>South Portland, ME 04106 | | | $60,306.20 |
| Four Seas, Inc.<br>Unit 8 Seafood Way<br>Boston, MA 02210 | 617-261-1400<br>Four Seas, Inc.<br>Unit 8 Seafood Way<br>Boston, MA 02210 | | | $60,272.95 |
| Mills Seafood<br>5 Mills Street<br>Boutouche, NB E4S 3S3<br>CANADA | 506-743-2444<br>Mills Seafood<br>5 Mills Street<br>Boutouche, NB E4S 3S3<br>CANADA | | | $50,151.00 |

Official Form 4
11/92

In re **Robert J. Preble & Sons, Inc.** _____    Case No. _____

                                    Debtor                          Chapter  **11** _____

# List Of Creditors Holding 20 Largest Unsecured Claims

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| American Seafoods<br>P O Box 8600-83253<br>Philadelphia, PA 19178-3253 | 508-987-0031<br>American Seafoods<br>P O Box 8600-83253<br>Philadelphia, PA 19178-3253 | | | $45,334.95 |
| Pack Edge Inc.<br>55 Washington Avenue<br>Portland, ME 04101 | 207-799-9600<br>Pack Edge Inc.<br>55 Washington Avenue<br>Portland, ME 04101 | | | $43,976.05 |
| Slade Gorton & Co., Inc.<br>Attn:  Peter Shapiro<br>225 Southampton Street<br>Boston, MA 02118-2724 | 800-225-1573<br>Slade Gorton & Co., Inc.<br>Attn:  Peter Shapiro<br>225 Southampton Street<br>Boston, MA 02118-2724 | | | $40,195.92 |
| Cummings Lobster Company<br>5 Alewive Park Road<br>Kennebunk, ME 04043-6134 | 207-985-1677<br>Cummings Lobster Company<br>5 Alewive Park Road<br>Kennebunk, ME 04043-6134 | | | $35,754.35 |
| A. C. Inc.<br>P O Box 187<br>Beals, ME 04611 | 207-497-2261<br>A. C. Inc.<br>P O Box 187<br>Beals, ME 04611 | | | $34,897.15 |
| Ocean Gardens Products<br>P O Box 201313<br>Dallas, TX 75320-1313 | 800-535-2444<br>Ocean Gardens Products<br>P O Box 201313<br>Dallas, TX 75320-1313 | | | $33,619.50 |

Official Form 4
11/92

In re  Robert J. Prible & Sons, Inc._____    Case No. _____
                              Debtor                      Chapter   11   _____

# List Of Creditors Holding 20 Largest Unsecured Claims

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Portsmouth Chowder<br>P O Box 8853<br>Portsmouth, NH 03802 | 603-431-3132<br>Portsmouth Chowder<br>P O Box 8853<br>Portsmouth, NH 03802 | | | $30,834.00 |
| Lily Transportation Corp.<br>P O Box 3066<br>Boston, MA 02241-3066 | 781-449-8811<br>Lily Transportation Corp.<br>P O Box 3066<br>Boston, MA 02241-3066 | | | $30,468.00 |
| Crystal Cove Seafood<br>168 South Tyson Avenue<br>Floral Park, NY 11001 | 516-354-1135<br>Crystal Cove Seafood<br>168 South Tyson Avenue<br>Floral Park, NY 11001 | | | $29,758.10 |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, Robert M. Bradway, President of the Corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date:  1/24/05                    Signature:  _Robt M Brad_____

                                  Robert M. Bradway ,President
                                  (Print Name and Title)

EXHIBIT

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

R&P SEAFOOD/SHELLFISH, INC. &           )
FOUR SEAS, INC.                          )
                                         )
    Plaintiffs                           )
                                         )
v.                                       )        Case No. 05-cv-10420-MLW
                                         )
KENNEBUNK SAVINGS BANK,                  )
                                         )
    Defendant                            )

## AFFIDAVIT OF SUSAN F. HOCTOR

    I, Susan F. Hoctor, having been first duly sworn according to law, do hereby depose and

say:

    1.    My name is Susan F. Hoctor.

    2.    I am currently employed as Vice President and General Counsel for Kennebunk

Savings Bank and I was also so employed at all times relevant to this litigation.

    3.    Kennebunk Savings Bank ("KSB") is a small, local, community bank, based in

Kennebunk, Maine.  KSB's offices, branches, and employees are only located in Maine.

    4.    As general counsel for KSB I am familiar with summonses and complaints

directed to KSB as well as threatened suits against KSB.

    5.    In early February 2005 KSB received notice of a lawsuit commenced in Maine

State Superior Court, Cumberland County, filed by Portland Shellfish, Inc. against KSB,

regarding a letter written on KSB stationery dated October 8, 2004 regarding Robert J. Preble &

Sons ("Preble Fish").  A true and accurate copy of the complaint in that matter dated February 8,

2005 is attached hereto as Exhibit A.

6.    Thereafter, KSB received notice that R&P Seafood/Shellfish, Inc. and Four Seas, Inc. commenced separate litigation against KSB in the United States District Court for the District of Massachusetts with the filing of a complaint dated March 7, 2005, regarding the same letter written on KSB stationery dated October 8, 2004 regarding Robert J. Preble & Sons.

7.    KSB has also received correspondence dated April 14, 2005 from an attorney representing a Delaware corporation, American Seafood Processing, LLC, ("ASP") threatening to bring suit regarding its receipt of a letter on KSB stationery dated October 8, 2004 regarding Preble Fish.  ASP seeks repayment of an outstanding balance due to them from Preble Fish in the amount of $45,334.95.   A true and accurate copy of the letter is attached hereto as Exhibit B.

Dated:  5/4/05

_____
Susan F. Hoctor

STATE OF MAINE
YORK, ss

Personally appeared the above-named Susan F. Hoctor and made oath that the above statements are true and accurate and are based on her own personal knowledge.

Before me,

_____
Notary Public, Maine
Commission Expires:  _10-27-2011_

KAREN S. KIMBALL
Notary Public, Maine
My Commission Expires October 27, 2011

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

R&P SEAFOOD/SHELLFISH, INC. &    )
FOUR SEAS, INC.    )
    )
    Plaintiffs    )
    )
v.    )    Case No. 05-cv-10420-MLW
    )
KENNEBUNK SAVINGS BANK,    )
    )
    Defendant    )

## AFFIDAVIT OF LISA F. BENDETSON

I, Lisa F. Bendetson, having been first duly sworn according to law, do hereby depose and say:

1.    My name is Lisa F. Bendetson.

2.    I am an attorney at law licensed to practice before this Court. I maintain my office at Thompson & Bowie, LLP, Three Canal Plaza, P.O. Box 4630, Portland ME 04112-4630.

3.    I represent the Defendant, Kennebunk Savings Bank, in the above matter and am filing herewith a Notice of Appearance along with Defendant's Motion to Dismiss.

4.    The Motion to Dismiss addresses Preble Fish's payable records at Section II in the discussion addressing diversity jurisdiction. I received the Preble Fish payable records directly from attorney Marc D. Kornitsky, counsel for Plaintiffs R&P Seafood/Shellfish, Inc. and Four Seas Inc. Attached is a true and accurate copy of those Preble Fish payable records at the pages listing data for R&P and Four Seas. *See* Exhibit A.

5.    The Motion to Dismiss addresses litigation already pending in Maine against Kennebunk Savings Bank, regarding the October 8, 2004 letter. A true and accurate copy of the



Scheduling Order issued by the Maine Superior Court, Cumberland County, in the matter of

Portland Shellfish, Inc. v. Kennebunk Savings Bank, Docket No. CV-05-87 is attached hereto.

*See* Exhibit B.

Dated: 05-04-05                          *Lisa F. Bendetson*

                                         Lisa F. Bendetson

**STATE OF MAINE**
**CUMBERLAND, ss**

        Personally appeared the above-named Lisa F. Bendetson and made oath that the above

statements are true and accurate and are based on her own personal knowledge.

                        Before me,

                        *Marcia S. Thibault*

                        Notary Public, Maine
                        Commission Expires:   3/22/06

                MARCIA S. THIBAULT
                Notary Public, Maine
        My Commission Expires March 22, 2006

2

STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, SS.                             CIVIL ACTION
                                            DOCKET NO. _____

PORTLAND SHELLFISH, INC.,          )
                                   )
                Plaintiff,         )
                                   )
v.                                 )        COMPLAINT AND DEMAND
                                   )        FOR JURY TRIAL
KENNEBUNK SAVINGS BANK,            )
                                   )
                Defendant          )

## PARTIES

1.    Plaintiff, Portland Shellfish, Inc. (the "Plaintiff") is a corporation organized and existing under the laws of the State of Maine with a principal place of business located at 110 Dartmouth Street, South Portland, Maine.

2.    Defendant, Kennebunk Savings Bank (the "Defendant") is a banking institution with a principal place of business located at 104 Main Street, P.O. Box 28, Kennebunk, Maine.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 4 M.R.S.A. § 105.

4.    This Court has personal jurisdiction over Plaintiff because Plaintiff is organized and existing under the laws of the State of Maine and Plaintiff conducts business within the State of Maine.

5.    This Court has personal jurisdiction over Defendant because Defendant is organized and existing under the laws of the State of Maine and Defendant conducts business within the State of Maine.

6.    Venue is proper in this Court pursuant to 14 M.R.S.A. § 501.



EXHIBIT

*A*

## FACTS

`A.    **Plaintiff's Relationship with Robert J. Preble & Sons, Inc.**

7.    Plaintiff is engaged in the business of wholesaling seafood and other products (the "Product") to third-party vendors.

8.    In 1995, Plaintiff entered into a relationship whereby Plaintiff began selling Product to a company named Robert J. Preble & Sons, Inc. ("Preble").

9.    The relationship between Plaintiff and Preble involved the delivery of Product by Plaintiff to Preble upon certain credit terms offered to Preble by Plaintiff. In accordance with the credit terms, Preble was obligated to make payment to Plaintiff for the Product delivered by Plaintiff within thirty (30) days after delivery.

10.    Preble's business was seasonal such that during the summer months, Plaintiff would extend more credit to Preble than at other times of the year with the expectation that Preble would substantially reduce the amount outstanding to Plaintiff by the end of September in any given year.

11.    In early October, 2004, Preble advised Plaintiff that Preble would not be able to reduce the liability outstanding to Plaintiff in accordance with prior practice between Plaintiff and Preble for Product delivered by Plaintiff.

12.    Based on Preble's failure to make payment, Plaintiff communicated to Preble that Plaintiff was discontinuing the delivery of Product to Preble and refused to deliver a scheduled shipment of Product to Preble. Plaintiff also communicated to Preble that Preble would have to pay down its outstanding liability to Plaintiff before Plaintiff would resume its relationship with Preble.

2

13.    At the time that Plaintiff communicated the foregoing to Preble, Preble owed Plaintiff approximately $80,000.

**B.    The Defendant's Involvement**

14.    At and preceding the time at which Preble ceased making timely payments to Plaintiff for the Product delivered to Preble, Preble had a banking relationship with Defendant.

15.    The banking relationship between the Defendant and Preble included the establishment of deposit accounts by Preble with the Defendant, a term lending relationship between the Defendant and Preble whereby Preble borrowed certain amounts from Defendant for repayment over time, and a line of credit between Preble and the Defendant.

16.    On October 8, 2004, Preble provided Plaintiff with a letter addressed specifically to Plaintiff and written by Defendant on Defendant's stationary. By the letter, the Defendant represented to Plaintiff that Preble was in good financial standing with the Defendant and that Defendant was contemplating a "refinancing package" with Preble (the "October 8th Letter"). A true and correct copy of the October 8th Letter is attached hereto as **Exhibit A** and is incorporated herein by reference.

17.    Specifically, the October 8th Letter provides:

> Robert J. Preble & Sons located in Kennebunk, Maine has been our customer since October 2000. Recent deposit balances are in the moderate six-figure range. A lending relationship exists within the medium six-figure range. A line of credit commitment exists within the medium six-figure range with a moderate six-figure range currently outstanding. All accounts are handled in a satisfactory manner. The bank is presently considering a refinancing package for the company which contemplates resolution in November 2004.

3

18.     Upon information and belief, the intent and purpose of the October 8th Letter was to induce Plaintiff to extend further credit to Preble, and/or to refrain from lessening or tightening credit to Preble.

19.     Relying exclusively on the information set forth in the October 8th Letter, Plaintiff, changed its position, to its detriment, and continued to deliver Product to Preble and did not take any actions to enforce its rights to collect any of the amounts outstanding.

20.     Despite the representations made in the October 8th Letter, Preble and Defendant never entered into any refinancing package.

21.     On January 26, 2004, Preble filed for protection under Chapter 11 of the Federal Bankruptcy Code in the United States Bankruptcy Court for the District of Maine.

22.     As of the date of Preble's bankruptcy filing, Preble owed Plaintiff $60,329.20 arising out of Product delivered to Preble by Plaintiff on credit.

## COUNT I
### (Intentional Misrepresentation)

23.     Plaintiff repeats and realleges herein the allegations contained in ¶¶ 1-22 above with the same force and effect as if fully set forth herein.

24.     Defendant knowingly, or with reckless disregard for the truth or falsity of the same, made factual representations to Plaintiff in the October 8th Letter addressed to Plaintiff concerning the financial stability of Preble and Defendant's willingness to refinance Preble's business operations.

25.     Such representations of Defendant were material because Plaintiff had already communicated its unwillingness to continue to deliver Product to Preble on credit and facts

concerning the financial stability of Preble were material to Plaintiff's decision to continue extending credit to Preble and to refrain from taking any more collection actions.

26.    The purpose of Defendant's false statement of material fact was to induce Plaintiff to continue to deliver product to Preble on credit in order to, among other things, increase Preble's inventory assets, and to enable Preble to continue to operate its business, thereby enhancing the likelihood that Preble would be able to pay down the credit line between Preble and Defendant.

27.    Plaintiff justifiably and detrimentally relied on the false misrepresentations of material fact and continued to deliver product to Preble based exclusively on the false representations made by Defendant.

28.    The intentional misrepresentations made by Defendant to Plaintiff constitute deliberate conduct by the Defendant that warrants imposition of punitive damages and attorneys' fees.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and award damages, including punitive damages, in an amount that is just and proper, with costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Negligent Misrepresentation)

29.    Plaintiff repeats and realleges herein the allegations contained in ¶¶ 1-28 above with the same force and effect as if fully set forth herein.

30.    Defendant, in the course of its business, profession or employment had a pecuniary interest in the on-going relationship between Plaintiff and Preble.

31.    Premised on the pecuniary interest of Defendant, Defendant supplied false information to Plaintiff in relation to Plaintiff's business transactions with Preble.

32.    Defendant is liable for the pecuniary loss caused by Defendant to Plaintiff by Plaintiff's justifiable reliance on the information provided to Plaintiff by Defendant because Defendant failed to exercise reasonable care or competence in obtaining or communicating the information.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and award damages in an amount that is just and proper, with costs and reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Constructive Trust)

33.    Plaintiff repeats and realleges herein the allegations contained in ¶¶ 1-32 above with the same force and effect as if fully set forth herein.

34.    Defendant's knowing and/or negligent representations made to Plaintiff were intended to induce and did in fact induce Plaintiff to enhance the assets of Preble by delivering Product on credit (which became inventory of Preble and collateral for Defendant) and by not requiring the immediate satisfaction of Preble's debt to Plaintiff.

35.    Upon information and belief, Defendant has and will in the future benefit from the enhancement of such assets of Preble made by Plaintiff.

36.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court impose a constructive trust in favor of Plaintiff upon all proceeds of assets of Preble received or to be received by and held by

Defendant, to the extent that such proceeds have been enhanced by Plaintiff's delivery of Product to Preble.

## Count IV
### (Unjust Enrichment)

37.   Plaintiff repeats and realleges herein the allegations contained in ¶¶ 1-36 above with the same force and effect as if fully set forth herein.

38.   Plaintiff's continued delivery of Product to Preble conferred a benefit to Defendant, in that, without limitation, the continued delivery of Product to Preble enhanced Preble's inventory and accounts receivable assets, which were collateral for Defendant's loans to Preble, and such delivery of Product enabled Preble to remain in business, to maximize the value of assets that were collateral for Defendant's loans, and to service its loans from Defendant.

39.   By virtue of the October 8th Letter, Defendant encouraged and induced Plaintiff to continue providing Product to Preble that would, in turn, confer a benefit on Defendant.

40.   The acceptance and retention of the benefit conferred upon Defendant make it inequitable for Defendant to retain the benefit without payment to Plaintiff for the value of the benefit conferred.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of the Plaintiff and award damages in an amount that is just and proper, with costs and reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT V
### (Tortious Interference with Prospective Economic Advantage)

41.   Plaintiff repeats and realleges herein the allegations contained in ¶¶ 1-40 above with the same force and effect as if fully set forth herein.

7

42.    Plaintiff and Preble were engaged in a relationship involving prospective economic advantage.

43.    Defendant interfered with the relationship between Plaintiff and Preble by the use of intentional misrepresentations, the purpose and intent of which was to induce Plaintiff to change the nature of its relationship with Preble.

44.    Defendant's interference with the relationship between Plaintiff and Preble proximately caused damages to Plaintiff.

45.    The intentional misrepresentations made by Defendant to Plaintiff constitute deliberate conduct by the Defendant that warrants imposition of punitive damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of the Plaintiff and award damages, including punitive damages, in an amount that is just and proper, with costs and reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

### PLAINTIFF DEMANDS TRIAL BY JURY

DATED: February 6, 2005

George J. Marcus, Esq. (Bar No. 1273)
Kevin J. McCarthy, Esq. (Bar No. 2938)
MARCUS, CLEGG & MISTRETTTA, P.A.
100 Middle Street, East Tower
Portland, ME  04101
(207) 828-8000

Attorneys for Portland Shellfish, Inc.

 **Kennebunk Savings Bank**
Member FDIC


EXHIBIT
A

October 8, 2004

Portland Shellfish Inc.
Attn: Credit Department
110 Dartmouth Street
South Portland, Maine 04106

RE: Robert J. Preble & Sons

To Whom It May Concern:

Robert J. Preble & Sons located in Kennebunk, Maine has been our customer
since October 2000. Recent deposit balances are in the moderate six-figure range.
A lending relationship exists within the medium six-figure range. A line of credit
commitment exists within the medium six-figure range with a moderate six-figure
range currently outstanding. All accounts are handled in a satisfactory manner.
The bank is presently considering a refinancing package for the company which
contemplates resolution in November 2004.

If I can be of any further service, please feel free to contact me at (207) 985-4903.

Sincerely,

Eric A. Andrews
Vice President

EAA/jk

Main Office: 104 Main Street, PO Box 28, Kennebunk, ME 04043-0028
207-985-4903 · 800-339-6573 · Fax: 207-985-6034

OTHER BANKING OFFICES: BERWICK · ELIOT · KENNEBUNK: LOWER VILLAGE & SHOPPERS VILLAGE · KITTERY · NORTH BERWICK · OGUNQUIT · SANFORD · WELLS · YORK

TELEPHONE (617) 227-8010
TELECOPIER (617) 227-2630

*Masterman, Culbert & Tully LLP*

*One Lewis Wharf*
*Boston 02110*

April 14, 2005

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

Eric A. Andrews, Vice President
Kennebunk Savings Bank
104 Main Street
P.O. Box 28
Kennebunk, ME  04043-0028

 RE:   American Seafoods Processing LLC vs. Kennebunk Savings Bank

Dear Mr. Andrews:

 We represent American Seafoods Processing LLC ("**ASP**") with respect to its claim against Kennebunk Savings Bank (the "**Bank**") arising out of reliance by ASP on the negligent representations contained in a letter dated October 8, 2004 from the Bank to ASP in Massachusetts (the "**Letter**"), as to the credit worthiness of Robert J. Preble and Sons, a customer of the Bank ("**Preble**").  Preble is a customer of ASP and has an outstanding balance due to ASP in the amount of $45,334.95.

 ASP is a Delaware limited liability company and is in the business of processing various seafood products, including scallops, for re-sale.  Preble is a Maine corporation and is engaged in the business of processing various seafood products, including scallops, for resale.  ASP has been selling scallops to Preble since January 23, 2003 and has been paid for products sold and delivered in the ordinary course of Preble's business.

 ASP monitored its account with Preble periodically.  In October 2004, there was indication that Preble had a cash flow problem.  ASP requested evidence of financial stability and Preble referred ASP to the Bank.  In response to ASP's concerns, the Bank issued the Letter to ASP assuring ASP as to Preble's continuing credit worthiness, including that the Bank was considering a refinancing package for Preble.  There was no indication by the Bank that Preble was experiencing cash flow problems, other financial difficulties or was on the brink of bankruptcy.

EXHIBIT
B

MCT/148242.3

*Masterman, Culbert & Tully LLP*

Eric A. Andrews, Vice President
April 14, 2005
Page 2


In December 2004, ASP increased its line of credit to Preble based essentially upon the Bank's Letter and its misrepresentations as to Preble's credit status. In addition, Preble's President, Daniel Preble, informed ASP that Preble was refinancing with the Bank (as previously indicated in the Bank's Letter) and that Preble would "catch everyone up". In January 2005, Preble filed for Chapter 11 bankruptcy protection.

In extending credit to Preble, ASP relied upon the negligent misrepresentations of the Bank as to Preble's credit worthiness, which misrepresentations the Bank knew would be relied upon by ASP. As Preble's customer, the Bank profited from the continuing business relationship and extension of credit by ASP to Preble.

Pleased be advised that we intend to pursue all legal remedies available to ASP for its damages and out-of pocket expenses incurred as a result of the negligent misrepresentations disseminated by the Bank.

Very truly yours,

Andrew C. Culbert


ACC/kas

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & FOUR SEAS, INC. | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) Case No. 05-cv-10420-MLW |
| KENNEBUNK SAVINGS BANK, | ) ) ) |
| Defendant | ) |

## DEFENDANT KENNEBUNK SAVINGS BANK'S CORPORATE DISCLOSURE STATEMENT

NOW COMES Defendant Kennebunk Savings Bank, by and through its undersigned

counsel, and pursuant to L.R.D.Mass. 7.3 states that it has no parent companies, subsidiaries, or

affiliates that have issued shares to the public.

Dated at Portland, Maine this ___ll___ day of May, 2005.

Lisa F. Bendetson, Esq. (BBO#567069)
Attorney for Defendant, Kennebunk Savings Bank


James M. Bowie, Esq.[1]
Attorney for Defendant, Kennebunk Savings Bank


**THOMPSON & BOWIE, LLP**
Three Canal Plaza; P.O. Box 4630
Portland, ME 04112
(207) 774-2500

---

[1] A rule 83.5.3(b) application is pending which was filed simultaneously on this date, seeking leave of the Court for Attorney Bowie to appear and practice in this Court in this case. L.R.D.Mass. 83.5.3(b).

## CERTIFICATE OF SERVICE

I, Lisa F. Bendetson, attorney for Defendant, Kennebunk Savings Bank, hereby certify

that I made service of the foregoing document titled: "Defendant Kennebunk Savings Bank's

Corporate Disclosure Statement" by depositing a true copy of same, on this date, in the U.S.

Mail, postage pre-paid, to:

Marc D. Kornitsky, Esq.
Antico, Barrett, Burke & Kornitsky, LLP
One Essex Green Drive
Peabody, MA  01960

Dated at Portland, Maine, this __11th__ day of May, 2005.

Lisa F. Bendetson, Esq. (BBO#567069)
Attorney for Defendant,
Kennebunk Savings Bank

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
(207) 774-2500

CUMBERLAND

STATE OF MAINE
CUMBERLAND, MAINE
CLERK'S OFFICE

2005 MAR 18 A 8: 05

SUPERIOR COURT
Docket No. CV-  CV-05-87

PORTLAND SHELLFISH, INC.

_____
Plaintiff(s)

v.

**SCHEDULING ORDER**
(M.R.Civ.P. 16(a))

KENNEBUNK SAVINGS BANK

_____
Defendant(s)

**1.    Joinder of Parties and Amendment of Pleadings.** Unless otherwise ordered by the court, new parties may not be joined, and third party complaints and motions to amend the pleadings may not be filed later than 4 months from the date of this order. If new parties are added, all deadlines remain the same unless otherwise ordered by the court.

**2.    Expert Witness Designations.** Unless the court orders otherwise for good cause shown, each party may designate no more than one expert per issue. For purposes of expert witness designation, parties with common interests shall be considered one party. Unless the court orders otherwise for good cause shown, the expert witness designation shall include a complete statement of the information and reports required by M.R.Civ.P. 26(b)(4)(A)(i). The designation by the plaintiff(s) shall be served on all other parties not later than 3 months from the date of this order. The designation by the defendant(s) shall be served on all other parties not later than 5 months from the date of this order. No extensions of the designation deadlines will be granted except on motion demonstrating good cause and that discovery was timely and diligently conducted in good faith. Counsel shall not assume that agreements to designate experts beyond these deadlines will be accepted by the court. Such extensions shall not delay trial.

**3.    Discovery Deadline.** Unless the court orders otherwise for good cause shown, discovery shall be completed not later than 8 months after the date of this order. Discovery shall be initiated so as to enable the opposing party to serve a response within the period allowed by the rules but in advance of this deadline. No extensions of the discovery period will be granted except on motion demonstrating good cause and that discovery was timely and diligently conducted in good faith. Counsel shall not assume that agreements to conduct discovery beyond this deadline will be accepted by the court. Such agreements shall not delay trial.

**4.    Alternative Dispute Resolution Conference. (ADR)** This case (is) (XXXXX) subject to the requirements of M.R.Civ. P. 16B, according to the plaintiff's summary sheet. If subject to Rule 16B, the parties shall confer promptly to choose an ADR process and neutral third party to conduct the ADR process. The plaintiff shall notify the court of the ADR process selected, the name of the neutral and the time and place for the ADR conference not later than 60 days after the date of this order. If the parties are unable to agree on either the process or a neutral, they shall notify the court promptly in writing. The ADR conference shall be held and completed not later than 120 days after the date of this order. A report of the ADR conference shall be filed by the neutral or the parties not later than 130 days after the date of this order.

CV-127, Rev. 02/02

EXHIBIT

*A*

5.    **Jury Trial.** A plaintiff requesting trial by jury shall file with the clerk a request in writing accompanied by the $300 fee within 150 days from the date of this order if the case is subject to the requirements of Rule 16B for alternative dispute resolution, or within 20 days from the date of this order if the case is not subject to Rule 16B. The defendant, or any other party, may request trial by jury by filing a request in writing accompanied by the $300 fee within 160 days from the date of this order if the case is subject to the requirements of Rule 16B for alternative dispute resolution, or within 30 days from the date of this order if the case is not subject to Rule 16B. If a party fails to make a request and tender the payment in accordance with this provision, the right to jury trial is waived. If a party seeks a jury trial on less than all issues, they shall so state in their request.

6.    **Estimate of Time Required for Trial.** Not later than 15 days after the discovery deadline, the parties shall confer and the plaintiff shall file with the court a good faith estimate of the number of days required for trial. Counsel may request the case be processed pursuant to Rule 16(b) or 16(c).

7.    **Exchange of Witness and Exhibit Lists.** Not later than 15 days after the discovery deadline, each party shall serve on all other parties a list of the name and place of residence or business address of each witness expected to be called at trial and a list of exhibits, including demonstrative aides to be offered or used at trial.

8.    **Deadline for Filing Motions.** All motions, except motions in limine or those affecting the conduct of the trial, shall be filed pursuant to M.R.Civ.P. 7 not later than 30 days following the close of discovery. Motions filed after the close of discovery will not prevent a case from being placed on the trial list.

9.    **Sanctions.** Failure to comply with deadlines as ordered may result in the imposition of sanctions pursuant to M.R.Civ.P 16(d).

Motions to amend or alter this order shall be filed within 10 days of the date of this order.

The entry will be: "Scheduling Order filed. (Discovery deadline is ___November 17, 2005___ ) (Parties to select ADR process and neutral)."

Date: ___3/17/05___                          _____
                                                            Justice, Superior Court

Date: 04/16/05
Time: 8:32 AM

ROBERT J. PREBLE & SON

AP Cash Requirements Report
First Period Days:  30
Second Period Days:  60
Third Period Days:  90
Fourth Period Days: 120

| Payable Number | Purchase Date | Invoice Amount | Open Balance |
|---|---|---|---|
| 62977 | 11/16/04 | 864.00 | 864.00 |
| 63091 | 11/19/04 | 1,122.00 | 1,122.00 |
| 63178 | 11/23/04 | 516.00 | 516.00 |
| 63293 | 11/30/04 | 537.00 | 537.00 |
| 63376 | 12/03/04 | 285.00 | 285.00 |
| 63429 | 12/07/04 | 330.00 | 330.00 |
| 63525 | 12/10/04 | 480.00 | 480.00 |
| 63562 | 12/14/04 | 250.00 | 250.00 |
| 63672 | 12/17/04 | 525.00 | 525.00 |
| 63699 | 12/20/04 | 828.00 | 828.00 |
| 63934 | 01/04/05 | 480.00 | 480.00 |
| 64030 | 01/12/05 | 480.00 | 480.00 |
| 64063 | 01/11/05 | 480.00 | 480.00 |
| 64233 | 01/14/05 | 525.00 | 525.00 |
| SubTotal | | 9,127.00 | 9,127.00 |

Vendor: 104400 - FOUR SEA'S, INC

| | | | |
|---|---|---|---|
| 011705 | 01/17/05 | 5,470.50 | 5,470.50 |
| 50399 | 09/15/04 | 5,577.50 | 5,577.50 |
| 50451 | 09/20/04 | 6,810.00 | 6,810.00 |
| 50509 | 09/27/04 | 5,529.00 | 5,529.00 |
| 50525 | 09/28/04 | 3,060.00 | 3,060.00 |
| 50612 | 10/05/04 | 4,500.00 | 4,500.00 |
| 50628 | 10/06/04 | 1,350.00 | 1,350.00 |
| 50679 | 10/11/04 | 6,750.00 | 6,750.00 |
| 50828 | 10/29/04 | 3,596.40 | 3,596.40 |
| 50860 | 11/02/04 | 2,795.85 | 2,795.85 |
| 50880 | 11/03/04 | 2,083.40 | 2,083.40 |
| 50923 | 11/11/04 | 4,810.00 | 4,810.00 |
| 50954 | 11/15/04 | 2,887.50 | 2,887.50 |
| 50986 | 11/22/04 | 3,358.50 | 3,358.50 |
| 51011 | 11/24/04 | 1,465.00 | 1,465.00 |
| 51111 | 12/17/04 | 1,728.00 | 1,728.00 |
| 51123 | 12/20/04 | 1,400.00 | 1,400.00 |
| 51145 | 12/22/04 | 2,571.80 | 2,571.80 |
| SubTotal | | 65,743.45 | 65,743.45 |

EXHIBIT B

AP Cash Requirements Report
First Period Days:    30
Second Period Days:   60
Third Period Days:    90
Fourth Period Days:  120

| Payable Number | Purchase Date | Invoice Amount | Open Balance |
|---|---|---|---|
| 3012243 | 12/02/04 | 58.35 | 58.35 |
| 3012263 | 12/05/04 | 1,664.61 | 1,664.61 |
| 3012317 | 12/07/04 | 698.01 | 698.01 |
| 3012368 | 12/12/04 | 1,198.61 | 1,198.61 |
| 3012437 | 12/15/04 | 1,110.23 | 1,110.23 |
| 3012461 | 12/16/04 | 628.47 | 628.47 |
| 3012484 | 12/19/04 | 2,109.68 | 2,109.68 |
| 3012594 | 12/26/04 | 1,879.94 | 1,879.94 |
| 3012660 | 01/19/05 | 517.55 | 517.55 |
| 4230CK-IN | 01/18/05 | 4,351.65 | 4,351.65 |
| CD PAY TRF | 01/26/05 | -32,259.19 | -32,259.19 |
| FEES2005 | 01/26/05 | 7,482.45 | 7,482.45 |
| OVERPAID | 01/19/05 | -1,088.00 | -1,088.00 |
| RET FEES | 01/19/05 | -2,386.90 | -2,386.90 |
| SubTotal | | 0.00 | 0.00 |

Vendor: 108855 - PR PROMOTIONS

| | | | |
|---|---|---|---|
| 5944A | 11/11/04 | 410.54 | 410.54 |
| SubTotal | | 410.54 | 410.54 |

Vendor: 109075 - Robbin's Clams

| | | | |
|---|---|---|---|
| 3749 | 12/06/04 | 1,633.00 | 1,633.00 |
| 3753 | 12/09/04 | 2,272.00 | 2,272.00 |
| 3757 | 12/13/04 | 1,704.00 | 1,704.00 |
| 3758 | 12/16/04 | 1,562.00 | 1,562.00 |
| 3759 | 12/20/04 | 1,633.00 | 1,633.00 |
| 3764 | 12/23/04 | 1,704.00 | 1,704.00 |
| 4366 | 01/10/05 | 2,040.00 | 2,040.00 |
| 4371 | 01/13/05 | 1,530.00 | 1,530.00 |
| 4373 | 01/17/05 | 1,700.00 | 1,700.00 |
| 4882 | 11/15/04 | 852.00 | 852.00 |
| 8972 | 08/23/04 | 1,368.00 | 1,368.00 |
| SubTotal | | 17,998.00 | 17,998.00 |

Vendor: 109110 - R&P SHELLFISH

| | | | |
|---|---|---|---|
| 010405 | 01/04/05 | -500.00 | -500.00 |
| 012505 | 01/25/05 | -300.00 | -300.00 |

Date: 04/16/05
Time: 8:22 AM

ROBERT J. PREBLE & SON

AP Cash Requirements Report
First Period Days:  30
Second Period Days:  60
Third Period Days:  90
Fourth Period Days: 120

| Payable Number | Purchase Date | Invoice Amount | Open Balance |
|---|---|---|---|
| 39578CRD | 12/28/04 | -500.00 | -500.00 |
| 39868 | 01/07/05 | -500.00 | -500.00 |
| 40474CR | 01/14/05 | -500.00 | -500.00 |
| 539756 | 09/13/04 | 4,361.50 | 4,361.50 |
| 539769 | 09/13/04 | 7,050.00 | 7,050.00 |
| 539917 | 09/15/04 | 3,850.50 | 3,850.50 |
| 539986 | 09/16/04 | 4,875.00 | 4,875.00 |
| 540324 | 09/23/04 | 4,315.25 | 4,315.25 |
| 540338 | 09/23/04 | 2,730.00 | 2,730.00 |
| 540489 | 09/27/04 | 3,456.50 | 3,456.50 |
| 540611 | 09/29/04 | 2,700.00 | 2,700.00 |
| 540688 | 09/30/04 | 1,650.00 | 1,650.00 |
| 540951 | 10/06/04 | 3,755.00 | 3,755.00 |
| 541020 | 10/07/04 | 3,150.00 | 3,150.00 |
| 541067 | 10/08/04 | 123.20 | 123.20 |
| 541167 | 10/11/04 | 6,405.00 | 6,405.00 |
| 541253 | 10/12/04 | 2,700.00 | 2,700.00 |
| 541621 | 10/19/04 | 620.00 | 620.00 |
| 541732 | 10/21/04 | 5,000.00 | 5,000.00 |
| 541742 | 10/21/04 | 1,950.00 | 1,950.00 |
| 542201 | 11/01/04 | 2,435.00 | 2,435.00 |
| 542318 | 11/03/04 | 375.00 | 375.00 |
| 542326 | 11/03/04 | 3,000.00 | 3,000.00 |
| 542456 | 11/05/04 | 3,750.00 | 3,750.00 |
| 542478 | 11/08/04 | 744.00 | 744.00 |
| 542704 | 11/11/04 | 745.00 | 745.00 |
| 542886 | 11/16/04 | 3,855.00 | 3,855.00 |
| 543127 | 11/22/04 | 429.00 | 429.00 |
| 543910 | 12/10/04 | 4,300.00 | 4,300.00 |
| 544025 | 12/15/04 | 15.00 | 15.00 |
| 544130 | 12/16/04 | 801.60 | 801.60 |
| 544157 | 12/17/04 | 110.00 | 110.00 |
| 544281 | 12/20/04 | 1,012.50 | 1,012.50 |
| 544963 | 01/05/05 | -500.00 | -500.00 |
| SubTotal | | 77,464.05 | 77,464.05 |