UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & FOUR SEAS, INC.<br><br>Plaintiffs<br><br>v.<br><br>KENNEBUNK SAVINGS BANK,<br><br>Defendant | Case No. 05-cv-10420-MLW |

## DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO DISMISS/ CHANGE OF VENUE

Pursuant to Local Rule 7.1(B)(3), Defendant has filed herewith on this date a Motion titled: "Defendant's Motion to Permit Reply Memorandum." Accordingly, this Reply memorandum is offered in conjunction with the pending motion to dismiss/change of venue.

### Argument

**I.  Specific Jurisdiction is not Established pursuant to the Massachusetts Long Arm Statute.**

Plaintiffs argue that the focus of the Long Arm Statute inquiry "must be on the substance not the form." *See* Plaintiffs' Objection at p. 5. The Bank agrees. The substance of the matter is that: Preble, not KSB, had the relationship with Plaintiffs and Preble provided detail to Plaintiffs about its banking relationship with KSB through a letter that KSB prepared for Preble. The cases that Plaintiffs rely upon to support their arguments are distinguishable from this case. *Lui, Murphy,* and *Northern Laminate* all involved situations where the defendants were acting for their own benefit. *See id.* at pp.

5-6 (discussing *Lui v. DeFelice*, 6 F.Supp.2d 106 (D.Mass. 1998); *Murphy v. Erwin-Wasey*, 460 F.2d 661 (1st Cir. 1972); *Northern Laminate Sales, Inc. v. Davis*, 403 F.3d 14 (1st Cir. 2005)). Here, the situation is markedly different. The Bank was merely a repository of information about Preble. Suing the Bank would be like suing a library. Preble decided to provide information to Plaintiffs, not the Bank. Preble delivered the information to Plaintiffs, not the Bank. There is no evidence that the Bank undertook any activity intending to subject itself to suit in the Commonwealth of Massachusetts. Plaintiffs have failed to establish specific personal jurisdiction pursuant to the Massachusetts Long Arm Statute.

## II. Subjecting the Bank to the Personal Jurisdiction of the Massachusetts Courts Violates the Bank's Due Process Rights.

Plaintiffs have failed to counter the Bank's argument that subjecting the Bank to suit in Massachusetts violates its due process rights.

### A. Neither the Relatedness Test nor the Purposeful Availment Test Are Satisfied.

Plaintiffs dispute that the KSB letters were form letters, since they were addressed to R&P and Four Seas specifically. *See* Plaintiffs' Objection at p. 7. However, the mere fact that the two addressees were inserted into the letter, does not change the fact that the letters were indeed form letters. As the record reflects, the same letter was issued to multiple Preble customers at Preble's request. Multiple identical versions of the letter, except for the name of the addressee, have been produced in conjunction with this matter. *See, e.g.*, Complaint at p. 3, ¶¶ 16-17 and at Exhibit A attached to Plaintiffs' Complaint (letters to R&P and Four Seas); *see also* Defendant's Motion to Dismiss at Exhibit 4 (Hoctor Affidavit) at p. 1, ¶ 5 (citing Maine litigation) at Exhibit A attached thereto

2

(Maine Complaint) at p. 3, ¶ 17 and at Exhibit A attached thereto (the letter); *see also id.* (Hoctor Affidavit) at p. 2, ¶ 7 (referencing another October 8, 2004 letter directed to ASP) and at Exhibit B attached thereto (the notice from ASP). The mere fact that the Bank put the names "R&P" and "Four Seas" on copies of the form letter at Preble's request does not satisfy the relatedness test or the purposeful availment test. Plaintiffs have not produced any properly supported record proof that the Bank did anything more than send out form letters addressing the status of its banking relationship with Preble. *See, e.g.,* Plaintiffs' Objection at p. 7 (citing Clough affidavit); *cf. id.* at Clough Affidavit. The motivations behind Preble's actions vis a vi the Plaintiffs is a matter that should be addressed between Preble and Plaintiffs.[1]

### B. The Reasonableness Test Weighs Against the Exercise of Jurisdiction.

Plaintiffs have failed to address the Bank's detailed discussion of how application of the gestalt factors demonstrate that it is unreasonable to subject the Bank to jurisdiction in the Massachusetts courts. *See* Defendant's Motion at pp. 9-13; *cf.* Plaintiffs' Objection at p. 9 (first paragraph at top of page). The equities weigh against Plaintiffs, as the Bank discussed. *Id.*

### III. Diversity Jurisdiction is not Established.

The *F.C.I.* case cited by Plaintiffs does indicate that the potential for punitive damages may be considered in conjunction with establishing the minimum amount in controversy. *See* Plaintiffs' Objection at p. 9 (discussing *F.C.I. Realty Trust v. Aetna Ca.*

---

[1] Moreover, Defendant objects to Plaintiffs' reliance upon proffered exhibits that are not properly supported, executed, or that rely upon hearsay. The Court may consider materials extrinsic to the complaint in ruling upon a motion to dismiss for lack of personal jurisdiction. *See, e.g., Callahan v. Harvest Board Int'l, Inc.,* 138 F.Supp.2d 147, 152-53 (D.Mass. 2001). However, this does not eradicate the requirement that the evidence be duly proffered. *Id.* For example, Plaintiffs' Exhibit C, the Bradway Affidavit, contains extensive hearsay and conclusory assertions which can not accepted for the truth of the matter asserted in this litigation.

*& Sur. Co.*, 906 F.Supp. 30, 32 n. 1 (D.Mass. 1995)). However, it also indicates that the claim must be for colorable multiple damages. *See F.C.I.*, 906 F.Supp. 32 n.1 (citing *Bell v. Preferred Life Assur. Soc.*, 320 U.S. 238, 240 (1943)). Plaintiffs' state consumer protection act claim is not viable based on the conduct attributable to the Bank in providing the October 8, 2004 letter to Preble for Preble's use with its customers R&P and Four Seas. The minimum amount in controversy requirement of $75,000.00 per plaintiff is not satisfied.

### IV. <u>Venue Should Lie in Maine.</u>

Plaintiffs have conceded that both documents and witnesses in this case are located in Maine. *See* Plaintiffs' Objection at pp. 10-11. Plaintiff did not assert that any documents or witnesses are located in Massachusetts. *See id.* The location of Plaintiffs' lawyers in Massachusetts should not matter. *See, e.g.*, Plaintiffs' Objection at Exhibit A (Scola Affidavit) at ¶ 9 and at Exhibit D (Lundin Affidavit) at ¶ 8. R&P and Four Seas specifically chose to do business with Preble, a company located in Maine. *See* Plaintiffs' Complaint at ¶ 10. The Bank made no similar choice to engage in a business relationship of any kind with either Plaintiff. Again, practical considerations as well as a weighing of the equities of the matter favor a change of venue to the United States District Court for the District of Maine.

### **CONCLUSION**

WHEREFORE, for all the foregoing reasons, as well as the reasons set forth in Defendant's original motion and supporting documents, Defendant prays that its motion be GRANTED and that the Court enter an Order DISMISSING this litigation, finding that the Massachusetts courts lack personal jurisdiction over KSB, or, in the alternative

TRANSFERRING this matter to the United States District Court, for the District of Maine.

Dated at Portland, Maine this 31st day of May, 2005.

_____
Lisa F. Bendetson, Esq. (BBO#567069)
Attorney for Defendant, Kennebunk Savings Bank

_____
James M. Bowie, Esq.
Attorney for Defendant, Kennebunk Savings Bank

**THOMPSON & BOWIE, LLP**
Three Canal Plaza; P.O. Box 4630
Portland, ME 04112
(207) 774-2500

## CERTIFICATE OF SERVICE

I, Lisa F. Bendetson, attorney for Defendant, Kennebunk Savings Bank, hereby certify that I made service of the foregoing document titled: "Defendant's Reply to Plaintiffs' Objection to Defendant's Motion to Dismiss/Change of Venue" via depositing a true copy of same, on this date, in the U.S. Mail, postage pre-paid, to: Marc D. Kornitsky, Esq., Antico, Barrett, Burke & Kornitsky, LLP, One Essex Green Drive, Peabody, MA 01960.

Dated at Portland, Maine, this 31st day of May, 2005.

_____
Lisa F. Bendetson, Esq. (BBO#567069)
Attorney for Defendant, Kennebunk Savings Bank

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P.O. Box 4630
Portland, ME 04112
(207) 774-2500