UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & <br> FOUR SEAS, INC. <br><br> Plaintiffs <br><br> v. <br><br> KENNEBUNK SAVINGS BANK, <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 05-cv-10420-MLW <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, Kennebunk Savings Bank, (hereafter, "Defendant"), by and through its attorneys, Thompson & Bowie, LLP, and answers Plaintiffs' Complaint as follows.

## PARTIES

1. Defendant has insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and, therefore, denies same.

2. Defendant has insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint and, therefore, denies same.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

**JURISDICTION AND VENUE**

4. Paragraph 4 of Plaintiffs' Complaint states the legal contentions and conclusions of the Plaintiffs, and therefore requires no answer. To the extent Paragraph 4 is construed to contain allegations of fact, Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Paragraph 5 of Plaintiffs' Complaint states the legal contentions and conclusions of the Plaintiffs, and therefore requires no answer. To the extent Paragraph 5 is construed to contain allegations of fact, Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. Paragraph 6 of Plaintiffs' Complaint states the legal contentions and conclusions of the Plaintiffs, and therefore requires no answer. To the extent Paragraph 6 is construed to contain allegations of fact, Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Paragraph 7 of Plaintiffs' Complaint states the legal contentions and conclusions of the Plaintiffs, and therefore requires no answer. To the extent Paragraph 7 is construed to contain allegations of fact, Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Paragraph 8 of Plaintiffs' Complaint states the legal contentions and conclusions of the Plaintiffs, and therefore requires no answer. To the extent Paragraph 8 is construed to contain allegations of fact, Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

## **FACTS**

9. Defendant has insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint and, therefore, denies same.

10. Defendant has insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint and, therefore, denies same.

11. Defendant has insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint and, therefore, denies same.

12. Defendant has insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and, therefore, denies same.

13. Defendant has insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and, therefore, denies same.

14. Defendant admits that it had a banking relationship with Preble. Defendant has insufficient information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Plaintiffs' Complaint and, therefore, denies same.

15. Defendant admits the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Defendant admits that Kennebunk Savings Bank prepared the October 8, 2004 letters attached to Plaintiffs' Complaint as Exhibit A. The letters, however, speak for themselves, thus, Defendant denies the remaining allegations of Paragraph 16 of Plaintiffs' Complaint.

17. Defendant admits that Paragraph 17 of Plaintiffs' Complaint quotes from the letters attached to Plaintiffs' Complaint as Exhibit A. The letters, however, speak for themselves. Defendant denies that Paragraph 17 of Plaintiffs' Complaint quotes the entire letters.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendant admits that it did not enter a refinancing package with Preble. Defendant denies the remaining allegations of Paragraph 20 of Plaintiffs' Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Defendant has insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and, therefore, denies same.

## COUNT I
### (Intentional Misrepresentation)

23. Defendant repeats and realleges with the same force and effect as if set forth in full herein its responses to the allegations contained in Paragraphs 1-22 of Plaintiffs' Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25. Defendant admits that the October 8, 2004 letters contain the statement that "All accounts are handled in a satisfactory manner." The letters, however, speak for themselves, thus, Defendant denies the remaining allegations of Paragraph 25 of Plaintiffs' Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Defendant has insufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiffs' Complaint that "Plaintiffs believed the Defendant's statements in its October 8th Letters to be true and relied upon them" and, therefore, denies same. Defendant denies the remaining allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint be dismissed and for its costs and for such other relief the Court deems just and appropriate.

## COUNT II
### (Negligent Misrepresentation)

33. Defendant repeats and realleges with the same force and effect as if set forth in full herein its responses to the allegations contained in Paragraphs 1-32 of Plaintiffs' Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint be dismissed and for its costs and for such other relief the Court deems just and appropriate.

## COUNT III
### (Unjust Enrichment)

39. [sic]Defendant repeats and realleges with the same force and effect as if set forth in full herein its responses to the allegations contained in Paragraphs 1-39 of Plaintiffs' Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. Defendant admits the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint be dismissed and for its costs and for such other relief the Court deems just and appropriate.

## COUNT IV
### (Breach of Covenant of Good Faith and Fair Dealing)

44. Defendant repeats and realleges with the same force and effect as if set forth in full herein its responses to the allegations contained in Paragraphs 1-43 of Plaintiffs' Complaint.

45. Paragraph 45 of Plaintiffs' Complaint states the legal contentions and conclusions of the Plaintiffs, and therefore requires no answer. To the extent Paragraph 45 is construed to contain allegations of fact, Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint be dismissed and for its costs and for such other relief the Court deems just and appropriate.

## COUNT V
## (Massachusetts General Law C. 93A, § 11)

48.	Defendant repeats and realleges with the same force and effect as if set forth in full herein its responses to the allegations contained in Paragraphs 1-47 of Plaintiffs' Complaint.

49.	Paragraph 49 of Plaintiffs' Complaint states the legal contentions and conclusions of the Plaintiffs, and therefore requires no answer. To the extent Paragraph 49 is construed to contain allegations of fact, Defendant denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.	Defendant denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.	Paragraph 51 of Plaintiffs' Complaint states the legal contentions and conclusions of the Plaintiffs, and therefore requires no answer. To the extent Paragraph 51 is construed to contain allegations of fact, Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.	Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint be dismissed and for its costs and for such other relief the Court deems just and appropriate.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' complaint fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Plaintiffs' complaint fails for lack of jurisdiction and improper venue pursuant to Rule 12(b)(1-3) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are due to the independent and intervening causes of third parties other than Kennebunk Savings Bank, and therefore no claim lies as against said defendant.

4. Plaintiffs' claims are barred because the information provided by Kennebunk Savings Bank was accurate.

5. Plaintiffs' claims are barred because the actions taken by Defendant Kennebunk Savings Bank were made in good faith.

6. Plaintiffs' claims are barred by the doctrine of waiver.

7. Plaintiffs' claims are barred by the doctrine of laches.

8. Plaintiffs are estopped to assert the claims as against Kennebunk Savings Bank.

9. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

10. Plaintiffs' claims are barred by their failure to mitigate damages, if any.

11. Plaintiffs' claims are barred by their own comparative fault, or, alternatively, must be reduced by their comparative fault.

12. Plaintiffs' claims are barred by the doctrine of release.

13. Plaintiffs' claims are barred because reliance on the October 8th Letters does not constitute justifiable reliance.

14. Plaintiffs' claims are barred because Plaintiffs did not confer a benefit upon Kennebunk Savings Bank.

15. Plaintiffs' claims are barred because the conduct complained by Defendant did not occur "primarily and substantially" in Massachusetts.

16. Plaintiffs' claims are barred for lack of a business relationship between Defendant and Plaintiffs.

17. Plaintiffs' claims are barred for lack of an unfair act or practice within the meaning of Chapter 93A.

18. Plaintiffs' claims are barred for lack of duty as between Defendant and Plaintiffs.

19. Plaintiffs' claims are barred for lack of any fiduciary relationship between Defendant and Plaintiffs.

20. Plaintiffs' claims are barred for lack of intentional, knowing, and willful conduct.

21. Plaintiffs' claims are barred by the bankruptcy action involving Preble, Case No. 05-20111, United States Bankruptcy Court, District of Maine.

Dated at Portland, Maine this 7th day of February, 2006.

/s/ Lisa F. Bendetson

Lisa F. Bendetson, Esq. (BBO#567069)
Attorney for Defendant,
Kennebunk Savings Bank


/s/ James M. Bowie

James M. Bowie, Esq.
Attorney for Defendant,
Kennebunk Savings Bank

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
(207) 774-2500

## CERTIFICATE OF SERVICE

I, Lisa F. Bendetson, attorney for Defendant, Kennebunk Savings Bank, hereby certify that I made service of the foregoing document titled: "Defendant's Answer and Affirmative Defenses" with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: Marc D. Kornitsky, Esq.

I hereby certify that on this date I did not mail by the United States Postal Service, said Motion to non-registered participants as the only non-registered participant for this case is my co-counsel, attorney James M. Bowie.

Dated at Portland, Maine, this 7th day of February, 2006.

/s/ Lisa F. Bendetson

Lisa F. Bendetson, Esq. (BBO#567069)
Attorney for Defendant,
Kennebunk Savings Bank

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
(207) 774-2500

13