IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

R & P SEAFOOD/SHELLFISH, INC., and,
FOUR SEAS, INC.
          Plaintiffs,

CIVIL ACTION NO. 05-cv-10420-MLW

KENNEBUNK SAVINGS BANK,
          Defendant.

## PLAINTIFFS' MEMORANDUM REGARDING CHOICE OF LAW

Massachusetts is the correct choice of law for this action against Kennebunk Savings Bank ("KSB" or the "Bank"). This action is founded on the letters dated October 8, 2004 (the "letters") addressed to the plaintiffs' Boston addresses (copies attached to plaintiffs' Complaint). The plaintiffs' claims are simple and sound in tort. Plaintiffs allege that the Bank intentionally or negligently misrepresented the creditworthiness of its customer (Prebble Seafood) to the plaintiffs in the letters. Plaintiffs further allege that the Bank's conduct was unfair and deceptive and violated M.G.L. c. 93A. Plaintiffs claim that when the Bank chose to speak as to the customer's creditworthiness, it was required to do so accurately and completely. The Bank did not do so, and further failed to subsequently correct the inaccuracies.

1

The Bank <u>knew</u> the letters would be delivered to Massachusetts. (See e-mail to Eric Andrews at Exhibit A to defendant's motion in limine re: choice of law). The Bank <u>voluntarily</u> chose to send the unsolicited letters into Massachusetts. Plaintiffs <u>read and relied</u> on the letters in Massachusetts. In reliance on the letters, plaintiffs allowed KSB's customer to pick up fish on credit in Massachusetts. Plaintiffs <u>suffered significant losses</u> in Massachusetts.

"Traditionally, in matters of tort, the courts of this Commonwealth apply the substantive laws of the jurisdiction wherein the tort occurred." <u>Cosme v. Whitin Mach. Works, Inc.</u>, 417 Mass. 643, 646, 632 N.E.2d 832, 834 (1994), *citing* <u>Cohen v. McDonnell Douglas Corp.</u>, 389 Mass. 327, 333, 450 N.E.2d 581 (1983).

The Bank argues that it is a "regulated entity, whose conduct is defined by Maine and federal law." The Bank further argues that it was not authorized to disclose information to the plaintiffs after the letters due to 9-B M.R.S.A. §164(2). This Maine legislation was intended to protect the privacy of consumers, including commercial entities.

In this case, the Bank, <u>after being requested to do so by its customer</u>, made a credit reference, which plaintiffs allege was inaccurate and misleading. What a bank can and cannot disclose about a customer is a tangential issue from the issue of whether the letters contained misrepresentations. Maine has not addressed alleged creditworthiness misrepresentations as clearly as Massachusetts. *See* M.G.L.A. c. 259, § 4 (statute of frauds for representations of another entities' creditworthiness) and M.G.L.A. c. 93A (statute addressing unfair and deceptive acts and practices). Massachusetts courts have put great emphasis on this legislation in prior choice of law decisions concerning misrepresentation cases. <u>Emery Corp. v. Century Bancorp, Inc.</u>, 588 F.Supp. 15 (1984);

*Computer Systems Eng'g v. Qantel Corp.*, 571 F.Supp. 1365, 1368 (D.Mass.1983), aff'd, 740 F.2d 59 (1st Cir.1984)(Massachusetts has a policy with respect to deterring unfair and deceptive acts and practices, i.e., M.G.L.A. c. 93A).

The Bank did not inform the recipients of the letter that it was "a regulated entity, whose conduct is defined by Maine and federal law." The Bank voluntarily chose to address the credit reference to Massachusetts persons. Most importantly, the Bank misrepresented the truth.

I.   ARGUMENT

The parties agree that this court must apply the forum state's choice of law rules in a diversity action. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 (1941). Massachusetts does not employ any particular choice of law doctrine. Instead, Massachusetts employs a "functional approach" in determining the appropriate law for the individual case. *Cosme v. Whitin Mach. Works, Inc.*, 417 Mass. 643, 645, 632 N.E.2d 832, 834 (1994). This "functional" or "flexible approach" to choice of law questions is similar to the analysis stated in the *Restatement (Second) of Conflict of Laws* (the "*Restatement*"). *Pevoski v. Pevoski*, 371 Mass. 358, 358 N.E.2d 416 (1976).

In *Bushkin Assoc. Inc. v. Raytheon Co.*, 393 Mass. 622, 473 N.E.2d 662 (1985), the Massachusetts Supreme Judicial Court stated, "[w]e, therefore, determine the choice-of-law question by assessing various choice-influencing considerations. It is, of course, obvious that, when courts turn to such considerations, they undertake to reach a fair result in a given case…By considering a variety of factors and not simply, as some

have argued, choosing the State with the greatest 'interest' in the particular issue.. *Bushkin Assoc. Inc.*, 393 Mass. at 631, 473 N.E.2d at 668 citing Reese, *The Second Restatement of Conflict of Laws Revisited*, 34 Mercer L.Rev. 501, 518 (1983).

The Massachusetts Supreme Judicial Court has concluded that the first step in the choice of law process is to identify and apply the *Restatement* sections that are most analogous to the particular issue in dispute. *See, e.g., New England Tel. & Tel. Co. v. Gourdeau Constr. Co.*, 419 Mass. 658, 661-662, 647 N.E.2d 42, 44-45 (1995); *Cosme*, 417 Mass. at 645-646, 632 N.E.2d at 834-36; *Travenol Labs., Inc. v. Zotal, Ltd.*, 394 Mass. 95, 97-98, 474 N.E.2d 1070, 1073 (1985); *Bushkin Assocs., Inc. v. Raytheon Co.*, 393 Mass. at 477, 473 N.E.2d at 668 (1985). The results obtained by using the most analogous Restatement sections are then evaluated in light of the more general choice-influencing considerations described in § 6 of the *Restatement* and other similar sources. *Cosme*, 417 Mass. at 645-646, 632 N.E.2d at 834-36. Following this approach, this court should first identify and analyze the section of the *Restatement* which most closely applies to R & P's and Four Seas' claims.

### A. The *Restatement (Second) of Conflict of Laws § 148(2)* is the first step for analysis of this misrepresentation case.

In *Emery Corp. v. Century Bancorp, Inc.*, 588 F.Supp. 15 (1984), Judge Skinner concluded that Massachusetts law applied to a Pennsylvania plaintiff's action against a Massachusetts bank claiming misrepresentations about creditworthiness. The bank's sole contact with Pennsylvania was response to a telephone call <u>from</u> the Pennsylvania seller's

agent. *Id.*, at 17-18. In the case at bar, the alleged misrepresentation came <u>voluntarily and without solicitation</u> from Maine to Massachusetts. **The Bank could have (and should have) chosen not to speak.**

Consistent with the court's analysis in *Emery*, plaintiffs argue that this court should first apply the rule stated in Section 148(2) of the Restatement, which states,

> "When the plaintiff's action in reliance took place in whole or in part in a state other than that where the false representations were made, the forum will consider such of the following contacts, among others, as may be present in the particular case in determining the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties:
>
> (a) the place, or places where the plaintiff acted in reliance upon the defendant's representations,
> (b) the place where the plaintiff received the representations,
> (c) the place where the defendant made the representations,
> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties,
> (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
> (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant." See *Emery, supra.*

An analysis of the *Restatement* §148(2) factors clearly favors Massachusetts.

(a) the place, or places where the plaintiff acted in reliance upon the defendant's representations,

> **The Massachusetts plaintiffs acted in reliance on the representations in Massachusetts.**

(b) the place where the plaintiff received the representations,

> **The Massachusetts plaintiffs received the representations in Massachusetts.**

(c) the place where the defendant made the representations,

5

> **The Bank made the representation in Maine, knowing it was to be delivered to Massachusetts. Plaintiffs argue the representation was made in Massachusetts.** *See Computer Systems Engineering, Inc. v. Qantel Corporation*, 571 F.Supp. 1365, 1369 (1983).

(d) the domicil, residence, nationality, place of incorporation and place of business of the parties,

> **There are two Massachusetts plaintiffs and one Maine defendant.**

(e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and

> There was not a tangible thing subject to any transaction between the parties.

(f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

> **The fish sold was picked up in Massachusetts by the Maine customer.**

Plaintiffs argue that factors a, b and f decidedly point to Massachusetts.

In other misrepresentation cases, the First Circuit has given significant weight to the *Restatement* §148(2) analysis. *See e.g., Computer Systems Eng'g v. Qantel Corp.*, 571 F.Supp. 1365, 1368 (D.Mass.1983), *aff'd*, 740 F.2d 59 (1st Cir.1984); *Tidemark Bank for Sav., F.S.B. v. Morris*, 57 F.3d 1061(1995) WL 368418 (unpublished decision)(C.A.1 (Mass.)); *Ross v. Trans. Nat. Travel*, 1990 WL 79229 (unpublished decision)(1990 D. Mass. *Goebel v. Schmid Bros., Inc.*, 871 F.Supp 68 (D. Mass. 1994).

### B. The *Restatement (Second) of Conflict of Laws § 6(2)* is the next step for analysis of this case.

Although the *Restatement* §148(2) analysis leads to Massachusetts as the appropriate choice of law, this court should continue in its functional approach and address other choice influencing considerations. In *McDonnell Douglas*, 389 Mass. 327, 336-337, 450 N.E.2d 581 (1983), the court concluded that, "Although the record reveals a variety of contacts with other States, none of these contacts is sufficient to outweigh the interest of Massachusetts in determining **whether conduct which causes injury in this State to a resident of this State shall result in liability.**" (*emphasis supplied*).

Consideration of the § 6(2) factors will lead this court to the same conclusion that Massachusetts is the appropriate choice of law. The factors are:

> (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other states and the relative interest of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.

The distinction between the case at bar with *Emery* is that the defendant's alleged misrepresentation in *Emery* was from a solicited request by the plaintiff. In the instant action, the plaintiffs received an unsolicited alleged misrepresentation from the defendant.

In his *Restatement* § 6 analysis in *Emery*, Judge Skinner stated, " I believe that a Massachusetts court would conclude that Massachusetts has a stronger interest in this case. Both states seek to prevent fraud. The fact that Massachusetts and Pennsylvania

have come to opposite conclusions concerning the best way of accomplishing this goal largely cancels this factor out of the equation. Other considerations persuade me that Massachusetts has the stronger interest. First, **the Massachusetts General Court has addressed the question of liability for untrue credit references with particularity and clarity,** while the Pennsylvania legislature has not done so. *Cf. Restatement* (Second), § 6(2)(c). Second, Emery **sought to do business in Massachusetts and knew or should have known** it would be subject to Massachusetts law…Third, **application of Massachusetts law would promote predictable results.** Cf. Restatement, § 6(2)(f). The **party making an unsolicited phone call is generally in a better position to discover and compensate for variations in state laws than the party receiving the call.** *Emery*, 588 F.Supp. at 19 *(emphasis supplied)*.

Although Maine has enacted a specific regulatory scheme for credit references, the Massachusetts legislature has enacted M.G.L.A. c. 259, § 4, which is a statute of frauds concerning oral representations of creditworthiness. Massachusetts courts have put great emphasis on this legislative action in prior choice of law decisions concerning misrepresentation cases. *Emery*, supra. Furthermore, Massachusetts has a policy with respect to deterring unfair and deceptive acts and practices. M.G.L.A. c. 93A. See., <u>Computer Systems Eng'g v. Qantel Corp.</u>, 571 F.Supp. 1365, 1368 (D.Mass.1983), aff'd, 740 F.2d 59 (1st Cir.1984).

The Bank had a better opportunity than the plaintiffs to address the law of Massachusetts on credit references, misrepresentation and any unfair business practices statutes. The plaintiffs did not maintain any Maine banking relationships. The plaintiffs did not ask for a credit reference from the Bank. The Bank addressed letters to

Massachusetts persons in response to a request, by its customer, which stated, "Thank you for your offer to write letters to the [sic] some of our key vendors who are currently feeling the impact of our AP squeeze. Attached is a list of vendors to whom it would be very helpful to have letters written. The plan is for Vinnie to hand-carry the appropriate letter to each vendor and ensure them of our intent and ability to pay using both your letter and our personal assurance. ." (The e-mail is attached at Exhibit 1 to the defendant's Motion in Limine). The "subject" on the request stated, "Letters of reference and credit worthiness." The bank followed the "plan" which led to Massachusetts, where reliance and loss occurred to Massachusetts persons.

## II.    CONCLUSION

Plaintiffs respectfully request that this Court choose Massachusetts law as the appropriate choice of law.

Dated at Peabody, Massachusetts this 10th day of May, 2006.

/s/ Marc D. Kornitsky

---

Marc D. Kornitsky, Esq.
Antico, Barrett, Burke & Kornitsky LLP
One Essex Green Drive
Peabody, MA 01960
(978) 532-5140
mkornitsky@abblegal.com
Attorney for Plaintiffs
Bar No. 564552

## Certificate of Service

I, Marc D. Kornitsky, attorney for the plaintiffs, hereby certify that I served a copy of this choice of law Memorandum with the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification of such filing to Lisa F. Bendetson, Esq. and James M. Bowie, Esq.

Dated at Peabody, Massachusetts this 10th day of May, 2006.

/s/ Marc D. Kornitsky

_____
Marc D. Kornitsky, Esq.