UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & ) | |
| FOUR SEAS, INC.                ) | |
|                                ) | |
|     Plaintiffs                 ) | |
|                                ) | |
| v.                             ) | Case No. 05-cv-10420-MLW |
|                                ) | |
| KENNEBUNK SAVINGS BANK,        ) | |
|                                ) | |
|     Defendant                  ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
OF PURPORTED PREFERENCE CLAIM DAMAGES**

NOW COMES Defendant, Kennebunk Savings Bank, (hereafter "the Bank" or "KSB") by and through its attorneys, Thompson & Bowie, LLP, and pursuant to the Court's Order Setting Case for Trial dated March 1, 2006, *see* Docket at Entry No. 21, hereby submits its motion in limine to exclude evidence of purported preference claim damages as follows.

**Background**

Plaintiffs have indicated that they intend to assert purported preference claims associated with the Preble Fish bankruptcy matter as an element of damages in this case. That is, they will argue that sums allegedly sought from them by the federal bankruptcy trustee in the matter of Robert J. Preble & Sons, Inc. d/b/a Preble Fish Company, United States Bankruptcy Court, District of Maine, Case Nos. 05-20111 & 05-20112, are elements of damages as against the Bank. Plaintiffs have represented to Defendant that the amounts of the checks paid by Preble to them during the preference period of October

28, 2004 to January 25, 2005 are $43,630.85 for R&P and $17,118.60 for Four Seas. However, they have also indicated that discussions have been underway with the bankruptcy trustee to enter compromise agreements with regard to the matter.

### **Argument**

Throughout this case the Bank has made clear to Plaintiffs that it disputes that the purported preference claims are a viable element of damages in this litigation. Introduction of any evidence of purported preference claim damages should be excluded at trial. It is objectionable on multiple grounds, including the following.

The purported preference claims do not formally exist. A review of the bankruptcy court docket reflects that while the bankruptcy trustee has filed complaints to avoid preferential transfers against at least nine businesses, none have been filed against Plaintiffs. *See* https://ecf.meb.uscourts.gov/ at Docket, Robert J. Preble & Sons, Inc. d/b/a Preble Fish Company, United States Bankruptcy Court, District of Maine, Case Nos. 05-20111, *passim; see also id.* at Docket Entries Nos: 107-110, 120, 152, 159, 160, & 162 (multiple dates from 06/09/05 to 01/13/06). Two of the claims have been settled: the claim against Orion Seafood in the amount of $113,110.00 was settled for $8,000.00 (see Docket Nos. 109, 157, & 169) and the claim against Mills Sea Foods in the amount of $43,492.00 likewise settled for $8,000.00 (see Docket Nos. 120, 125, & 139).

It would be entirely speculative to introduce any such evidence. Plaintiffs have not yet incurred any obligation to repay the purported preference amounts; nor, could they introduce any proper evidence of causation establishing that the Bank's conduct was the proximate cause of any such damages. *See generally e.g., Merriam v. Wanger,* 2000 ME 159, ¶ 10, 757 A.2d 778, 781 (speculation and conjecture improper—"The mere

possibility of such causation is not enough, and when the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, a defendant is entitled to a judgment."); *see also, e.g., Katz v. City Metal Co.,* 87 F.3d 26, 28 (1st Cir. 1996) ("to warrant submission of an issue to the jury, the plaintiff must present 'more than a mere scintilla' of evidence and may not rely on conjecture or speculation.") (quoting *Richmond Steel c. Puerto Rican Amer. Ins. Co.,* 954 F.2d 19, 22 (1st Cir. 1992)).

  Moreover, note that Plaintiffs have made no effort to challenge any of the proceedings in the Preble bankruptcy action to date.  *See* https://ecf.meb.uscourts.gov/ at Robert J. Preble & Sons, Inc. d/b/a Preble Fish Company, United States Bankruptcy Court, District of Maine, Case Nos. 05-20111 at Docket, *passim.*  The court records do reflect that both R&P and Four Seas are included as listed creditors in the proceedings. *See id.* at "Creditors" (R&P and Four Seas listed with "c/o Marc D. Kornitsky, Esq Antico, Barrett, Burke & Kornitsky LLP, One Essex Green Drive, Peabody, MA 01960").  Kennebunk Savings Bank is represented in the bankruptcy action by attorney Bruce Sleeper.  *See id.* at "Attorneys."

  The federal bankruptcy court has exclusive jurisdiction regarding determining the rights of debtors and creditors and the disposition of the bankruptcy estate.  *See generally, Tennessee Student Assistance Corp. v. Hood,* 541 U.S. 440, 447-48 (2004) (discussing jurisdiction of court in Chapter 7 bankruptcy proceedings, general principles regarding Chapter 7 proceedings such as discharge of all debts vise a vi all creditors, and procedures in Chapter 7 proceedings such as notice provided to debtors' creditors).  To the extent the Plaintiffs wish to dispute any purported preferential transfer complaints, the forum for such a challenge is the United States Bankruptcy Court for the District of

Maine.  This Court lacks jurisdiction to address the matter of the alleged, and as yet unproven, preference claim.  Note also that this Court has rejected separate civil suits addressing matters involving prior bankruptcy proceedings on jurisdictional grounds and indicated that principles of res judicata and collateral estoppel apply regarding attempted litigation of matters that belong before the bankruptcy court.  *See, e.g., Musto Co. v. Satran,* 477 F.Supp. 1172 (D.Mass. 1979) (dismissing claim for lack of subject matter jurisdiction and addressing application of res judicata and collateral estoppel to prior bankruptcy proceedings).

Thus, any evidence of speculative, unestablished "preference claims" should be excluded from evidence in this case on the basis that they are simply irrelevant. F.R.Evid. 402.

Introduction of such speculative evidence, even if somehow relevant, would also be objectionable under F.R.Evid. 403.  Any probative value would be substantially outweighed by the danger of unfair prejudice to the Bank:  the jury would undoubtedly be confused and misled if expected to differentiate between unpaid invoice damages asserted as caused by the Bank's October 2004 letter versus the separate and completely different preferential transfer calculations, purportedly sought by the bankruptcy trustee. Moreover, the fact demonstrated by review of the bankruptcy court docket that the bankruptcy trustee has already compromised other claims for substantially lower dollars than the amounts of the payments in the preference period indicates that any claims by Plaintiffs that they would be required to pay anything more than $8,000.00 are unsubstantiated and misleading (see *supra*:  claims of $113,110.00 and $43,492.00 each resolved for $8,000.00).  The fact is that unless and until the bankruptcy court orders

Plaintiffs to pay back any sums as preferential transfers, a "preference claim" element of damages is improper and does not belong in this case.

### **Conclusion**

WHEREFORE, for all the foregoing reasons, Defendant prays that its motion be GRANTED and the Court enter an Order directing that Plaintiffs are barred from introducing any evidence of alleged preference claim damages at trial in this case.

Dated at Portland, Maine this 30th day of May, 2006.

/s/ Lisa F. Bendetson

Lisa F. Bendetson, Esq. (BBO#567069)

/s/ James M. Bowie

James M. Bowie, Esq.
Attorneys for Defendant, Kennebunk Savings Bank

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
(207) 774-2500

## **CERTIFICATE OF SERVICE**

I, James M. Bowie/Lisa F. Bendetson, attorney for Defendant, Kennebunk Savings Bank, hereby certify that I made service of the foregoing document titled: "Defendant's Motion in Limine to Exclude Evidence of Purported Preference Claim Damages" with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: Marc D. Kornitsky, Esq., and I hereby certify that on this date I did not mail by the United States Postal Service, said submission to non-registered participants as there are no non-registered participants for this case.

Dated at Portland, Maine, this 30th day of May, 2006.

/s/ Lisa F. Bendetson

Lisa F. Bendetson, Esq. (BBO#567069)

/s/ James M. Bowie

James M. Bowie, Esq.
Attorneys for Defendant, Kennebunk Savings Bank

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
(207) 774-2500