# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & | ) | |
| FOUR SEAS, INC. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-10420-MLW |
| | ) | |
| KENNEBUNK SAVINGS BANK, | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

NOW COMES Defendant, Kennebunk Savings Bank, by and through its attorneys, Thompson & Bowie, LLP, and pursuant to L.R.D.Mass. 16.5 and the Court's Order setting case for trial dated March 1, 2006, hereby submits the following attached proposed jury instructions.

The Defendant offers these proposed jury instructions under Maine law. However, should the Court enter a ruling on the pending choice of law motion that directs that Massachusetts law will apply to this action, then Defendant specifically reserves the right to offer alternative proposed jury instructions. *Cf., e.g.,* L.R.D.Mass. 16.5(F) (supplemental requests for rulings or instructions permitted after filing of trial brief to conform to subsequent developments).

Dated at Portland, Maine, this ___ day of  May, 2006.

/s/ Lisa F. Bendetson

_____

Lisa F. Bendetson, Esq. (BBO#567069)

/s/ James M. Bowie

_____

James M. Bowie, Esq.
Attorneys for Defendant,
Kennebunk Savings Bank

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
(207) 774-2500

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & | ) | |
| FOUR SEAS, INC. | ) | |
| | ) | |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-10420-MLW |
| | ) | |
| KENNEBUNK SAVINGS BANK, | ) | |
| | ) | |
|     Defendant | ) | |

### All Entities Equal Before the Law

This case should be considered and decided by you as an action between parties of

equal standing in the community, of equal worth, and holding the same or similar stations

in life.  All businesses stand equal before the law, and are to be treated as equals in your

consideration of the case.

*Gilmore v. Central Maine Power Co.,* 665 A.2d 666, 668-70 (Me. 1995).

*Maine Jury Instruction Manual* (4th Ed. 2006) § 7-3

DEFENDANT'S JURY INSTRUCTION NO. 1

R&P SEAFOOD/SHELLFISH, INC. &          )
FOUR SEAS, INC.                        )
                                       )
          Plaintiffs                   )
                                       )
v.                                     )          Case No. 05-cv-10420-MLW
                                       )
KENNEBUNK SAVINGS BANK,                )
                                       )
          Defendant                    )


## Multiple Plaintiffs

There are two plaintiffs in this action. However, that does not mean that if one is entitled to recover, both are entitled to recover. You must evaluate the evidence and decide the claim of each plaintiff separately in accordance with these instructions. The defendant is entitled to a fair consideration of the defense as to each plaintiff, and each plaintiff is entitled to a fair consideration of their claim against the defendant.

*Maine Jury Instruction Manual* (4th Ed. 2006) § 7-7


DEFENDANT'S JURY INSTRUCTION NO. 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & | ) | |
| FOUR SEAS, INC. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-10420-MLW |
| | ) | |
| KENNEBUNK SAVINGS BANK, | ) | |
| | ) | |
| Defendant | ) | |

## Burden of Proof--Preponderance of the Evidence
## Negligent Misrepresentation Claim

The burden is on the plaintiff in this civil action to prove each element of their negligent misrepresentation claim by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely than not. In other words, a preponderance of the evidence means evidence which, after evaluating all the evidence presented to you, makes you believe what is sought to be proved is more likely true than not true.

In determining whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

*Maine Jury Instruction Manual* (4th Ed. 2006) § 7-11

DEFENDANT'S JURY INSTRUCTION NO. 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & | ) | |
| FOUR SEAS, INC. | ) | |
| | ) | |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-10420-MLW |
| | ) | |
| KENNEBUNK SAVINGS BANK, | ) | |
| | ) | |
|     Defendant | ) | |

## Negligent Misrepresentation

A person is liable for negligent misrepresentation if he:

(1) gives false information,

(2) of material fact,

(3) for the guidance of others in their [business] transactions,

(4) and he fails to exercise reasonable care or competence in obtaining or communicating the information, and

(5) the plaintiff justifiably relies upon the information as true and acts upon it, causing him economic loss.

To prevail, the plaintiff must prove each of these elements by a preponderance of the evidence.

If you find that the plaintiff has failed to prove any one or more elements by a preponderance of the evidence, then you must find for the defendants.

A duty to disclose, or to inquire and disclose, exists where there is a statutory duty, a fiduciary or confidential relationship or other special circumstances.  Abesent such special circumstances, there is no duty to disclose.

*Binette v. Dyer Library Association,* 688 A.2d 898, 902-906 (Me. 1996); *Brae Asset Fund v. Adam,* 661 A.2d 1137 (Me. 1995); *Devine v. Roche Biomedical Laboratories, Inc.,* 637 A.2d 441 (Me. 1994); *Chapman v. Rideout,* 568 A.2d 829 (Me. 1990).

*Maine Jury Instruction Manual* (4th Ed. 2006) § 7-31

DEFENDANT'S JURY INSTRUCTION NO. 4

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & | ) |
| FOUR SEAS, INC. | ) |
| | ) |
|      Plaintiffs | ) |
| | ) |
| v. | )     Case No. 05-cv-10420-MLW |
| | ) |
| KENNEBUNK SAVINGS BANK, | ) |
| | ) |
|      Defendant | ) |

## Burden of Proof--Clear and Convincing Evidence:
## Intentional Misrepresentation Claim

The burden is on the plaintiff to prove every essential element of their intentional misrepresentation claim by clear and convincing evidence.

To find a fact proven by clear and convincing evidence, after evaluating all of the evidence, you must have an abiding conviction that it is highly probable that facts sought to be proven are the correct view of the events at issue.

In determining whether any fact has been proven by clear and convincing evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

*Taylor v. Commissioner of Mental Health and Mental Retardation,* 481 A.2d 139 (Me. 1984).

*Maine Jury Instruction Manual* (4th Ed. 2006) § 7-13

DEFENDANT'S JURY INSTRUCTION NO. 5

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & FOUR SEAS, INC. | ) | |
| | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-10420-MLW |
| | ) | |
| KENNEBUNK SAVINGS BANK, | ) | |
| | ) | |
| Defendant | ) | |

## **Intentional Misrepresentation/Fraud Elements**

The plaintiffs are claiming damages for intentional misrepresentation. Where a fiduciary duty or other special relationship is demonstrated, each element of the claim for intentional misrepresentation must be proven by clear and convincing evidence. A person is liable for intentional misrepresentation if he:

(1) makes a false representation,

(2) of a material fact,

(3) with knowledge of its falsity or in reckless disregard of whether it is true or false,

(4) for the purpose of inducing another to act or to refrain from acting in reliance on the representations, and

(5) the plaintiff justifiably relies upon the representation as true and acts upon it, causing him economic loss.

A plaintiff may justifiably rely on the fraudulent misrepresentation of a defendant without investigating the truth or falsity of the representation. Reliance by the plaintiff is unjustified only if the plaintiff knows the representation is false or its falsity is obvious to him.

The burden is on the plaintiff to show that it was actually harmed and that its economic loss was caused by its reliance on the alleged misrepresentation of the defendant.

If you find, by clear and convincing evidence, that the plaintiff has proven each of these elements, then you shall award a verdict to the plaintiff.

If you find that the plaintiff has failed to establish any one or more elements by clear and convincing evidence, you must find for the defendant.

*Glynn v. Atlantic Seaboard Corp.,* 1999 ME 53, 729 A.2d 117; *Spickler v. Greenberg,* 644 A.2d 469 (Me. 1994); *Ferrell v. Cox,* 617 A.2d 1003 (Me. 1992); *Jourdain v. Dineen,* 527 A.2d 1304 (Me. 1987); *Letellier v. Small,* 400 A.2d 371, 376 (Me. 1979).

*Maine Jury Instruction Manual* (4th Ed. 2006) § 7-30

DEFENDANT'S JURY INSTRUCTION NO. 6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

R&P SEAFOOD/SHELLFISH, INC. &          )
FOUR SEAS, INC.                                      )
                                                              )
      Plaintiffs                               )
                                                              )
v.                                                            )          Case No. 05-cv-10420-MLW
                                                              )
KENNEBUNK SAVINGS BANK,              )
                                                              )
      Defendant                               )


## No Inference from Loss Alone

   The mere fact that a loss occurred, by itself, does not permit you to draw any inference that the loss was caused by negligence or by anyone's fault.


*Rice v. Sebasticook Valley Hospital,* 487 A.2d 639, 641 (Me. 1985).


*Maine Jury Instruction Manual* (4th Ed. 2006) § 7-60

DEFENDANT'S JURY INSTRUCTION NO. 7

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & <br> FOUR SEAS, INC. <br><br>     Plaintiffs <br><br> v. <br><br> KENNEBUNK SAVINGS BANK, <br><br>     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> )        Case No. 05-cv-10420-MLW <br> ) <br> ) <br> ) <br> ) |

## **Causation: Proximate Cause-Legal Cause**

An injury or damage is legally caused by an act, or by a failure to act, whenever the act or failure to act played a substantial part in bringing about or actually causing the injury or damage; *and* the injury or damage was either a direct result, or a reasonably foreseeable consequence of the act or failure to act.

*Niehoff v. Shankman & Assocs. Legal Ctr., P.A.,* 2000 ME 214, ¶ 8; *Merriam v. Wanger,* 2000 ME 159, ¶¶ 8-10; *Crowe v Shaw,* 2000 ME 136, ¶ 10; *Shaw v. Bolduc,* 658 A.2d 229, 235-36 (Me. 1995); *Wing v. Morse,* 300 A.2d 491, 495-96 (Me. 1973).

*Maine Jury Instruction Manual* (4th Ed. 2006) § 7-80.

DEFENDANT'S JURY INSTRUCTION NO. 8

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & | ) | |
| FOUR SEAS, INC. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-10420-MLW |
| | ) | |
| KENNEBUNK SAVINGS BANK, | ) | |
| | ) | |
| Defendant | ) | |

### Comparative Negligence

If you find by a preponderance of the evidence that the defendant was negligent, and if you also find by a preponderance of the evidence that the plaintiff was negligent, and you find that the negligence of each was a legal cause of damage to the plaintiff, then you must apportion the relative degree of fault or responsibility for the damage by comparing the degree to which each party departed from the standard of ordinary care.

This is a common sense decision; you must decide whether the degrees of responsibility at issue amount to a departure from the standard of ordinary care that is a minor inadvertence or more substantial negligence.

If, in the apportionment process, you find that the plaintiff was either equally responsible for the damage sustained or more responsible for the damage sustained than was the defendant, you shall award no damages to the plaintiff. The plaintiff has a duty to act with reasonable care.

However, if you find that the plaintiff's responsibility was less than that of the defendant, you proceed to the second phase of the comparative negligence calculations

and apportion damages. In determining damages you must first determine the total damages that would have been recoverable if the plaintiff had not been at fault at all. Then you must reduce this total amount, by dollars and cents and not by percentage, to the extent that you deem just and equitable having regard to the plaintiff's share in the responsibility for the damage.

In reporting your result to the court, you must return both the total amount and the reduced amount of damages. The figure for the reduced amount of damages is the final verdict in the case.

14 M.R.S.A. § 156.

*Jackson v. Frederick's Motor Inn*, 418 A.2d 168 (Me. 1980); *Wing v. Morse*, 300 A.2d 491, 497-501 (Me. 1973).

*Maine Jury Instruction Manual* (4th Ed. 2006) § 7-85

DEFENDANT'S JURY INSTRUCTION NO. 9

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & | ) | |
| FOUR SEAS, INC. | ) | |
| | ) | |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-10420-MLW |
| | ) | |
| KENNEBUNK SAVINGS BANK, | ) | |
| | ) | |
|     Defendant | ) | |

### Damages

I am now going to state instructions regarding damages. However, instructions as to the proper measure of damages do not suggest any view as to which party is entitled to your verdict in this case. Damages instructions are given for your guidance, in the event you find in favor of the plaintiff by a preponderance of the evidence on the negligence claim and by clear and convincning evidence on the intentional misrepresentation claim in accordance with the liability instructions.

You must not make a compromise between the liability and damages issues. You must determine the liability issue first. You should proceed to the damages issue only if you have determined that the defendant's liability is proven.

Any damages you award in this case must be based upon the evidence and on a finding by you that the plaintiff has convinced you it has been damaged as it claims to have been damaged. Damages may not be awarded on the basis of guesswork or speculation, nor on the basis of passion, prejudice or sympathy.

If you find plaintiff is entitled to recover damages, you must render a verdict in a sum which will justify and fairly compensate for the losses resulting from the injuries sustained.

*Carter v. Williams,* 2002 ME 50, ¶¶ 9-11 ; *Steeves v. Bernstein, Shur, Sawyer and Nelson,* 1998 ME 210, ¶29, 1998 Me. LEXIS 211; *Wendward Corp. v. Group Designs Inc.,* 428 A.2d 57, 61 (Me. 1981); *Michaud v. Steckino,* 390 A.2d 524, 530 (Me. 1978).

*Maine Jury Instruction Manual* (4th Ed. 2006) § 7-101

DEFENDANT'S JURY INSTRUCTION NO. 10

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & | ) | |
| FOUR SEAS, INC. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-10420-MLW |
| | ) | |
| KENNEBUNK SAVINGS BANK, | ) | |
| | ) | |
| Defendant | ) | |

## Damages: Other Events

   Where it is asserted that there have been other events or injuries affecting the plaintiff's condition or losses, either before or after the incident which gave rise to this trial, the defendant is responsible for damages or losses effected by such other events or injuries unless the defendant proves, by a preponderance of the evidence, that all or any portion of the damages or losses resulting from the other events or injuries were not caused or aggravated by the defendant's fault.

   Where the defendant proves by a preponderance of the evidence that all or a portion of the damages or losses resulting from other events or injuries were not caused or aggravated by the defendant's fault, you must separate out the damages or losses attributable to those other events or injuries and award plaintiff only those damages which you find to be caused by the defendant's fault.

*Lovely v. Allstate Insurance Co.,* 658 A.2d 1091 (Me. 1995).
*Maine Jury Instruction Manual* (4th Ed. 2006) § 7-101

DEFENDANT'S JURY INSTRUCTION NO. 11

17

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & | ) | |
| FOUR SEAS, INC. | ) | |
| | ) | |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-10420-MLW |
| | ) | |
| KENNEBUNK SAVINGS BANK, | ) | |
| | ) | |
|     Defendant | ) | |

## Duty to Mitigate Damages

A person who has been injured or suffered a loss has a duty to exercise reasonable care to reduce the extent of the injuries or damages resulting from the injury and to take such steps as are reasonable to effect a cure or a reduction of their severity.

Where a duty to reduce damages is asserted, the damages that otherwise would be awarded to the plaintiff may be reduced where the defendant proves, by a preponderance of the evidence (a) that plaintiff could have reduced his damages and (b) the amount by which damages that would otherwise be awarded to the plaintiff should be reduced because of plaintiff's failure to reduce damages.

*Searles v. Fleetwood Homes of Pa., Inc.,* 2005 ME 94, ¶¶37-39; *Walter v. Wal-Mart Stores, Inc.,* 2000 ME 63, ¶24; *Sargent v. Tomhegan Camps Owners Ass'n,* 2000 ME 58, ¶ 10; *Northern Trading Co. v. Songo of Maine, Inc.,* 646 A.2d 356 (Me. 1994); *Lindsey v. Mitchell,* 544 A.2d 1298, 1301 (Me. 1988).

*Maine Jury Instruction Manual* (4th Ed. 2006) § 7-104

DEFENDANT'S JURY INSTRUCTION NO. 12

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & | ) | |
| FOUR SEAS, INC. | ) | |
| | ) | |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-10420-MLW |
| | ) | |
| KENNEBUNK SAVINGS BANK, | ) | |
| | ) | |
|     Defendant | ) | |

### Maine Banking Law:  No Debtor/Creditor Fiduciary Duties

The Defendant in this action is a Bank.  It is regulated by the laws of the State of Maine and by federal law.  Under Maine law as a creditor a bank owes no special fiduciary duties toward its debtors.

*See, e.g., Brae Asset Fund, L.P. v. Adam*, 661 A.2d 1137, 1140 (Me. 1995); *First N.H. Banks Granite State v. Scarborough*, 615 A.2d 248, 250 (Me. 1992); *Diversified Foods, Inc. v. First Nat'l Bank of Boston*, 605 A.2d 609, 615 (Me. 1992).

DEFENDANT'S JURY INSTRUCTION NO. 13

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & | ) | |
| FOUR SEAS, INC. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-10420-MLW |
| | ) | |
| KENNEBUNK SAVINGS BANK, | ) | |
| | ) | |
| Defendant | ) | |

### Maine Banking Law:  Disclosure of Customer Information

Maine banking law specifically limits and prohibits disclosure of financial information with regard to commercial customers.

Under Maine law a bank may only disclose financial information about a customer, including a commercial customer:  1) at the customer's direction, 2) in response to legal process, 3) in response to a state request regarding enforcing a child support order, and 4) in response to a proper levy request issued by the Maine Department of Labor.

Penalties are imposed for violations in the amount of up to $5,000 per violation imposed on the individual bank officer or employee and penalties of up to $10,000 per violation are imposed on the bank itself.  Penalties of up to $10,000 per violation are also imposed on any person who induced or attempts to induce disclosure.

*See* Maine Bureau of Banking Bulletin #71, July 9, 2001 ("Finally, institutions should be aware that Title 9-B chapter 16 also prohibits the disclosure of financial records held for commercial customers except under certain circumstances and exceptions.") (www.state.me.us/pfr/bkg/bulletins/bull71.htm); *see also*  9-B M.R.S.A. §§ 162-164.
DEFENDANT'S JURY INSTRUCTION NO. 14

20

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & | ) | |
| FOUR SEAS, INC. | ) | |
| | ) | |
|      Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-10420-MLW |
| | ) | |
| KENNEBUNK SAVINGS BANK, | ) | |
| | ) | |
|      Defendant | ) | |

**Maine Banking Law:  Maine law is Stricter than Federal Law**
**and Massachusetts Law**
**Regarding Disclosure of Customer Information**

Maine standards are stricter than federal law.  Federal banking regulations do not extend protection from disclosure to commercial customers. Congress enacted a federal law, the Gramm-Leach-Bliley Act, in 1999 for the purpose of creating requirements that financial institutions respect the privacy of their customers and to protect the security and confidentiality of those customers' nonpublic personal information.  However, the definitions of "customer" and "consumer" are specifically limited to natural persons—not businesses.   Congress did not elect to include commercial credit transactions within the scope of the law.

Massachusetts law is consistent with the less restrictive federal standard, rather than Maine law.  Unlike Maine, the Massachusetts Division of Banks also does not include commercial credit bank customers in regulations governing disclosure of credit information.

21

Under Maine law banks are not free to disclose confidential information of

commercial credit bank customers.


*See* 15 U.S.C. §§ 6801 et seq., and 16 C.F.R. § 313.3(e)(1) ("*Consumer* means an
individual who obtains or has obtained a financial product or service from you that is to
be used primarily for personal, family, or household purposes, or that individual's legal
representative."); *see also id* at § 313.3(h) ("*Customer* means a consumer who has a
customer relationship with you.").

*See also, e.g.,* M.G.L. Ch. 167, § 2A (""Consumer transaction", a transaction between a
bank and a natural person, in which the money, property or services are primarily for
personal, family or household purposes."); M.G.L. 167B, § 1 (""Consumer", a natural
person."); *See, e.g.,* 209 C.M.R. § 32.03(1)(a) (exempting credit extended for a business,
commercial, or agricultural purpose from disclosure rules); *see also* 209 C.M.R. § 40.02
(Unfair and Deceptive Practices in Consumer Transactions) ("Consumer means a natural
person who seeks or acquires goods, services, or money for personal, family, or
household use other than for the purchase of real property.").


DEFENDANT'S JURY INSTRUCTION NO. 15

## CERTIFICATE OF SERVICE

I, James M. Bowie/Lisa F. Bendetson, attorney for Defendant, Kennebunk Savings Bank, hereby certify that I made service of the foregoing document titled: "Defendant's Proposed Jury Instructions" with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: Marc D. Kornitsky, Esq.,  and I hereby certify that on this date I did not mail by the United States Postal Service, said submission to non-registered participants as there are no non-registered participants for this case.

Dated at Portland, Maine, this 30th day of May, 2006.

/s/ Lisa F. Bendetson

_____

Lisa F. Bendetson, Esq. (BBO#567069)

/s/ James M. Bowie

_____

James M. Bowie, Esq.
Attorneys for Defendant, Kennebunk Savings Bank

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
(207) 774-2500