UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

R & P SEAFOOD/SHELLFISH, INC., and, )
FOUR SEAS, INC.                     )
                                    )
        Plaintiffs,                 )
                                    )   Civil Action No. 05-CV-10420-LTS
        v.                          )
                                    )
KENNEBUNK SAVINGS BANK,             )
                                    )
        Defendant.                  )


ORDER ON DEFENDANT'S MOTION IN LIMINE REGARDING CHOICE OF LAW

May 25, 2006

SOROKIN, M.J.

Defendant moves in limine (Docket # 22) for a ruling that Maine, rather than Massachusetts, law governs the trial. Plaintiff argues that Massachusetts law applies. Originally, the Plaintiff advanced five separate claims. After the filing of Defendant's Motion, the parties filed a joint stipulation of dismissal with prejudice of Counts III (unjust enrichment) and IV (breach of the covenant of good faith and fair dealing). Counts I (intentional misrepresentation), II (negligent misrepresentation) and V (M.G.L. c. 93A) remain.

FACTUAL BACKGROUND

The facts are as follows. Preble Fish, located in Maine, was a customer of the Plaintiffs, both of whom are fish vendors based in Massachusetts. Defendant Kennebunk Savings Bank, a bank organized and operating under the laws of the state of Maine and, in fact, operating in Maine, was Preble's Bank.

Preble wrote to the bank to accept Kennebunk's offer to write a letter to some of Preble's

1

"key vendors who are currently feeling the impact of our AP squeeze." Ex. A to Defendant's Motion. Preble supplied the Bank with a list of the vendors, "to whom" the Bank should write. Id. "The plan [was] for Vinnie [of Preble] to hand-carry the appropriate letter [of reference and credit-worthiness] to each vendor and ensure them of our [Preble's] intent and ability to pay using both your [the Bank's] letter and our personal assurance." Id. Attached to Preble's email to the Bank was a list of the names and addresses of the vendors to whom the Bank should address letters. Plaintiffs' names, and other Massachusetts addresses appeared on this list. The Bank prepared the letters and mailed or delivered them to Preble in Maine.

The letter dated October 8, 2004, stated that "A line of credit commitment exists within the medium six-figure range with a moderate six-figure range currently outstanding. All accounts are handled in a satisfactory manner. The bank is presently considering a refinancing package for the company which contemplates resolution in November 2004." Ex. A to Complaint. Preble, in turn, came to Massachusetts with the letters, which were then delivered to Plaintiffs. Plaintiffs allege that, in reliance, at least in part upon the Bank's letter, they sold fish to Preble. According to Plaintiffs, the sale occurred in Massachusetts and Preble picked up the fish in Massachusetts. Subsequently, Preble went bankrupt and failed to pay Plaintiffs. This suit ensued. Plaintiffs allege that the Bank's statements in the letter were "false and untrue" and that "in fact, Preble was in breach of its loan covenants." Complaint at ¶ 26.

DISCUSSION

A federal court sitting in diversity applies the choice-of-law framework of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). It is permissible to have the law of different states apply to discrete counts in one complaint. See Cohen v. McDonnell

2

Douglas Corp., 389 Mass. 327, 337 (1983).  Determining whether a conflict between the laws of Massachusetts and Maine is the first step in the analysis.  Defendant posits such a conflict in that it contends the claims cannot stand under Maine law while Plaintiff argues, only, that Massachusetts law applies.  Accordingly, I proceed to analyze which law applies.

Plaintiffs' claims for Intentional and Negligent Misrepresentation (Counts I and II) sound in tort.  Whether viewed under the general tort rubric or the more particularized law applicable to misrepresentation claims, Massachusetts law applies to these two claims.  Under Massachusetts' choice of law rules, tort claims are governed by the law of the state in which the injury occurred, unless another state has a more significant relationship to the cause of action. Bergin v. Dartmouth Pharmaceutical, Inc., 326 F.Supp.2d 179, 183 (D.Mass.2004)(citing Dunfey v. Roger Williams Univ., 824 F.Supp.18, 21 (D.Mass.1993)).  The place where the injury occurred is "the place where the last event necessary to make an actor liable for an alleged tort takes place." Cohen, 389 Mass. at 334 (quoting Orr v. Sasseman, 239 F.2d 182, 186 (5th Cir. 1956)).  In this case, Plaintiffs received the misrepresentation in Massachusetts; acted upon it in Massachusetts; and, suffered injury as a result thereof in Massachusetts.  Accordingly, Massachusetts is the place where the injury occurred.  See id.

Taking a functional approach, the Supreme Judicial Court looks to the Restatement (Second) of Conflict of Laws in determining choice of law issues. Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. 622, 626 (1985).  Section 148 of the Restatement applies to misrepresentation claims; indeed both parties cite to it.  It provides:

> (2)When the plaintiff's action in reliance took place in whole or in part in a state other than that where the false representations were made, the forum will consider such of the following contacts, among others, as may be present in the particular case in determining

> the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties:
>> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
>> (b) the place where the plaintiff received the representations,
>> (c) the place where the defendant made the representations,
>> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties,
>> (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
>> (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Restatement (Second) of Conflict of Laws § 148 (1985).

Plaintiffs "acted in reliance upon the defendant's representations" in Massachusetts. Restatement § 148(2)(a). The Restatement deems this the most important factor. Id. at cmt. g; see also In re Average Wholesale Price Litigation, 230 F.R.D. 61, 83 (2005). Plaintiffs "received the representations" in Massachusetts. Restatement § 148(2)(b). The Bank drafted the letter in Maine and gave it to Preble in Maine; it could therefore be argued that the Bank made its representation in Maine. The Bank drafted and delivered the letter to Preble, however, with the knowledge and intent that its representations would be received in, and acted upon, in Massachusetts. Cf. Tenna Mfg. Co., Inc. v. Columbia Union Nat'l Bank and Trust Co., Inc., 484 F.Supp. 1214, 1219 (W.D.Mo. 1980)(stating making phone call into state to obtain information should be viewed as substitute for coming to the state to obtain the information).

The parties are domiciled and incorporated in Massachusetts and Maine respectively, which favors neither forum. The Bank's status as an entity highly regulated by Maine supports application of Maine law. The remaining factors, however, favor Massachusetts: the fish were in Massachusetts at the time of the representation and Massachusetts was where Plaintiffs

performed as a result of the misrepresentation.  In short, Massachusetts law applies.  See <u>Uncle Henry's, Inc., v. Plaut Consulting Co., Inc.</u>, 399 F.3d 33, 42 (2005)(applying the Restatement under Maine law and concluding Maine law applies because Plaintiff was from Maine, received representations in Maine, acted in reliance in Maine and would perform in Maine).

Finally, the general choice- influencing factors set forth in § 6 of the Restatement confirm that Massachusetts law applies: policies, justified expectations, certainty, predictability, ease, and uniformity.  See <u>Reicher v. Berkshire Life Ins. Co. of America</u>, 360 F.3d 1, 5 (1st Cir.2004)(stating that Massachusetts applies these general choice influencing factors).  The Bank, by launching letters into the stream of commerce directed at businesses in Massachusetts, "knew or should have known it would be subject to Massachusetts law." <u>Emery Corp. v. Century Bancorp., Inc.</u>, 588 F.Supp. 15, 19 (D.Mass.1984).  Applying Massachusetts law would "promote predictable results" because the party "making an unsolicited [letter] is generally in a better position to discover and compensate for variations in state laws than the party receiving the [letter]."  <u>Id.</u>  In contrast, the Bank cannot reasonably expect that it may make representations <u>to businesses outside of Maine</u>, albeit about customers in Maine, without regard to the law outside of Maine.[1]  These considerations and this result also promote the ease of determination and application of the law and the needs of the interstate system.

One issue remains.  The Bank contends that, as a highly regulated entity, it had no choice but to provide only the information requested, due to the privacy protection Maine law applies to commercial banking information.  Such protection does not exist under Massachusetts or Federal

---

[1] While the Bank asserts it made no choice to do business with the Plaintiffs, plainly it did knowingly prepare a reference directed specifically to them.

law, according to the Bank. This argument suggests that the Bank faced the Hobsonian choice of complying with Maine law thereby violating Massachusetts law pertaining to misrepresentations, or conversely violating Maine law by disclosing more than Maine law allows.

The Bank has not established that Maine law required it to state that Preble's accounts were handled "satisfactorily" when, according to the Complaint, the accounts were not. Nor has the Bank established that Maine Law required the Bank to make a material misrepresentation (if in fact it did so) in the course of writing a letter of reference to a customer's vendor.

Accordingly, Massachusetts law will govern the trial of Counts I and II. As a result, the 93A claim, which arises under Massachusetts law, requires no further choice of law analysis at this time; it proceeds to adjudication on the merits.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion (#22) is DENIED.

/s/ LEO T. SOROKIN
Leo T. Sorokin
United States Magistrate Judge