IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

R & P SEAFOOD/SHELLFISH, INC., and,
FOUR SEAS, INC.
           Plaintiffs,

v.                                        CIVIL ACTION NO. 05-cv-10420-MLW

KENNEBUNK SAVINGS BANK,
           Defendant.

---

### PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PURPORTED PREFERENCE CLAIM DAMAGES

Plaintiffs oppose the defendant's Motion in limine to exclude evidence of purported preference claim damages. First, the bankruptcy trustee recently filed Complaints against the plaintiffs in the Chapter 7 cases of Preble. *See* https://ecf.meb.uscourts.gov/ at Docket No. 1, John C. Turner, Chapter 7 Trustee v. R & P Seafood/Shellfish, Inc., United States Bankruptcy Court, District of Maine, Case No. 06-02049, and Docket No. 182, Robert J. Preble & Sons, Inc. d/b/a Preble Fish Company, United States Bankruptcy Court, District of Maine, Case Nos. 05-20111 and Docket No. 1, John C. Turner, Chapter 7 Trustee v. Four Seas, Inc., United States Bankruptcy Court, District of Maine, Case Nos. 06-02051, and Docket No. 184, Robert J. Preble & Sons, Inc. d/b/a Preble Fish Company, United States Bankruptcy Court, District of Maine, Case Nos. 05-20111

Plaintiffs offered to stipulate to the Trustee's most recent demands to settle the preference claims and defendants refused. In his Complaints, the bankruptcy trustee asserts that R & P owes the bankruptcy estate $76,036.80 and Four Seas owes the

bankruptcy estate $19,278.60. Plaintiffs seek to admit certified copies of the Complaints for the purpose of establishing an element of their damages. The bankruptcy trustee's complaints are not going away. What is speculative here is the defendant's position that nothing, or only a small amount, will have to be paid. Plaintiffs offered to put a real number in front of the jury and defendant declined. Defendant can subpoena the bankruptcy trustee to cross examine him as to his claims, or defendant can stipulate to the true amounts likely to be collected.

Certified copies of public records are one of the twelve enumerated categories pursuant to Fed.R.Evid. 902 for which extrinsic evidence of authenticity is not required as a condition for admissibility of documents. *United States v. De Jongh*, 937 F.2d 1, 4 (1st Cir. 1991). Rule 401 provides that any evidence is relevant if it "has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed.R.Evid. 401. "The threshold for relevance is very low under [Rule 401]." *United States v. Ford*, 22 F.3d 374, 381 (1st Cir. 1994) (quoting *United States v. Nason*, 9 F.3d 155, 162 (1st Cir. 1993)).

Rule 403 provides for the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of causing unfair prejudice, confusing the issues or misleading the jury, causing undue delay, wasting time or needlessly presenting cumulative evidence.

The Rule 403 balancing test requires the trial judge to weigh the probative value of proffered evidence against its prejudicial effect. It is an intensely fact-sensitive inquiry, and the trial judge is afforded "wide latitude when evaluating the delicate balance that Rule 403 requires." *Udemba v. Nicoli*, 237 F.3d 8, 15-16 (1st Cir. 2001). Rule 403 also requires a court to balance the relevance of evidence against the tendency of the evidence to confuse the jury. *Elgabri v. Lekas*, 964 F.2d 1255, 1261 (1st Cir. 1991). The probative value also must be weighed against the cumulative effect of the proffered evidence. *Donovan v. Burger King Corp.*, 672 F.2d 221, 225 (1st Cir. 1982).

The probative value of evidence of the preferential payment damages is high. The defendant can call the bankruptcy trustee as a witness to minimize any likelihood of confusion or alleged prejudice. As an alternative, plaintiffs would consider entering

2

agreements for judgment on the bankruptcy complaints. The plaintiffs retained counsel in Maine to aggressively respond to and negotiate with the bankruptcy trustee. After months of negotiation, the bankruptcy trustee filed suit and plaintiffs believe that the trustee will not accept an amount of money less than most recently demanded by him.

Dated at Peabody, Massachusetts this 31st day of May, 2006.

/s/ Marc D. Kornitsky

---

Marc D. Kornitsky, Esq.
Antico, Barrett, Burke & Kornitsky LLP
One Essex Green Drive
Peabody, MA 01960
(978) 532-5140
mkornitsky@abblegal.com
Attorney for Plaintiffs
Bar No. 564552

### Certificate of Service

I, Marc D. Kornitsky, attorney for the plaintiffs, hereby certify that I served a copy of this Plaintiffs' Trial Brief with the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification of such filing to Lisa F. Bendetson, Esq. and James M. Bowie, Esq.

Dated at Peabody, Massachusetts this 2nd day of June, 2006.

/s/ Marc D. Kornitsky

---

Marc D. Kornitsky, Esq.