### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| R&P SEAFOOD/SHELLFISH, INC. & | ) | |
| FOUR SEAS, INC. | ) | |
| | ) | |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-10420-MLW |
| | ) | |
| KENNEBUNK SAVINGS BANK, | ) | |
| | ) | |
|     Defendant | ) | |

### DEFENDANT'S MOTION IN LIMINE
### REGARDING CHAPTER 93A CLAIM

By Order dated May 25, 2006 and entered on the Docket June 1, 2006 (*see* Docket at entry no. 32) the Court has just determined that Massachusetts law will apply to this case, and, as a result the 93A claim would proceed to trial. *See, id.* at p. 6. For the reasons set forth herein, the Court should rule that the 93A claim can not proceed to trial, because there is no business relationship between the Bank and the Plaintiffs. As a matter of law, Plaintiffs can not sustain their claim, since a business relationship is a necessary prerequisite to a viable Chapter 93A claim.

Since the ruling on this issue will affect the scope of the evidence presented by the parties, and could even impact whether the parties wish to proceed to trial, Defendant raises the matter *in limine* for requested resolution at the final pretrial conference set in this matter for Wednesday, June 7, 2006. While indeed the case is at the eve of trial, this should not foreclose a careful review of the issue at the final pretrial conference. Rule 11 always imposes on attorneys the obligation to ensure that their claims both have evidentiary support and are also supported by existing law. F.R.Civ.P. 11. Neither the evidence generated in the case nor the applicable law supports the existence of a business

relationship between the parties necessary to sustain a section 93A claim. The claim must be dismissed.

## DISCUSSION

Neither the pleadings nor Plaintiffs' trial brief establish the necessary prerequisite for advancing their 93A claim: a business relationship between the Bank and Plaintiffs. Throughout this litigation the Bank has taken the position that the case did not belong in Massachusetts and that Maine law should apply to the case. There simply were minimal contacts with Plaintiffs and the Bank. *See generally*, Defendant's Motion to Dismiss and Defendant's Choice of Law Motion. The theme consistent with these motions which Plaintiffs have not addressed and which are fatal to the 93A claim is the simple fact that the Bank and the Plaintiffs each dealt with Preble; they did not have any business relationship with each other.

At most, Plaintiffs can assert tort claims of misrepresentation against the Bank. The Chapter 93A claim cannot stand in the absence of a business relationship between the parties. This Court has already determined that a contractual or business relationship between the parties is a "precursor to liability under Chapter 93A." *See, e.g., Boyd Co. v. Boston Gas Co.,* 775 F.Supp. 435, 440 (D.Mass. 1991); *see also L.B. Corp. v. Schweitzer-Maudit Int'l, Inc.,* 121 F.Supp.2d 147, 151-52 (D. Mass. 2000) (discussing same and collecting cases). There needs to be some "transactional business relationship". *Cash Energy, Inc. v. Weiner,* 768 F.Supp. 892, 893-94 (D.Mass. 1991). Plaintiffs must establish that they are "engaged in more than a minor or insignificant business relationship" with Defendant. *Id. See also, e.g., Mitzan v. Medview Services, Inc.,* 10 Mass.L.Rep. 242, 1999 Mass. Super. LEXIS 279 (Norfolk Super Ct., June 16, 1999) at

*26-28 (stating same and collecting cases, holding absence of commercial transaction between parties fatal to Chapter 93A claim where parties each dealt with a same third party, but did not engage in business deal with one another) ("numerous courts have held that there must be some transactional relationship between the parties in order to sustain a claim under Chapter 93A.") (collecting cases).

As Judge Ponsor explained in the *L.B. Corporation* case:

> Chapter 93A is a consumer protection law that also encompasses business transactions.  It is intended to protect against unfair and deceptive practices in trade, not unfair practices in general.  Apart from claims of unfair competition, a plaintiff must allege some sort of transaction between the parties for liability to attach under sections two and eleven. *See Cash Energy,* 768 F.Supp. at 894.  *see also Reisman v. KPMG Peat Marwick, LLP,* 965 F.Supp. 165, 175, n.14 (D.Mass. 1997) (noting that plaintiff and defendant must be engaged in business relationship for claim to lie under Chapter 93A § 11); *John Boyd Co. v. Boston Gas Co.,* 775 F.Supp. 435, 440 (D.Mass. 1991) (noting that Supreme Judicial Court "has stressed the existence of some contractual or business relationship between the parties as a precursor to liability under Chapter 93A"); *Standard Register co. v. Bolton-Emerson, Inc.,* 38 Mass. App. Ct. 545, 551, 649 N.E.2d 791 (1995) (holding that to maintain claim for fraud under Chapter 93A § 11, parties need not be in privity of contract so long as they are "engaged in more than a minor or insignificant relationship.") This is the "common thread" of 93A cases.  *Cash Energy,* 768 F.Supp. at 894.  Plaintiff's position, if accepted, would run the danger of converting any tort claim against a business into a Chapter 93A claim, because all torts encompass "acts or practices" that could arguably be considered "unfair."  As Judge Keeton noted, this position "tests the limits of common sense."  *Cash Energy,* 768 F.Supp. at 894.

*L.B.Corp.,* 121 F.Supp.2d at 152 (emphasis added).  The Supreme Judicial Court specifically declined to find a business relationship between the parties in an analogous situation where a buyer brought a claim against a surveyor, regarding the surveyor's report.  *See Nei v. Boston Survey Consultants, Inc.,* 388 Mass. 320, 324 446 N.E.2d 681, 683 (Mass. 1983); *see also Boyd,* 775 F.Supp at 440 (discussing *Nei* and the "attenuated

connection between surveyor and prospective purchaser"). Where a significant business relationship has been found to exist, the parties were all actively involved in some common enterprise, such as an owner-developer working with a general contractor and a subcontractor. *See, e.g., Boyd,* 775 F.Supp. at 440 (discussing *Chestnut Hill Development Corp. v. Otis Elevator Co.,* 653 F.Supp. 927, 933 (D.Mass. 1987) ("of critical significance there was the fact that all three parties actively participated in negotiations over the subcontract")). No such circumstance is present here. A mere alleged causal connection between the Bank's letter and the Plaintiffs' conduct is insufficient to sustain a Chapter 93A claim. *Cf., e.g., Mitzan, supra,* at *28.

As a matter of law, at most if the KSB letter were viewed as a credit reference letter, it would amount to exactly the type of "minor or insignificant business relationship" which the courts have deemed insufficient to sustain an actionable Section 93A claim.

## <u>CONCLUSION</u>

WHEREFORE, for all the foregoing reasons, Defendant prays that its motion be GRANTED and the Court enter an Order directing that the Chapter 93A claim is dismissed and Plaintiffs are barred from pursuing the Chapter 93A claim at trial.

Dated at Portland, Maine this 5th day of June, 2006.

/s/ Lisa F. Bendetson
_____
Lisa F. Bendetson, Esq. (BBO#567069)

/s/ James M. Bowie
_____
James M. Bowie, Esq.
Attorneys for Defendant, Kennebunk Savings Bank

4

## CERTIFICATE OF SERVICE

I, James M. Bowie/Lisa F. Bendetson, attorney for Defendant, Kennebunk Savings Bank, hereby certify that I made service of the foregoing document titled: "Defendant's Motion in Limine Regarding Chapter 93A Claim" with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: Marc D. Kornitsky, Esq., and I hereby certify that on this date I did not mail by the United States Postal Service, said submission to non-registered participants as there are no non-registered participants for this case.

Dated at Portland, Maine, this 5th day of June, 2006.

/s/ Lisa F. Bendetson

_____

Lisa F. Bendetson, Esq. (BBO#567069)

/s/ James M. Bowie

_____

James M. Bowie, Esq.
Attorneys for Defendant, Kennebunk Savings Bank

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
(207) 774-2500